UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PETRÓLEOS DE VENEZUELA S.A.,<br><br>　　　　　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

Plaintiff Syracuse Mountains Corporation ("Syracuse") by their undersigned counsel for its complaint against defendant Petróleos de Venezuela S.A. ("PDVSA") alleges as follows:

## NATURE OF THE ACTION

1. This is a breach-of-contract action arising from the failure of PDVSA to make payments on certain notes (the "Notes") issued by PDVSA in which Syracuse is a beneficial owner.

2. PDVSA issued the Notes pursuant to a series of indentures it issued as of April 12, 2007 (the "2007 Indenture"), February 17, 2011 (the "February 2011 Indenture"), November 17, 2011 (the "November 2011 Indenture"), May 17, 2012 (the "2012 Indenture"), and November 15, 2013 (the "2013 Indenture") (collectively the "Indentures"). True and accurate copies of the Indentures, with the forms of the Notes attached as exhibits thereto, are attached hereto as Exhibits A, B, C, D, and E.

3. In the Indentures and the offering memoranda for the Notes, PDVSA unconditionally promised to make regularly scheduled principal and interest payments to holders of the Notes. PDVSA has failed to make these payments and defaulted on its obligations under

1

the Indenture and the Notes. For its relief, Syracuse seeks payment of the accrued and unpaid principal and interest of the Notes held by the Plaintiffs, as provided in the Indentures, under the Notes and under New York law.

## PARTIES

4. Plaintiff Syracuse is a company incorporated under the laws of Panama.

5. Defendant, PDVSA, is a capital stock corporation organized under the laws of the Bolivarian Republic of Venezuela (the "Republic"), majority-owned by the Republic. The Republic is a Foreign State as defined in 28 U.S.C. § 1603. PDVSA is therefore an agency or instrumentality of a Foreign State, as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1330 because this is a nonjury civil action against a foreign capital stock corporation owned directly by the Republic, which is a Foreign State. PDVSA has explicitly and unconditionally waived sovereign immunity under Section 10.10(a) and (c) of the Indentures with respect to actions arising out of or based on the Indentures themselves, by holders of the Notes issued thereunder and is, therefore, not entitled to immunity under 28 U.S.C. § 1605-07 or under any otherwise applicable international agreement.

7. This Court has personal jurisdiction over PDVSA because: (a) PDVSA regularly conducts business in New York; and (b) PDVSA consented in Section 10.10(a) of the Indentures to submit to the jurisdiction of this Court in respect to actions by holders of the Notes issued under the Indenture, arising out of or based on such Notes, or arising out of or based on the Indenture itself.

8. Venue is proper in this district by agreement of the parties in Section 10.10(a) of

the Indentures and pursuant to 28 U.S.C. § 1391(f), as a substantial part of the events giving rise to these claims occurred in this district.

9. PDVSA has, in Section 10.10(b) of the Indentures, appointed Corporation Service Company as its agent to receive and forward any writs, process and summonses in any suit, action or proceeding brought in connection with the Indentures or the Notes against PDVSA in any United States federal court sitting in the Borough of Manhattan, New York City.

## FACTUAL ALLEGATIONS

### A. The Indentures

10. The 2007 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, The Bank of New York, as trustee, registrar and principal paying agent, and The Bank of New York (Luxembourg) S.A., as Luxembourg listing agent and paying agent.

11. The February 2011 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, Wilmington Trust Company, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Dexia Banque Internationale à Luxembourg, société anonyme, as Luxembourg listing agent and paying agent.

12. The November 2011 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, Wilmington Trust Company, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Dexia Banque Internationale à Luxembourg, société anonyme, as Luxembourg listing agent and paying agent.

13. The 2012 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, Wilmington Trust Company, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent.

14. The 2013 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, Law Debenture Trust Company of New York, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent.

