

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

May 6, 2021

VIA EFILE

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY  10007
(212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

   Re: *Syracuse Mountains Corp. v. Petróleos de Venezuela S.A.*, No. 21-cv-2684-VEC

Dear Judge Caproni:

  We represent plaintiff Syracuse Mountains Corporation ("Syracuse") in the above-referenced action.  We write jointly with counsel for defendant Petróleos de Venezuela S.A. ("PDVSA") to address the matters required by the Notice of Initial Pretrial Conference dated March 31, 2021 [Docket No. 8], in advance of the Initial Pretrial Conference scheduled for May 14, 2021.

**Brief Description of the Case**

  Syracuse believes that this is a straightforward breach of contract action based on PDVSA's failure to pay certain amounts due under certain notes.  The allegations are, in Syracuse's view, undisputed:

- Syracuse is the beneficial owner of interests in five debt securities (with stated principal amounts totaling $333,300,000) that PDVSA issued (the "Notes") pursuant to five indentures executed between 2007 and 2013 (the "Indentures").

- The Indentures and the Notes, which are governed by New York law, set forth PDVSA's explicit and unconditional promise to make regularly scheduled principal and interest payments to holders of the Notes.

- PDVSA has failed to make the required interest and principal payments due on the Notes since November 2017.

Syracuse seeks payment of the accrued and unpaid principal and interest on the Notes as well as prejudgment interest and attorneys' fees.

PDVSA maintains that Syracuse has not satisfied the requirements under the Indentures for bringing suit to enforce the Notes. Each of the Indentures contains a "No Action Clause" prohibiting enforcement actions unless holders of at least 25% of the principal amount of the notes satisfy certain pre-suit conditions, including demanding that the trustee for each indenture bring suit on behalf of all noteholders. Syracuse has not satisfied these pre-suit conditions, and is therefore not entitled to maintain its claims against PDVSA. Accordingly, its complaint should be dismissed.

**Basis for Subject Matter Jurisdiction**

Syracuse asserts that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1330, because this is a nonjury civil action against a foreign capital stock corporation owned directly by the Bolivarian Republic of Venezuela, which is a Foreign State. Syracuse also asserts that PDVSA has explicitly and unconditionally waived sovereign immunity under the Indentures and is, therefore, not entitled to immunity under 28 U.S.C. § 1605-07 or under any otherwise applicable international agreement.

PDVSA agrees that this Court has subject-matter jurisdiction over this action.

**Contemplated Motions**

PDVSA intends to file a motion to dismiss this action, which is currently due on May 21, 2021, arguing that Syracuse is not entitled to enforce the Notes because it has not satisfied the requirements of the No Action Clause contained in each Indenture.

Syracuse intends to oppose the motion to dismiss, and believes that it has the right to commence this action under the terms of the Indentures and Notes. Syracuse also intends, at the appropriate time, to seek summary judgment on the basis that the facts and liability are undisputed.

**Prospects of Settlement**

The parties have not yet had meaningful settlement discussions. While they believe that settlement is unlikely at this stage of the litigation, they remain open to discussions at a later date.

**Case Management Plan and Scheduling Order**

The parties also submit herewith a joint proposed case management plan and scheduling order. The parties have agreed to the proposed schedule therein, with dates to be counted from the Court's entry of a ruling on PDVSA's motion to dismiss. However, the parties request that the Court not enter the scheduling order until resolution of PDVSA's anticipated motion to dismiss. PDVSA believes that the motion to dismiss will raise a threshold issue as to Syracuse's right to commence this action under the Indentures and Notes, and proposes that such issue be resolved before engaging in any potentially unnecessary further activity. Syracuse, as noted

above, intends to oppose the motion to dismiss, but consents to PDVSA's proposal on the timing of entry of the case management plan and scheduling order. In the interest of efficiency, the parties have agreed to negotiate the terms of a protective order while the motion to dismiss is pending.

For these reasons, the parties believe that an Initial Pretrial Conference is unnecessary at this time. However, they are available should the Court feel otherwise and have no objection to proceeding by teleconference.

Respectfully submitted,

/s/ Nicolas Swerdloff
Nicolas Swerdloff
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6000
Fax: 212-422-4726
nicolas.swerdloff@hugheshubbard.com

Michael A. DeBernardis (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
1775 I Street, NW
Washington, DC 20006
Tel: 202-721-4600
Fax: 212-422-4726

*Counsel for Plaintiff Syracuse Mountains Corp.*

/s/ Dennis H. Tracey
Dennis H. Tracey
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Tel: 212-918-3524
Fax: 212-918-3100
dennis.tracey@hoganlovells.com

Richard Lorenzo (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile:  (305) 459-6550
richard.lorenzo@hoganlovells.com

Catherine Bratic (*pro hac vice* pending)
HOGAN LOVELLS US LLP
609 Main Street, Suite 4200
Houston, TX 77002
Telephone: (713) 632-1400
Facsimile:  (713) 632-1401
catherine.bratic@hoganlovells.com

*Counsel for Defendant Petróleos de Venezuela S.A*