UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYRACUSE MOUNTAINS
CORPORATION,

        Plaintiff,

   v.

PETRÓLEOS DE VENEZUELA S.A.,

        Defendant.

Docket No.: 1:21-cv-02684-VEC

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PETRÓLEOS DE VENEZUELA, S.A.'S <u>MOTION TO DISMISS COMPLAINT</u>

HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017

*Attorneys for Defendant*
*Petróleos de Venezuela, S.A.*

Dated: May 21, 2021

**TABLE OF CONTENTS**

I.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) ...............................................................................................................1
   A.   Standard of review for a Rule 12(b)(6) Motion to Dismiss ......................................1
   B.   Argument ...................................................................................................................3
      1.   Plaintiff's claims are subject to the Indentures ........................................... 3
      2.   The Complaint must be dismissed because Plaintiff has not complied with the No Action clauses contained in the Indentures. ................................... 4
II.  CONCLUSION..................................................................................................................8

i

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*,
    677 F.3d 1286 (11th Cir. 2012) ............................................................................................. 7, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................................5

*Cedarwoods CRE CDO II, Ltd. v. Galante Holdings, Inc.*,
    96 App. ....................................................................................................................................10

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) ......................................................................................................5

*Friedman v. Chesapeake & Ohio Ry. Co.*,
    261 F. Supp. 728 (S.D.N.Y. 1966), *aff'd*, 395 F.2d 663 (1968), *cert. denied*,
    393 U.S. 1016 (1969) ............................................................................................................ 8, 9

*Goldstein v. Childs Co.*,
    264 App. ..................................................................................................................................10

*Grant v. Erie*,
    542 Fed. App'x 21 (2d Cir. 2013) .............................................................................................5

*Lovati v. Petróleos de Venezuela S.A.*,
    2020 WL 5849304 (S.D.N.Y. September 30, 2020) (Carter, J.) .............................................10

*Quadrant Structured Prods. Co., Ltd. v. Vertin*,
    23 N.Y.3d 549 (2014) ............................................................................................ 7, 8, 10, 11

*Rojas v. Don King Prods., Inc.*,
    11 Civ. 8468, 2012 WL 760336 (S.D.N.Y. Mar. 6, 2012) ........................................................5

*Victor v. Riklis*,
    No. 91 Civ. 2827, 1992 WL 122911 (S.D.N.Y. May 15, 1992) ............................................ 7, 9

**Other Authorities**

FED. R. CIV. P. 12(B)(6) ................................................................................................................4

Defendant Petróleos de Venezuela, S.A. ("PDVSA") submits this memorandum of law in support of its motion to dismiss the complaint filed by Plaintiff Syracuse Mountains Corporation ("Syracuse"). PDVSA's Motion to Dismiss is based solely on Plaintiff's Complaint and the documents upon which Plaintiff relied and attached to its Complaint, which on their face preclude Plaintiff from filing their present claims. In filing this Motion, PDVSA reserves all rights and defenses that may be available to PDVSA and waives none.

## I.     THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)

In its Complaint, Plaintiff seeks to recover principal and interest due under five indentures issued by Defendant. The indentures, however, bar Plaintiff from bringing these claims, as each contains a "No Action" clause preventing noteholders from bringing suit unless they have satisfied certain pre-suit conditions, including notably the requirement that noteholders representing at least 25% of the principal of the notes first petition the notes' trustee to pursue the claims on behalf of all noteholders.

Plaintiff has failed to satisfy the pre-suit conditions under any of the indentures, as is plain from the face of the Complaint. Plaintiff's allegations establish that it holds less than the 25% required under each indenture to request the trustee to pursue a suit. Further, Plaintiff fails to even allege that it has petitioned the notes' trustees to bring these claims against Defendant or satisfied any of the other pre-suit conditions contained in the No Action clauses. Accordingly, under the plain and unambiguous terms of the Indentures, and the allegations of the Complaint, Plaintiff's claims for breach of contract must be dismissed.

