```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SYRACUSE MOUNTAINS                               :
CORPORATION,                                     :
                                                 :
                              Plaintiff,         :
              -against-                          :     21-CV-2684 (VEC)
                                                 :
PETRÓLEOS DE VENEZUELA S.A,                      :     OPINION & ORDER
                                                 :
                              Defendant.         :
-------------------------------------------------------------- X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 10/12/21

VALERIE CAPRONI, United States District Judge:

Plaintiff Syracuse Mountains Corporation ("Syracuse"), a Panamanian company, brings this breach-of-contract action against Defendant Petróleos de Venezuela S.A. ("PDVSA"), a Venezuelan company, for allegedly failing to make payments due on five series of notes ("Notes") issued by PDVSA.  The Notes accompany five indentures ("Indentures").  PDVSA has moved to dismiss arguing that because the Indentures have a "no action" clause, Syracuse is precluded from suing to enforce the Notes.  For the reasons that follow, PDVSA's motion to dismiss is DENIED.

## BACKGROUND

PDVSA "is a capital stock corporation organized under the laws of the Bolivarian Republic of Venezuela."  Compl. ¶ 5, Dkt. 2.  Between 2007 and 2013, PDVSA entered into five Indentures.  *Id.* ¶¶ 10–14.  These Indentures authorized the issuance of a series of accompanying Notes, of which Syracuse is "a beneficial owner."  *Id.* ¶ 15.  The principal beneficially held on the Notes collectively totals $376,038,000.  *Id.*; Pl. Opp. at 1, Dkt. 26.  According to Syracuse, beginning in late 2017, PDVSA stopped making interest payments on the Notes and failed to pay the principal due on two of the Notes.  Compl. ¶¶ 16(i)–(v), 18–19; Pl. Opp. at 1, 3.  Syracuse

filed this lawsuit on March 29, 2021.  *See* Dkt. 2.  PDVSA filed a motion to dismiss on May 21, 2021.  *See* Not. of Mot., Dkt. 23.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In general, "a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level."  *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted).  The Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff.  *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013).

### II. The No-Action Clause Does Not Apply to The Notes

The crux of PDVSA's argument is that the Indentures include language restricting Syracuse from bringing suit without meeting certain pre-suit conditions — in other words, they contain a "no-action" clause.  Def. Mem. at 1, Dkt. 24.  As a result, the logic goes, Syracuse cannot sue on the Notes, either, without first meeting those same conditions.  *Id.*  Unfortunately for PDVSA, that is not what its contracts say.

Under New York law, no-action clauses are "strictly construed."  *Quadrant Structured Prods. Co. v. Vertin*, 23 N.Y.3d 549, 560 (2014) (citations omitted).  The relevant language in each no-action clause reads as follows: "A Holder shall not have any right to institute any suit, action or proceeding for the enforcement *of this Indenture*, or for the exercise of any other

remedy hereunder unless . . . ." Ex. A (April 2007 Indenture) at § 5.1(h); Ex. B (February 2011 Indenture) at § 5.01(i); Ex. C (November 2011 Indenture) at § 5.01(i); Ex. D (May 2012 Indenture) at § 5.01(i); Ex. E (November 2013 Indenture) at § 5.01(i) (emphasis added). Such clauses encompass lawsuits over notes accompanying indentures when the contractual language specifically provides that the clause applies to the indenture and the related securities. *See*, *e.g.*, *McMahan & Co. v. Wherehouse Entertainment, Inc.*, 859 F. Supp. 743, 749 (S.D.N.Y. 1994), *aff'd in part, rev'd in part*, 65 F.3d 1044 (2d Cir. 1995) ("The No Action Clause is broad and applies to 'any remedy with respect to [the] Indentures or the Securities.'"); *Victor v. Riklis*, No. 91-CV-2897, 1992 WL 122911, at *6 (S.D.N.Y. May 15, 1992) (no-action clause prohibited "any remedy with respect to [the] Indenture or the Securities"); *Penades v. Republic of Ecuador*, No. 15-CV-725, 2016 WL 5793412, at *1–*3 (S.D.N.Y. Sept. 30, 2016), *aff'd*, 690 F. App'x 733 (2d Cir. 2017) (holding no-action clause that referred to "the Indenture or . . . bonds" applied to bonds).

