## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION, | |
| Plaintiff, | Civil Action No.: 21-cv-2684 |
| v. | Hon. Valerie E. Caproni |
| PETRÓLEOS DE VENEZUELA S.A., | |
| Defendant. | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

1. **DEFINITIONS**

   1.1    Action: The above-captioned action.

1.2     <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

1.3     <u>CONFIDENTIAL Information or Items</u>: Any information, document, or thing, or portion of any document or thing that (x) has not been made public by the Producing Party or Designating Party, and (y) that the Producing Party or Designating Party reasonably and in good faith believes qualifies for protection under Federal Rule of Civil Procedure 26(c) and the cases applying it, including:

(a)     trade or business secrets or competitively sensitive technical, marketing, commercial, financial, sales, or other confidential business information not readily ascertainable through lawful means by the public or the Receiving Party;

(b)     private or sensitive personal information;

(c)     information received in confidence from third parties and as to which the Producing Party or Designating Party has an independent legal obligation of confidentiality;

(d)     information kept confidential by law (including any statute or regulation);

(e)     government information that is treated in a confidential manner and/or protected by law from public disclosure, including but not limited to information concerning or relating to sensitive diplomatic issues, state secrets, or government administration; or

(f)     information which the Producing Party otherwise believes in good faith is not covered by any of the proceeding categories but still is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

1.4     Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.5     Disclosure or Discovery Material: All items or information (including, among other things, testimony, transcripts, and tangible things), regardless of the medium or manner in which it is generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in this Action, including but not limited to documents, electronically stored information, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

1.6     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Information which the Designating Party reasonably and in good faith determines is (a) "CONFIDENTIAL" under Paragraph 1.3 above, and (b) if disclosed, is likely to cause significant harm to the safety of an individual or the public or to the financial or governmental interests (if applicable) of a Party or Non-Party.

The Parties intend that the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation will be used only under these limited circumstances.

1.7     Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

1.8     Counsel: Inside Counsel and Outside Counsel.

1.8.1     Inside Counsel: Attorneys employed by or acting on behalf of a Party to perform legal functions for that Party on an exclusive basis, who are actively providing legal advice in connection with, or supervising, the adjudication or evaluation of this Action.

1.8.2    Outside Counsel: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated and/or associated with a law firm which has appeared on behalf of that party.

1.9    Party: Any party to this Action, including all of its officers, directors, employees, consultants, and inside counsel.

1.10    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.11    Professional Vendors and Experts: Persons or entities that provide litigation support services ( e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, or outside experts including expert witnesses, consultants, economists, accountants, and their professional and support staff who are actually engaged in assisting counsel in connection with matters related to the resolution of the Action.

1.12    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.13    Receiving Party: A Party that received Disclosure or Discovery Material from a Producing Party.

## 2.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentation by Parties or their Outside Counsel that might reveal Protected Material.

3.    **DURATION**

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. **"Final Judgment"** in the Action shall be deemed to have occurred upon the final adjudication of all claims and defenses in this Action including the completion and exhaustion of all appeals, rehearings, petitions, remands, trials, or reviews of this Action, and final expiration of any time limit for filing any further appeals, petitions, motions, or applications for extension of time for review permitted by applicable law. **"Final Disposition"** of the Action shall be deemed to have occurred upon the later of Final Judgment or satisfaction of any money judgment entered in this Action. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

4.    **DESIGNATING PROTECTED MATERIAL**

4.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designations of material for protection must be made in good faith. If it comes to a Designating Party's attention that

5

information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or simultaneously with the material's disclosure or production.

Designation in conformity with this Order requires:

(a)     <u>For information in documentary or electronic form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page or digital image that contains protected material or to the cover page of bound or grouped material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after Outside Counsel for the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After Outside Counsel for the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine

which documents, or portions thereof, qualify for protection under this Order. Then, before or simultaneously with production of the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page or digital image that contains Protected Material. A Party may designate documents produced by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to the extent appropriate, by notifying all other Parties of the designation within a reasonable period of time after the production of documents by the Non-Party. For electronically stored information produced in some form other than digital image such as electronic files produced in native format, the Designating Party shall include a confidentiality legend in both the electronic file name and on any physical media such as a drive, and shall password-protect any such file or media before delivery.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, if the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, or within thirty (30) days of receipt of the transcript from the court reporter, protected testimony as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, the entire transcript, as well as any other record of the proceedings, will be considered "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for 30 days following the date of such testimony or proceeding ("30-day period"). After the 30-day period, if no Party has designated some or all of that deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" under this Protective Order, the entire deposition, or those portions of the

deposition not designated as confidential, will no longer be considered

confidential. If there is a dispute arising from the confidentiality designation of

testimony given in deposition or in other pretrial or trial proceedings, the parties

shall meet and confer in an attempt to resolve the dispute. Subject to the

restrictions set forth in Paragraph 7 of this order, only authorized individuals who

have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) may

be present during the deposition when "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is being presented or

discussed. The use of a document as an exhibit at a deposition shall not in any

way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY."

