

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

November 11, 2021

VIA EFILE

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY  10007
(212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

      Re:    *Syracuse Mountains Corp. v. Petróleos de Venezuela S.A.*, No. 21-cv-2684-VEC

Dear Judge Caproni:

    We represent plaintiff Syracuse Mountains Corporation ("Syracuse") in the above-referenced action.  We write jointly with counsel for defendant Petróleos de Venezuela S.A. ("PDVSA") in response to this Court's Opinion and Order dated October 12, 2021 [Docket No. 28] to address the matters required by the Notice of Initial Pretrial Conference dated March 31, 2021 [Docket No. 8], in advance of the Initial Pretrial Conference scheduled for November 19, 2021.

**Brief Description of the Case**

    Syracuse believes that this is a straightforward breach of contract action based on PDVSA's failure to pay certain amounts due under certain notes.  The allegations are, in Syracuse's view, undisputed:

- Syracuse is the beneficial owner of interests in five debt securities (with stated principal amounts totaling $333,300,000) that PDVSA issued (the "Notes") pursuant to five indentures executed between 2007 and 2013 (the "Indentures").

- The Indentures and the Notes, which are governed by New York law, set forth PDVSA's explicit and unconditional promise to make regularly scheduled principal and interest payments to holders of the Notes.

- PDVSA has failed to make the required interest and principal payments due on the Notes since November 2017.

Syracuse seeks payment of the accrued and unpaid principal and interest on the Notes as well as prejudgment interest and attorneys' fees.

PDVSA maintains that Syracuse is unable to meet its burden of proof on its claims. In particular, Syracuse does not own the Notes and does not have standing to enforce them on behalf of any Holder of the Notes. Syracuse's claims are also barred by its failure to meet the conditions precedent to bringing claims under the Notes, including Syracuse's failure to abide by the terms and conditions governing the Indentures and the Notes. Syracuse's claims are also barred by payment, release, waiver and ratification. Furthermore, any non-payment by PDVSA is excused by impossibility or impracticability.

**Basis for Subject Matter Jurisdiction**

Syracuse asserts that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1330, because this is a nonjury civil action against a foreign capital stock corporation owned directly by the Bolivarian Republic of Venezuela, which is a Foreign State. Syracuse also asserts that PDVSA has explicitly and unconditionally waived sovereign immunity under the Indentures and is, therefore, not entitled to immunity under 28 U.S.C. § 1605-07 or under any otherwise applicable international agreement.

PDVSA agrees that this Court has subject-matter jurisdiction over this action.

**Contemplated Motions**

**Syracuse's Position**: At the appropriate time following fact discovery, Syracuse intends to file a motion for summary judgment on liability and damages. Syracuse believes that this is a straightforward breach of contract case about PDVSA's liability on its Notes. Syracuse does not expect that PDVSA can or will contest its obligations to pay principal and interest on the Notes or that PDVSA has failed to make such payments. Syracuse intends to produce documents necessary to show that Syracuse beneficially holds the Notes in the amounts alleged in the complaint. Syracuse also intends to produce documents necessary to show that Syracuse has the right to sue upon the Notes at issue in the complaint. Although Syracuse has agreed to deadlines regarding expert discovery, Syracuse does not believe that expert discovery should be necessary. Therefore, Syracuse believes that summary judgment will be appropriate following fact discovery.

**PDVSA's Position**: PDVSA reserves its right to file a motion for summary judgment based on Syracuse's failure to meet its burden to prove any element of its claims.

**Prospects of Settlement**

The parties have not yet had meaningful settlement discussions. While they believe that settlement is unlikely at this stage of the litigation, they remain open to discussions at a later date.

**Case Management Plan and Scheduling Order**

The parties also submit herewith a joint proposed case management plan and scheduling order. The parties have agreed to the proposed schedule therein, which is as follows:

- By **November 23, 2021**, the parties shall meet and confer to agree upon a joint plan for meeting the discovery deadlines.

- By **December 1, 2021**, PDVSA shall file an answer to the complaint.

- By **December 1, 2021**, the parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

- By **December 13, 2021**, any motion to amend or join additional parties shall be filed.

- By **February 9, 2022**, all fact discovery shall be completed.

- By **March 28, 2022**, all expert discovery, including reports, production of underlying documents, and depositions, shall be completed.

The parties believe that an Initial Pretrial Conference is unnecessary at this time. However, they are prepared to proceed as scheduled on November 19, 2021 should the Court feel otherwise.

Respectfully submitted,

/s/_____
Nicolas Swerdloff
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6000
Fax: 212-422-4726
nicolas.swerdloff@hugheshubbard.com

Michael A. DeBernardis (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
1775 I Street, NW
Washington, DC 20006
Tel: 202-721-4600
Fax: 212-422-4726

*Counsel for Plaintiff Syracuse Mountains Corp.*

/s/_____
Dennis H. Tracey
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Tel: 212-918-3524
Fax: 212-918-3100
dennis.tracey@hoganlovells.com

Richard Lorenzo (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

Catherine Bratic (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
609 Main Street, Suite 4200
Houston, TX 77002
Telephone: (713) 632-1400
Fax: (713) 632-1401
catherine.bratic@hoganlovells.com

*Counsel for Defendant Petróleos de Venezuela S.A.*