

**Hughes Hubbard & Reed**

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  11/12/21
```

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

November 11, 2021

VIA EFILE

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007
(212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

   Re: *Syracuse Mountains Corp. v. Petróleos de Venezuela S.A.*, No. 21-cv-2684-VEC

Dear Judge Caproni:

  We represent plaintiff Syracuse Mountains Corporation ("Syracuse") in the above-referenced action. We write jointly with counsel for defendant Petróleos de Venezuela S.A. ("PDVSA") in response to this Court's Opinion and Order dated October 12, 2021 [Docket No. 28] to address the matters required by the Notice of Initial Pretrial Conference dated March 31, 2021 [Docket No. 8], in advance of the Initial Pretrial Conference scheduled for November 19, 2021.

**Brief Description of the Case**

  Syracuse believes that this is a straightforward breach of contract action based on PDVSA's failure to pay certain amounts due under certain notes. The allegations are, in Syracuse's view, undisputed:

- Syracuse is the beneficial owner of interests in five debt securities (with stated principal amounts totaling $333,300,000) that PDVSA issued (the "Notes") pursuant to five indentures executed between 2007 and 2013 (the "Indentures").

- The Indentures and the Notes, which are governed by New York law, set forth PDVSA's explicit and unconditional promise to make regularly scheduled principal and interest payments to holders of the Notes.

- PDVSA has failed to make the required interest and principal payments due on the Notes since November 2017.

Syracuse seeks payment of the accrued and unpaid principal and interest on the Notes as well as prejudgment interest and attorneys' fees.

PDVSA maintains that Syracuse is unable to meet its burden of proof on its claims. In particular, Syracuse does not own the Notes and does not have standing to enforce them on behalf of any Holder of the Notes. Syracuse's claims are also barred by its failure to meet the conditions precedent to bringing claims under the Notes, including Syracuse's failure to abide by the terms and conditions governing the Indentures and the Notes. Syracuse's claims are also barred by payment, release, waiver and ratification. Furthermore, any non-payment by PDVSA is excused by impossibility or impracticability.

**Basis for Subject Matter Jurisdiction**

Syracuse asserts that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1330, because this is a nonjury civil action against a foreign capital stock corporation owned directly by the Bolivarian Republic of Venezuela, which is a Foreign State. Syracuse also asserts that PDVSA has explicitly and unconditionally waived sovereign immunity under the Indentures and is, therefore, not entitled to immunity under 28 U.S.C. § 1605-07 or under any otherwise applicable international agreement.

PDVSA agrees that this Court has subject-matter jurisdiction over this action.

**Contemplated Motions**

**Syracuse's Position**: At the appropriate time following fact discovery, Syracuse intends to file a motion for summary judgment on liability and damages. Syracuse believes that this is a straightforward breach of contract case about PDVSA's liability on its Notes. Syracuse does not expect that PDVSA can or will contest its obligations to pay principal and interest on the Notes or that PDVSA has failed to make such payments. Syracuse intends to produce documents necessary to show that Syracuse beneficially holds the Notes in the amounts alleged in the complaint. Syracuse also intends to produce documents necessary to show that Syracuse has the right to sue upon the Notes at issue in the complaint. Although Syracuse has agreed to deadlines regarding expert discovery, Syracuse does not believe that expert discovery should be necessary. Therefore, Syracuse believes that summary judgment will be appropriate following fact discovery.

**PDVSA's Position**: PDVSA reserves its right to file a motion for summary judgment based on Syracuse's failure to meet its burden to prove any element of its claims.

**Prospects of Settlement**

The parties have not yet had meaningful settlement discussions. While they believe that settlement is unlikely at this stage of the litigation, they remain open to discussions at a later date.

**Case Management Plan and Scheduling Order**

The parties also submit herewith a joint proposed case management plan and scheduling order. The parties have agreed to the proposed schedule therein, which is as follows:

- By **November 23, 2021**, the parties shall meet and confer to agree upon a joint plan for meeting the discovery deadlines.

