# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>            Plaintiff,<br><br>    v.<br><br>PETRÓLEOS DE VENEZUELA S.A.,<br><br>            Defendant. | Civil Action No. 1:21-cv-02684-VEC<br><br>**Letter of Request for International Judicial Assistance, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to The Bank of New York Mellon SA/NV, Luxembourg Branch** |

The United States District Court for the Southern District of New York presents its compliments to the Luxembourg Central Authority for the Hague Evidence Convention and requests international judicial assistance to obtain evidence to be used in a civil proceeding currently pending in the United States.

The Court has reviewed the particular requests for evidence and has concluded that they are directed to issues that the Court will address in the above-captioned action. The assistance requested herein is therefore necessary and in the interests of justice.

1. Sender

    The Honorable Valerie E. Caproni
    U.S. District Court for the Southern District of New York
    40 Foley Square
    New York, New York 10007
    United States

2. Central Authority of the Requested State

    Parquet général - Le Procureur général d'Etat
    Bâtiment CR
    Plateau du St-Esprit
    Cité Judiciaire
    L-2080 Luxembourg

3. Person to whom the executed request is to be returned

    Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic
    Hogan Lovells US LLP
    390 Madison Avenue
    New York, New York 10017
    United States
    dennis.tracey@hoganlovells.com
    richard.lorenzo@hoganlovells.com

|   |   |   |
|---|---|---|
|   |   | catherine.bratic@hoganlovells.com |
| 4. | Name and address of person from whom evidence is sought | The Bank of New York Mellon SA/NV, Luxembourg Branch<br>2-4 rue Eugene Ruppert<br>Vertigo Building - Polaris<br>L-2453 Luxembourg<br>Luxembourg |
| 5. | Date by which the requesting authority requires receipt of the response to the Letter of Request | January 28, 2022, or as soon as practicable. |

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

|   |   |   |
|---|---|---|
| 6. | Requesting judicial authority | The Honorable Valerie E. Caproni<br>U.S. District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States |
| 7. | To the competent authority of | Luxembourg |
| 8. | Name of the case and identifying number | Syracuse Mountains Corporation v. Petróleos de Venzuela, S.A.<br>S.D.N.Y. Docket No. 1:21-cv-02684-VEC |
| 9. | Name and address of the plaintiff and its representatives | Syracuse Mountains Corporation<br>Nicolas Swerdloff, Michael A. DeBernardis<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>United States |
| 10. | Name and address of the defendant and its representatives | Petróleos de Venezuela, S.A.<br>Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States |
| 11. | Nature of the proceedings and summary of complaint and defenses | Syracuse Mountains Corporation ("Syracuse") commenced a civil action against Petróleos de Venezuela, S.A. ("PDVSA") for a |

|   |   |
|---|---|
|   | money judgment for amounts allegedly owed by PDVSA pursuant to five note agreements issued by PDVSA. Discovery in the case is ongoing. |
|   | Syracuse alleges that PDVSA made initial payments due under the notes, but failed to make payments beginning in late 2017. Syracuse claims that it is entitled to a money judgment from PDVSA for the unpaid principal and interest on the notes. |
|   | PDVSA intends to establish that the sanctions that the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the notes because banking institutions involved in the transactions rejected or refused to transfer payments from PDVSA. |
| 12. Evidence to be obtained | Documents described in Schedule A, attached. |
| 13. Purpose of the evidence sought | PDVSA seeks this evidence to establish Syracuse's standing to pursue its claims and to establish its defenses to Syracuse's claims of default under the notes. Specifically, PDVSA seeks evidence showing that Syracuse is not authorized to take action to enforce the notes and that, in any case, PDVSA attempted to make the requisite payments under the notes but was prevented from doing so due to OFAC sanctions. |
| 14. Documents or other property to be inspected or produced | See Schedule A, attached. |
| 15. Special methods or procedure to be followed | See Schedule A, attached. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The person from whom evidence is requested may decline to answer a question or produce a requested document under any applicable privilege, protection, or immunity under the laws of the United States of America. |
| 17. Fees and costs incurred which are reimbursable under the second | Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic |

| | |
|---|---|
| paragraph of Article 14 or Article 26 of the Convention will be borne by: | Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States<br>dennis.tracey@hoganlovells.com<br>richard.lorenzo@hoganlovells.com<br>catherine.bratic@hoganlovells.com |

DATE OF REQUEST  _____

SO ORDERED

_____
Hon. Valerie E. Caproni
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

## DEFINITIONS

1. "The Bank of New York Mellon SA/NV, Luxembourg Branch," "you," or "your" refers to The Bank of New York Mellon SA/NV, Luxembourg Branch, as successor to The Bank of New York (Luxembourg) Société Anonyme, its present or former agents, employees, representatives, or other persons acting or purporting to act for or on its behalf.