### B. PDVSA Failed to Make Interest Payments on the Notes

15. Syracuse is a beneficial owner of the following Notes issued under the Indentures with the following terms:

| Issue | ISIN | Final Maturity | Indenture | Principal Beneficially Held | Interest Payment Dates |
|---|---|---|---|---|---|
| 9.00% 2021 Notes | USP7807HAP03 | 11/17/2021 | November 2011 | $2,000,000.00 | May 17; Nov. 17 |
| 12.75% 2022 Notes | USP7807HAM71 | 2/17/2022 | February 2011 | $214,150,000.00 | Feb. 17; Aug. 17 |
| 6.00% 2026 Notes | USP7807HAR68 | 11/15/2026 | 2013 | $20,000,000.00 | May 15; Nov. 15 |
| 5.375% 2027 Notes | XS0294364954 | 4/12/2027 | 2007 | $28,000,000.00 | Apr. 12; Oct. 12 |
| 9.75% 2035 Notes | USP7807HAQ85 | 5/17/2035 | 2012 | $69,150,000.00 | May 17; Nov. 17 |

16. Beginning in late 2017, PDVSA stopped making interest payments on the Notes when due. Specifically, PDVSA has failed to make the following interest payments required by the Note terms:

    i.    9:00% 2021 Notes:    Nov. 17, 2017, May 17, 2018, Nov. 17, 2018, May 17, 2019, Nov. 17, 2019, May 17, 2020, and Nov. 17, 2020

    ii.    12.75% 2022 Notes:    Feb. 17, 2018, Aug. 17, 2018, Feb. 17, 2019, Aug. 17, 2019, Feb. 17, 2020, and Aug. 17, 2020, February 17, 2021

|      |                  |                                                    |
|------|------------------|----------------------------------------------------|
| iii. | 6.00% 2026 Notes: | Nov. 15, 2017, May 15, 2018, Nov. 15, 2018, May 15, 2019, Nov. 15, 2019, May 15, 2020, and Nov. 15, 2020 |
| iv.  | 5.375% 2027 Notes: | Apr. 12, 2018, Oct. 12, 2018, Apr. 12, 2019, Oct. 12, 2019, Apr. 12, 2020, and Oct. 12, 2020 |
| v.   | 9.75% 2035 Notes: | Nov. 17, 2017, May 17, 2018, Nov. 17, 2018, May 17, 2019, Nov. 17, 2019, May 17, 2020, and Nov. 17, 2020 |

17. PDVSA's failure to pay interest currently owing on the Notes has continued for more than 30 days. Each is an Event of Default under the terms of the Indentures.

### C. PDVSA Failed to Make Certain Principal Payments on the Notes

18. The 9% 2021 Notes mature in equal installments on November 17, 2019, November 17, 2020, and November 17, 2021. PDVSA has failed to make the required principal payments to Syracuse on November 17, 2019 and November 17, 2020. PDVSA's failure to pay principal currently owing on the Notes has continued for more than 30 days and constitutes two additional Events of Default under the terms of the November 2011 Indenture.

19. Likewise, the 12.75% 2022 Notes mature in equal installments on February 17, 2020, February 17, 2021, and February 17, 2022, the final maturity. PDVSA failed to make the required principal payment to Syracuse on February 17, 2020 and February 17, 2021. PDVSA's failure to pay principal currently owing on the Notes on February 17, 2020 and February 17, 2021 has continued for more than 30 days and constitutes additional Events of Default under the terms of the February 2011 Indenture.

## COUNT I

### Breach of Contract on the 9% 2021 Notes

20. Paragraphs 1-19 are incorporated by reference herein.

21. The 9% 2021 Notes are outstanding under the terms of the November 2011 Indenture.

22. PDVSA failed to make payments of interest due to Syracuse on the 9% 2021 Notes on November 17, 2017, May 17, 2018, November 17, 2018, May 17, 2019, November 17, 2019, May 17, 2020, and November 17, 2020.  Moreover, PDVSA failed to make principal payments due to Syracuse on November 17, 2019 and November 17, 2020.  These failures have continued for more than 30 days.  Each constitutes an Event of Default on the terms of the November 2011 Indenture.

23. PDVSA has breached its contractual obligations under the terms of the 9% 2021 Notes and the November 2011 Indenture.  PDVSA therefore owes Syracuse unpaid principal and interest on the 9% 2021 Notes.

## COUNT II

### Breach of Contract on the 12.75% 2022 Notes

24. Paragraphs 1-19 are incorporated by reference herein.

25. The 12.75% 2022 Notes are outstanding under the terms of the February 2011 Indenture.

26. PDVSA failed to make payments of interest due to Syracuse on the 12.75% 2022 Notes due on February 17, 2018, August 17, 2018, February 17, 2019, August 17, 2019, February 17, 2020, August 17, 2020, and February 17, 2021.  Moreover, PDVSA failed to make principal payments due to Syracuse on February 17, 2020 and February 17, 2021.  These failures

have continued for more than 30 days.  Each constitutes an Event of Default on the terms of the February 2011 Indenture.

27. PDVSA has breached its contractual obligations under the terms of the 12.75% 2022 Notes and the February 2011 Indenture.  PDVSA therefore owes Syracuse unpaid principal and interest on the 12.75% 2022 Notes.

## COUNT III

### Breach of Contract on the 6% 2026 Notes

28. Paragraphs 1-19 are incorporated by reference herein.

29. The 6% 2026 Notes are outstanding under the terms of the 2013 Indenture.

30. PDVSA failed to make payments of interest to Syracuse on the 6% 2026 Notes due on November 15, 2017, May 15, 2018, November 15, 2018, May 15, 2019, November 15, 2019, May 15, 2020, and November 15, 2020.  Each failure to pay has continued for more than 30 days and constitutes an Event of Default under the terms of the 2013 Indenture.

31. PDVSA has breached its contractual obligations under the terms of the 6% 2026 Notes and the 2013 Indenture. PDVSA therefore owes Syracuse unpaid interest on the 6% 2026 Notes.

## COUNT IV

### Breach of Contract on the 5.375% 2027 Notes

32. Paragraphs 1-19 are incorporated by reference herein.

33. The 5.375% 2027 Notes are outstanding under the terms of the 2007 Indenture.

34. PDVSA failed to make payments of interest due to Syracuse on the 5.375% 2027 Notes due on April 12, 2018, October 12, 2018, April 12, 2019, October 12, 2019, April 12, 2020, and October 12, 2020.  Each failure to pay has continued for more than 30 days and

constitutes an Event of Default under the terms of the 2007 Indenture.

35. PDVSA has breached its contractual obligations under the terms of the 5.375% 2027 Notes and the 2007 Indenture. PDVSA therefore owes Syracuse unpaid interest on the 5.375% 2027 Notes.

## COUNT V

### Breach of Contract on the 9.75% 2035 Notes

36. Paragraphs 1-19 are incorporated by reference herein.

37. The 9.75% 2035 Notes are outstanding under the terms of the 2012 Indenture.

38. PDVSA failed to make payments of interest due to Syracuse on the 9.75% 2035 Notes due on November 17, 2017, May 17, 2018, November 17, 2018, May 17, 2019, November 17, 2019, May 17, 2020, and November 17, 2020. Each failure to pay has continued for more than 30 days and constitutes an Event of Default under the terms of the 2007 Indenture.

39. PDVSA has breached its contractual obligations under the terms of the 9.75% 2035 Notes and the 2012 Indenture. PDVSA therefore owes Syracuse unpaid interest on the 9.75% 2035 Notes.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in its favor and against PDVSA as follows:

A. Awarding damages to Plaintiff in an amount to be proven, but in no event less than the contractually required interest and principal payments;

B. Awarding Plaintiff fees and costs, including attorneys' fees, as permitted by law;

C. Awarding Plaintiffs pre-judgment and post-judgment interest; and

D. Awarding Plaintiff other and further relief as the Court deems just and equitable.

Dated: March 29, 2021	Respectfully submitted,

/s/_____
Nicholas Swerdloff
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6167
Fax: 305-351-9771
Email: nicolas.swerdloff@hugheshubbard.com

Michael A. DeBernardis (admission *pro hac vice* pending)
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Tel: 202-721-4678
Fax: 202-729-4678
Email: michael.debernardis@hugheshubbard.com

*Counsel for Plaintiff Syracuse*