### A.     Standard of review for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) requires the court to determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a claim for relief. For

this analysis, the court must "accept[ ] all factual allegations in the complaint as true and draw [ ] all reasonable inferences in the plaintiff's favor." *Grant v. Erie*, 542 Fed. App'x 21, 23 (2d Cir. 2013). To survive a motion to dismiss, the plaintiff must have pled sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court evaluates the sufficiency of the complaint under the "two-pronged approach" set forth by the Supreme Court in *Ashcroft v. Iqbal*: first, a court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"; second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When deciding a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court may also consider a document that is not incorporated by reference "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Id.*

To state a breach of contract claim under New York law, a plaintiff must allege: (1) a valid contract; (2) plaintiff's performance; (3) defendant's failure to perform; and (4) damages resulting from the breach. Where a contract contains an unambiguous condition precedent, plaintiff must plead compliance therewith to state a breach of contract claim; otherwise, the claim should be dismissed. *See, e.g.*, *Rojas v. Don King Prods., Inc.*, 11 Civ. 8468, 2012 WL 760336, at *2–3 (S.D.N.Y. Mar. 6, 2012).

### B. Argument

#### 1. Plaintiff's claims are subject to the Indentures

Plaintiff's Complaint seeks to recover principal and interest under five notes issued by PDVSA (collectively, the "Notes"), as well as their accompanying indentures dated April 12, 2007 (the "2007 Indenture"), February 17, 2011 (the "February 2011 Indenture"), November 17, 2011 (the "November 2011 Indenture"), May 17, 2012 (the "2012 Indenture"), and November 15, 2013 (the "2013 Indenture"), respectively (collectively, the "Indentures"). Complaint at ¶¶ 5, 10–15. Plaintiff alleges breach of contract under the terms of each of the Notes and the Indentures. *Id.* at ¶¶ 23, 27, 31, 35, 39. To pursue these claims, Plaintiff was required to comply with the terms of the Indentures.

As reflected in Plaintiff's allegations, each of the Notes is subject to an Indenture setting out the respective rights of the Issuer, Trustee, and Holders of the Notes. *Id.* at ¶ 2. The Notes themselves contain language stating that they are subject to Indentures and that Plaintiff, as a Holder of the Notes, agrees to be bound by the Indentures' terms:

> "The Issuer issued the Notes under an Indenture . . . The terms of the Notes include those stated in the Indenture. The Notes are subject to all such terms. . . . Each Holder, by accepting a Note, agrees to be bound by all of the terms and provisions of the Indenture."

Ex. A (April 2007 Indenture, Form of Reverse of Note) at 64; Ex. B (February 2011 Indenture, Form of Reverse of Note) at 79; Ex. C (November 2011 Indenture, Form of Reverse of Note) at 80; Ex. D (May 2012 Indenture, Form of Reverse of Note) at 78; Ex. E (November 2013 Indenture, Form of Reverse of Note) at 80.

Pursuant to the Notes themselves, in a section titled "Defaults and Remedies," Plaintiff was required to comply with the relevant Indentures in any action to enforce the Notes or the Indentures:

3

> "Holders may not enforce the Indenture or the Notes **except as provided in the Indenture**."

Ex. A at 66 (April 2007 Indenture, Form of Reverse of Note); Ex. B (February 2011 Indenture, Form of Reverse of Note) at 81; Ex. C (November 2011 Indenture, Form of Reverse of Note) at 82; Ex. D (May 2012 Indenture, Form of Reverse of Note) at 80; Ex. E (November 2013 Indenture, Form of Reverse of Note) at 83 (emphasis added).

Plaintiff's claims, which allege breaches of the Notes and the Indentures and seek to recover principal and interest due under those instruments, are actions to enforce the Notes and the Indentures. Plaintiff was thus required to satisfy the terms of the Indenture in order to bring this suit.

### 2. The Complaint must be dismissed because Plaintiff has not complied with the No Action clauses contained in the Indentures

Each of the Indentures contains a No Action clause prohibiting suits by individual noteholders, unless certain specifically enumerated conditions are met. Because Plaintiff's allegations establish on their face that Plaintiff has not met these conditions, its claims must be dismissed.

A No Action clause "is a standard provision present in many trust indentures" that limits the rights of individual noteholders. *Akanthos Capital Mgmt., LLC v. CompuCredit Holdings Corp.*, 677 F.3d 1286, 1295, 1298 (11th Cir. 2012); *see also Quadrant Structured Prods. Co., Ltd. v. Vertin*, 23 N.Y.3d 549, 565–66 (2014). It is well established under New York law, which governs here, that a No Action clause bars claims by an individual noteholder who fails to comply with the conditions precedent recited in the debenture. *See, e.g.*, *Victor v. Riklis*, No. 91 Civ. 2827, 1992 WL 122911 at *6 (S.D.N.Y. May 15, 1992) (dismissing plaintiff's claim because "the 'no action' clause of the indentures relied on in the complaint prohibits an individual debenture holder such as [the plaintiff] from pursuing 'any remedy with respect to the Indenture or the Securities'");

4

*Friedman v. Chesapeake & Ohio Ry. Co.*, 261 F. Supp. 728, 731 (S.D.N.Y. 1966) (finding that plaintiff's complaint failed to state a claim upon which relief can be granted where its complaint "does not allege that the conditions precedent to suit, required by the trust indenture, have been met."), *aff'd*, 395 F.2d 663 (1968), *cert. denied*, 393 U.S. 1016 (1969).

"[C]ourts applying New York law have found no-action clauses applicable as a general rule." *Akanthos*, 677 F.3d at 1294. New York courts strictly interpret No Action clauses "giv[ing] effect to the precise words and language used." *Quadrant*, 23 N.Y.3d at 560. The No Action clauses here are clear, each providing:

> "<u>Rights and Remedies of Holders.</u> **A Holder shall not have any right to institute any suit, action or proceeding for the enforcement of this Indenture, or for the exercise of any other remedy hereunder unless**: (1) **such Holder has previously given the Trustee notice** that an Event of Default is continuing; (2) **Holders of at least 25% in aggregate principal amount of the then Outstanding Notes voting as a single class have requested the Trustee to pursue the remedy**; (3) such Holders have offered the Trustee security or indemnity satisfactory to the Trustee against any loss, liability or expense; (4) the Trustee has not complied with such request within 60 days after the receipt of the request and the offer of security or indemnity; and (5) Holders of a majority in aggregate principal amount of the then Outstanding Notes voting as a single class have not given the Trustee a direction inconsistent with such request within such 60-day period; it being understood and intended that no one or more Holders shall have any right to affect, disturb or prejudice in any manner whatsoever the benefit of this Indenture afforded the Notes by its or their action, or to enforce, except in the manner provided herein, any remedy, right or power hereunder. Any suit, action or proceeding shall be instituted and maintained in the manner provided herein for the benefit of the Holders of all Outstanding Notes."

Ex. A (April 2007 Indenture) at § 5.1(h); Ex. B (February 2011 Indenture) at § 5.01(i); Ex. C (November 2011 Indenture) at § 5.01(i); Ex. D (May 2012 Indenture) at § 5.01(i); Ex. E (November 2013 Indenture) at § 5.01(i) (emphasis added).

Plaintiff's breach of contract claims seek enforcement of the Indentures and the Notes, and are therefore subject to the No Action clauses. *See Quadrant*, 23 N.Y.3d at 560 (no action clause

"applies to contract rights recognized by the indenture agreement"). Plaintiff has not alleged any circumstances that would excuse it from complying with these No Action clauses.

The allegations of Plaintiff's own Complaint, and the documents attached to the Complaint, demonstrate that Plaintiff has failed to comply with the No Action clauses. Plaintiff does not allege that it has given the Trustees under the Notes notice of any event of default. Nor does Plaintiff allege that noteholders representing 25% of the aggregate principal have petitioned the Trustees under the Notes to pursue any remedy against PDVSA.

Plaintiff also fails to allege that it holds anywhere near 25% of the outstanding Notes or is otherwise capable of making such a request of the Trustee. Based on the allegations in the Complaint and the Notes attached to the Complaint, Plaintiff's ownership of Notes is as follows:

| Indenture | Issue | Total Value of Notes Issued | Principal Beneficially Held by Syracuse | % of Principal Beneficially Held by Syracuse |
|---|---|---|---|---|
| April 2007 (Ex. A) | 5.375% 2027 Notes | $3,000,000,000 | $28,000,000 | 0.93% |
| February 2011 (Ex. B) | 12.75% 2022 Notes | $3,000,000,000 | $214,150,000 | 7.14% |
| November 2011 (Ex. C) | 9.00% 2021 Notes | $2,394,239,600 | $2,000,000 | 0.08% |
| May 2012 (Ex. D) | 9.75% 2035 Notes | $3,000,000,000 | $69,150,000 | 2.31% |
| November 2013 (Ex. E) | 6.00% 2026 Notes | $4,500,000,000 | $20,000,000 | 0.44% |

Complaint at ¶ 15. Finally, Plaintiff does not allege that it provided satisfactory security to the Trustees under the Notes or that the Trustees, once petitioned, failed to comply with such request.

Courts routinely dismiss noteholder suits when plaintiffs fail to plead compliance with the conditions of the No Action clause. *See Friedman*, 395 F.2d at 664 (affirming dismissal of class action filed by 1% holder for failing to comply with No Action requirement); *Victor*, 1992 WL

6

122911 at *6 (dismissing and denying leave to amend claim because plaintiff, an individual noteholder, could not comply with the No Action clause); *Cedarwoods CRE CDO II, Ltd. v. Galante Holdings, Inc.*, 96 App. Div. 3d 581, 581–82 (1st Dep't 2012) (affirming dismissal for "fail[ure] to comply with the . . . 'no-action' clause" where plaintiffs only held "an interest in . . . far less than the required 25%"); *Goldstein v. Childs Co.*, 264 App. Div. 793, 793 (2d Dep't 1942) ("Since it would, therefore, be necessary for the plaintiff to invoke the aid of certain provisions of the trust indenture to validate his cause of action, he must plead and prove compliance with the requirements defined in that instrument as conditions precedent to the maintenance of the action by him as an individual holder of debentures."). Plaintiff's own pleadings establish that it has no right to bring this action under the Notes and the Indentures.

The only decision in which a court reached a different conclusion is *Lovati v. Petróleos de Venezuela S.A.*, 2020 WL 5849304 (S.D.N.Y. September 30, 2020) (Carter, J.). In *Lovati,* the court held that, because the No Action clause precluded individual lawsuits only for claims related to the indenture (without mentioning the notes), it did not preclude the plaintiffs from bringing an action to enforce the notes. In doing so, the court stated that it was following the decision of the New York Court of Appeals in *Quadrant,* 23 N.Y.3d at 549.

However, the *Quadrant* case does not provide any support for the ruling in *Lovati,* and Judge Carter's reliance on *Quadrant* was misplaced. In *Quadrant,* the issue addressed by the court was whether **non-contractual claims** could be asserted by noteholders despite a No Action clause. There, the plaintiff noteholders had asserted claims against a junior noteholder for breach of fiduciary duty and fraudulent conveyance, alleging that the junior noteholder had taken control of the issuer and had improperly paid itself interest payments to the detriment of the senior noteholders. The Court of Appeals held that because the No Action clause in that case precluded

7

claims only relating to the indenture, and not claims related solely to the notes, the provision did not preclude **non-contractual** claims unrelated to the indenture.

The *Quadrant* decision has no application to this case. Here, the Plaintiff is asserting only **contractual** claims for enforcement of the Notes. Those claims are, by virtue of the express provisions of the Notes, limited to claims allowable under the Indenture. *See* Ex. A at 66 ("Holders may not enforce the Indenture or the Notes except as provided in the Indenture."). Thus, based on the express and unambiguous provisions of the contract documents, these claims may only be brought if allowable under the Indenture and, as discussed above, the Indenture plainly does not permit individual noteholder suits absent satisfaction of contractual pre-conditions. Because it is undisputed that Plaintiff did not satisfy those conditions, this complaint must be dismissed.

For these reasons, the Complaint must be dismissed.

## II.   CONCLUSION

For the foregoing reasons, Defendant Petróleos de Venezuela, S.A. respectfully requests that this Court dismiss the Complaint with prejudice for failure to state a claim and for any other relief that the Court shall deem appropriate

Dated: May 21, 2021
       New York, New York

Respectfully submitted,

**HOGAN LOVELLS US LLP**

By:   */s/ Dennis H. Tracey*
      Dennis H. Tracey
      390 Madison Avenue
      New York, NY 10017
      Phone: (212) 918-3000
      Fax:   (212) 918-3100

      Richard Lorenzo (admitted *pro hac vice*)
      600 Brickell Avenue, Suite 2700
      Miami, FL 33131

Phone:  (305) 459-6500
Fax:     (305) 459-6550
richard.lorenzo@hoganlovells.com

Catherine Bratic (admitted *pro hac vice*)
609 Main Street, Suite 4200
Houston, TX 77002
Phone: (713) 632-1400
Fax:     (713) 632-1401
catherine.bratic@hoganlovells.com

*Counsel for Defendant*
*Petróleos de Venezuela, S.A.*

9