On the other hand, when the no-action clause, by its terms, applies to the "Indenture," courts have held that the clause is limited to the indenture in question. *See*, *e.g.*, *Cruden v. Bank of New York*, 957 F.2d 961, 968 (2d Cir. 1992) (affirming decision that claims not made under the indenture were not barred by no-action clause that, by its terms, applied only to the indenture). The leading case in New York on this issue is *Quadrant*. In *Quadrant*, the New York Court of Appeals held that a no-action clause with the same language as is at issue here did "not preclude enforcement of a securityholder's independent common-law or statutory rights." *Quadrant*, 23 N.Y.3d at 557, 559. Even closer to home is *Lovati v. Petróleos de Venezuela, S.A.*, 19-CV-4799, 2020 WL 5849304 (S.D.N.Y. Sept. 30, 2020). *Lovati* involved claims brought based on notes issued pursuant to an Indenture with a no-action clause identical to the one at

issue here.  *Lovati* applied the holding in *Quadrant* and held that the no-action clause did not apply to the Notes under which the plaintiffs sued.  *Lovati*, 2020 WL 5849304, at *5.

PDVSA points to a provision in the Indenture that states: "Holders may not enforce the Indenture or the Notes except as provided in the Indenture" to argue that the Notes fall under the same pre-suit requirements as the Indentures.  Def. Mem. at 4; Def. Reply at 1, Dkt. 27.  This would affect the Court's analysis if anything about holders' ability to enforce the Notes was "provided in the Indenture."  But the fact that the Indenture "does not provide noteholders with an affirmative right to enforce the notes" does not necessitate a broader reading of the no-action clause than the plain language of the clause offers.  *Lovati*, 2020 WL 5849304, at *5.  In fact, as Syracuse points out, two other provisions in the Indentures protect Syracuse's right to sue under the Notes.  Pl. Opp. at 3–4.  The first is a clause on "Cumulative Rights and Remedies," which ensures that "no right or remedy herein conferred upon or reserved to the Trustee or to the Holders is intended to be exclusive of any other right or remedy."  Ex. A at § 5.1(k); Exs. B-E at § 5.01(l); *Lovati*, 2020 WL 5849304, at *5 (holding same provision protects noteholders' right to sue under the Notes).  The second is a clause protecting the right of holders to receive payment on the Notes, which includes "the right . . . to institute suit for the enforcement of any such payment."  Ex. A at § 5.1(i); Exs. B-E at § 5.01(j).

It is true that, as PDVSA points out, without the Indentures, the Notes would not exist.  Def. Reply at 3–5.  That truism, however, does not change the plain reading of the contracts.

## CONCLUSION

PDVSA cannot rely on contract language that simply does not exist.  Accordingly, PDVSA's motion to dismiss is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at Docket 23.

In light of the foregoing, an initial pre-trial conference is hereby scheduled for **Friday, November 19, 2021 at 4:00 p.m.** Pre-conference submissions are due no later than **Thursday, November 11, 2021**. For a description of the pre-conference submissions requirements, the parties should consult the Court's order at Docket 8. The initial pretrial conference will be held telephonically. All parties and any interested members of the public must attend by dialing 1-888-363-4749, using the access code 3121171#, and the security code 2684#. All attendees are advised to mute their phones when not speaking and to self-identify each time they speak. Recording or rebroadcasting the proceeding is strictly prohibited by law.

**SO ORDERED.**

Date: October 12, 2021  
New York, New York

_Valerie Caproni_  
**VALERIE CAPRONI**  
**United States District Judge**