(c)     For information produced in some form other than documentary and for any other

tangible items, the Producing Party must affix in a prominent place on the exterior

of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY." If only a portion or portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the

protected portion(s). When possible, in order to minimize the likelihood of

inadvertent disclosure of confidential information for any information transmitted

by electronic means, the Producing Party shall make a good faith effort to place

the appropriate confidentiality designation in the subject of any electronic mail

message or other means of conveying the confidential information or on the title

of the digital document or media through which it is conveyed or otherwise notify the Receiving Party of the fact that confidential information is being conveyed. A Party may designate information produced by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to the extent appropriate, by notifying all other Parties of the designation within a reasonable period of time after the production of information by the Non-Party.

4.3    <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable timeframe, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item, properly marked with a suitable confidentiality designation. A Receiving Party may challenge the correction in accordance with paragraph 5 of this Order and until such challenge is resolved by the Parties or the Court, the disputed material will be treated as designated in the notice of correction. If no challenge is made, then within 10 calendar days of receipt of substitute copies of the Disclosure or Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such mis-designated Disclosure or Discovery Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Disclosure or Discovery Material has been disclosed or used in a manner inconsistent with the later designation. If the Disclosure or Discovery Material was filed with the Court on the public record, the Party or Non-party that failed to make the designation shall be entitled to move for appropriate relief.

5.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5.1     <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time.

5.2     <u>Meet and Confer</u>. The parties shall meet and confer regarding any challenge to confidentiality designations before raising those disputes with the Court.

5.3     <u>Judicial Intervention</u>. In the event the meet and confer does not resolve the Parties' dispute, the moving party may raise the dispute to the Court consistent with the Court's Individual Practices and the Local Rules. The burden of proving the facts supporting confidentiality of designated Disclosure or Discovery Materials in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has expressly waived the confidentiality designation or until the Court has ruled on the disputed at-issue designation, all parties shall continue to afford the material in question the level of protection designated by the Producing Party.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     <u>Basic Principles</u>. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, and may be used solely for purposes of the above captioned litigation. After Final Judgment and Final Disposition of this Action as defined in paragraph 3, a Receiving Party and its Outside Counsel must comply with the provisions of paragraph 11 below (FINAL JUDGMENT AND FINAL DISPOSITION). Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

10

6.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Inside Counsel who are required in good faith to provide material assistance in the resolution of this Action; provided that Inside Counsel shall be first required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Professional Vendors and Experts engaged by Outside Counsel for purposes of resolving this Action; provided that such persons shall be first required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Parties and the directors, officers, employees, and agents who are assisting with or making decisions concerning this Action, only to the extent deemed reasonably necessary by the Receiving Party's Counsel for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Order;

(e)    the Court and its personnel, including any special master appointed by the Court;

(f)    court reporters and their staff;

(g)    any deponent may be shown or examined on any information, document or thing designated "CONFIDENTIAL" if it appears that the witness authored or received a copy of it, or knew the information described therein, or was employed by the Producing Party at the time the information, document or thing was created, or if

the Producing Party consents to such disclosure, provided that any deponent who

is no longer employed by the Producing Party shall be first required to sign the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     any other person as to whom the Designating Party has consented to disclosure in

advance;

(i)     such other persons as the parties may agree or may be ordered by the Court; and

(j)     any mediator or settlement officer, and their supporting personnel, mutually

agreed upon by any of the Parties engaged in settlement discussions.

6.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Information or Items. Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL

- ATTORNEYS' EYES ONLY" can be viewed only by the persons identified in paragraphs

6.2(a), (b), (c), (e), (f), (g), (h), (i), and (j).

Notwithstanding this provision, before the Receiving Party discloses any Disclosure or

Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to

any experts including expert witnesses, consultants, economists, and accountants, the Receiving

Party must notify in writing the Outside Counsel for the Designating Party (by email, if

possible).

Such notification must provide the full name, title, and business address of the expert and

identify with specificity the Protected Material that the Receiving Party seeks to disclose to the

expert. If the Designating Party timely seeks a protective order, the Receiving Party shall not

produce any Protected Material to the expert until the Court has had an opportunity to consider

the parties' respective positions and provide instructions. A request for a protective order shall be

deemed timely if sought within ten (10) calendar days of the written notice required by this provision.

6.4     Filings with the Court. A Party wishing to file in court any Disclosure or Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" – ATTORNEYS' EYES ONLY" by another Party must follow the procedures for filing under seal or with redactions set forth in the Court's Individual Practices.

6.5     Hearings or trial. A Party that intends to present Protected Material at a hearing or trial shall bring that issue to the attention of the Court and the Parties without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of Protected Material, including, in its discretion, instructing the court reporter to separately transcribe the corresponding testimony and place the following words on the cover of the transcript: "This transcript contains information subject to a Protective Order and shall be used only in accordance therewith," and conducting proceedings *in camera.*

6.6     Parties' Own Use. This Order shall not apply to and does not restrict any Party's use, for any purpose, of its own Protected Material.

6.7     Legal Advice. This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraph 6.2 and/or 6.3 from rendering advice to his or her client that is a Party, and in the course thereof, from generally relying on his or her examination of any material described in this Order. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the content of any protected material of another Party or Non-Party where such disclosure would not otherwise be permitted under the terms of this Order.

7.    **PROTECTED MATERIAL SUBPOENAED, ORDERED, OR REQUIRED BY LAW TO BE PRODUCED**

If a Receiving Party or its Outside Counsel is required by law to use or disclose any Protected Material for a purpose other than resolution of this Action, or is served with a subpoena, order, or request by any court, administrative agency, legislative body, or other person for disclosure of any Protected Material, the Receiving Party must:

(a)    promptly notify in writing the Outside Counsel for the Designating Party (by email, if possible). Such notification must include a copy of the subpoena, order or request, if applicable and if permitted by law;

(b)    promptly notify in writing the party who caused the subpoena, order or request that some or all of the material is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Receiving Party shall not produce any Protected Material until the Court has had an opportunity to consider the parties' respective positions and provide instructions. A request for a protective order shall be deemed timely if sought within ten (10) calendar days of the written notice required by subparagraph (a).

8.    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party or Outside Counsel for the Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party or Outside Counsel for the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. This shall not limit any remedies that the Designating party may have for disclosure of Protected Material.

9.      **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the parties hereby reach an agreement that the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection shall not waive the privilege or protection.

10.     **MISCELLANEOUS**

10.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Parties expressly reserve all rights to seek further protection.

10.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

10.3     No Modification of Privileges. Except as provided in Paragraph 9, nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product

doctrine, the joint defense privilege, the common interest privilege, and any other applicable

privilege or reason for non-disclosure with respect to trade secrets, confidential information or

other sensitive information to the extent such privilege or protection exists under applicable law.

**11.     FINAL JUDGMENT AND FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90)

days after Final Disposition of this Action, as defined in Paragraph 3, each Receiving Party,

Outside Counsel for the Receiving Party, and Professional Vendors and Experts, as the case may

be, must return all Protected Material to the Producing Party or destroy such material.

As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material but does not include any document filed with the court on the public record or offered

in evidence in a public proceeding. Whether the Protected Material is returned or destroyed, the

Receiving Party or Outside Counsel for the Receiving Party, as the case may be, must submit a

written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the applicable deadline that (1) identifies (by category or bates range,

where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that

the Receiving Party, Outside Counsel for the Receiving Party, and any Professional Vendors and

Experts, as applicable, has not retained any copies, abstracts, compilations, summaries or any

other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Outside Counsel may retain Protected Material for more

than ninety (90) days after Final Disposition if Outside Counsel: (1) certifies to the Court and

establishes to the Court's satisfaction the existence of a reasonable, good-faith legal requirement

that prohibits the return or destruction of Protected Material, and (2) further certifies to the Court

16

that any Protected Material not returned or destroyed shall remain confidential pursuant to this

Order until such time as Outside Counsel may return or destroy the Protected Material. Outside

Counsel also are entitled to retain, without any certification to the Court, an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and

consultant and expert work product, even if such materials contain Protected Material. Any such

Protected Material shall remain subject to this Protective Order as set forth in Paragraph 3.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  October 28, 2021                    HUGHES HUBARD & REED LLP

                                            Nicolas Swerdloff
                                            One Battery Park Plaza
                                            New York, NY 10004
                                            Tel: (212) 837-6167
                                            nicolas.swerdloff@hugheshubbard.com

                                            Michael A. DeBernardis (admitted *pro hac vice*)
                                            1775 I Street, N.W.
                                            Washington, D.C. 20006
                                            Tel: (202) 721-4678
                                            michael.debernardis@hugheshubbard.com

                                            *Counsel for Plaintiff Syracuse Mountains
                                            Corporation*


Dated: October 28, 2021                     HOGAN LOVELLS US LLP

                                            Dennis H. Tracey
                                            390 Madison Avenue
                                            New York, NY 10017
                                            Tel: 212-918-3524
                                            Fax: 212-918-3100
                                            dennis.tracey@hoganlovells.com

Richard Lorenzo (admitted *pro hac vice*)
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

Catherine Bratic (admitted *pro hac vice*)
609 Main Street, Suite 4200
Houston, TX 77002
Telephone: (713) 632-1400
Fax: (713) 632-1401
catherine.bratic@hoganlovells.com

*Counsel for Defendant Petróleos de Venezuela S.A.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____________, 2021
New York, New York

______________________________
VALERIE E. CAPRONI
United States District Judge

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have ready in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order that was issued by the United States District Court for the Southern District of New York on [date] in the case of *Syracuse Mountains Corporation v. Petróleos de Venezuela S.A.*, No. 21-cv-2684 (VEC) (S.D.N.Y.).  I agree to comply with and to be bound by all the terms of this Stipulated Confidentiality Agreement and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Confidentiality Agreement and Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Confidentiality Agreement and Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

19