- By **December 1, 2021**, PDVSA shall file an answer to the complaint.

- By **December 1, 2021**, the parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

- By **December 13, 2021**, any motion to amend or join additional parties shall be filed.

- By **February 9, 2022**, all fact discovery shall be completed.

- By **March 28, 2022**, all expert discovery, including reports, production of underlying documents, and depositions, shall be completed.

The parties believe that an Initial Pretrial Conference is unnecessary at this time. However, they are prepared to proceed as scheduled on November 19, 2021 should the Court feel otherwise.

Respectfully submitted,

/s/_____
Nicolas Swerdloff
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6000
Fax: 212-422-4726
nicolas.swerdloff@hugheshubbard.com

Michael A. DeBernardis (admitted *pro hac vice*)
HUGHES HUBBARD & REED LLP
1775 I Street, NW
Washington, DC 20006
Tel: 202-721-4600
Fax: 212-422-4726

*Counsel for Plaintiff Syracuse Mountains Corp.*

/s/_____
Dennis H. Tracey
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Tel: 212-918-3524
Fax: 212-918-3100
dennis.tracey@hoganlovells.com

Richard Lorenzo (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Fax: (305) 459-6550
richard.lorenzo@hoganlovells.com

Catherine Bratic (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
609 Main Street, Suite 4200
Houston, TX 77002
Telephone: (713) 632-1400
Fax: (713) 632-1401
catherine.bratic@hoganlovells.com

*Counsel for Defendant Petróleos de Venezuela S.A.*

The Initial Pre-Trial Conference currently scheduled for November 19, 2021, at 4:00 p.m. is hereby ADJOURNED *sine die*.  A Pre-Trial Conference will be held after the completion of fact discovery on **February 11, 2022, at 4:00 p.m.**  For dial-in information, *see* Dkt. 8.

SO ORDERED.

11/12/21

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
:
:
Syracuse Mountains Corporation
:
:                    21 -CV- 2684 (VEC)
:
:
:                    CIVIL CASE
                     MANAGEMENT PLAN
Plaintiff(s),        AND SCHEDULING
-v-                  ORDER
:
:
Petróleos de Venezuela S.A.
:
:
:
:
Defendant(s).
:
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/21

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent X_____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf, within three days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed no later than December 13, 2021. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than December 1, 2021. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

4. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.

5. Discovery

   a. All fact discovery shall be completed no later than February 9, 2022.  [*A date not more than 90 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   b. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than March 28, 2022.  [*Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 5(a) (i.e., the completion of all fact discovery).*]

   c. Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

   d. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications:  Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute.  If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute.  The Court will determine during the teleconference whether additional submissions will be required.

6. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

   _____   Immediate referral to the District's Mediation Program

   _____   Immediate referral to a Magistrate Judge

   _____   Referral to the District's Mediation Program after the close of fact discovery

   _____   Referral to a Magistrate Judge after the close of fact discovery

   _____   Other

7. This case [is _____ / is not  x_____ ] to be tried to a jury.

8. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

   _____
   _____
   _____
   _____

9. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10. The next pretrial conference is scheduled for ~~November 19, 2021~~ February 11, 2022 at 4:00 p.m. in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. [*Unless otherwise ordered, 10:00 a.m. on the first Friday after the deadline for completion of all fact discovery as set forth in paragraph 5(a).*]
By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

   a. a statement of all existing deadlines, due dates, and/or cut-off dates;

   b. a brief description of any outstanding motions;

   c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

   d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

   e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

   f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

   g. any other issue that the parties would like to address at the pretrial conference; and

   h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

Nicolas Swerdloff
Hughes Hubbard & Reed LLP

Dennis H. Tracey
Hogan Lovells US LLP

**SO ORDERED.**

Date: November 12, 2021
**New York, New York**

*[signature: Valerie Caproni]*
**VALERIE CAPRONI**
**United States District Judge**

3