2. "Syracuse Mountains Corporation" refers to Plaintiff Syracuse Mountains Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

3. "Albany Investment Capital" refers to Albany Investment Capital Ltd., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

4. "Epumal" refers to Epumal SA, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

5. "Mathdav" refers to Mathdav Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

6. "Samambaia Investments" refers to Samambaia Investments Ltd., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

7. "Syoncem" refers to Syoncem Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

8. "Titan International Finance" refers to Titan International Finance Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

9. "PDVSA" refers to Defendant Petróleos de Venezuela, S.A., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

10.     The "April 2007 Notes" refers to the 5.375% notes issued by PDVSA on April 12, 2007 and due on April 12, 2027, with ISIN XS0294364954, for which The Bank of New York (Luxembourg) S.A. served as the Luxembourg Listing Agent and Paying Agent.

11.     The "Protective Order" refers to the parties' Stipulated Confidentiality and Protective Order annexed hereto as Exhibit 1.

## INSTRUCTIONS

1. This request is a continuing request, and to the extent that at any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

2. A request for any document shall be deemed to include a request for all drafts thereof and all revisions and modifications thereto in addition to the document itself.

3. A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4. If any document requested is not produced on the basis of an assertion of the attorney-client privilege, work-product doctrine, or any claim of privilege or immunity, identify each such document together with sufficient information to permit the court to make a determination as to whether there is a proper basis for withholding such a document. In so doing, the following information must be supplied in writing: (i) the type of document (e.g., letter, memorandum or report); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author or sender of the document; (v) the addressee or recipient of the document; (vi) each person who received a copy of the document; (vii) the privilege asserted; and (viii) the basis for asserting such a privilege.

5. If an objection to any particular portion of this request is asserted, documents responsive to any other portion of this request as to which there is no objection must be produced.

6. The documents requested should be produced as they were kept in the ordinary course of business, and should be produced with any file folder labels in a manner that will enable Defendants to determine the person, database, or records from whose files each document was

obtained, or, alternatively, the documents can be labeled to correspond to the categories of documents requested.

   7.  Electronic documents shall be produced in readily usable and searchable electronic format.

   8.  Unless otherwise stated, this subpoena seeks documents and information from April 12, 2007 to the present.

## DOCUMENTS TO BE PRODUCED

1. All documents concerning payments you received from PDVSA in relation to the PDVSA Notes.

2. All documents concerning payments made by you in connection with the April 2007 Notes to Syracuse Mountains Corporation, Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance in your role as Luxembourg Listing Agent and Paying Agent on the April 2007 Notes.

3. All documents concerning April 2007 Notes surrendered to you or redeemed by you, in your role as Luxembourg Listing Agent and Paying Agent, by Syracuse Mountains Corporation, Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance.

4. All documents concerning any payments sent by PDVSA in relation to the April 2007 Notes that were rejected by you, acting in your role as Luxembourg Listing Agent and Paying Agent on the April 2007 Notes, or that otherwise could not be completed.

5. All documents concerning funds currently held by you, as Luxembourg Listing Agent and Paying Agent on the April 2007 Notes, held in connection with the April 2007 Notes.

6. Any documents concerning your policies regarding the receipt of funds from PDVSA or other Venezuelan entities.

7. Any documents concerning your policies regarding the receipt of funds from, or payments to, entities sanctioned by the United States.

8. All documents concerning Syracuse Mountains Corporation, Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance's status as owners or beneficial of April 2007 Notes listed on the Luxembourg Stock Exchange.

9. All documents concerning any transfers and exchanges of the April 2007 Notes listed on the Luxembourg Stock Exchange by Syracuse Mountains Corporation, Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance.

10. Any documents concerning demands, notices, or other written communications received in connection with the April 2007 Notes from PDVSA, trustees for the April 2007 Notes, the Principal Paying Agents on the April 2007 Notes, Syracuse Mountains Corporation, Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance.