# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>PETRÓLEOS DE VENEZUELA S.A.,<br><br>                Defendant. | Civil Action No. 1:21-cv-02684-VEC<br><br>**Letter of Request for International Judicial Assistance, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to China CITIC Bank** |

      The United States District Court for the Southern District of New York presents its compliments to China and the Ministry of Justice of China and requests international judicial assistance to obtain evidence to be used in a civil proceeding currently pending in the United States.

      The Court has reviewed the particular requests for evidence and has concluded that they are directed to issues that the Court will address in the above-captioned action. The assistance requested herein is therefore necessary and in the interests of justice.

| | | |
|---|---|---|
| 1. | Sender | The Honorable Valerie E. Caproni<br>U.S. District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States |
| 2. | Central Authority of the Requested State | International Legal Cooperation Center (ILCC)<br>Ministry of Justice of China<br>33, Pinganli Xidajie<br>Xicheng District<br>Beijing 100035<br>China |
| 3. | Person to whom the executed request is to be returned | Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States<br>dennis.tracey@hoganlovells.com |

|    |    |    |
|----|----|----|
|    |    | richard.lorenzo@hoganlovells.com<br>catherine.bratic@hoganlovells.com |
| 4. | Name and address of person from whom evidence is sought | China CITIC Bank ("China CITIC")<br>No 27 Financial Street<br>Xicheng District<br>Beijing 100032<br>China |
| 5. | Date by which the requesting authority requires receipt of the response to the Letter of Request | January 28, 2022, or as soon as practicable. |

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

|    |    |    |
|----|----|----|
| 6. | Requesting judicial authority | The Honorable Valerie E. Caproni<br>U.S. District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States |
| 7. | To the competent authority of | China |
| 8. | Name of the case and identifying number | Syracuse Mountains Corporation v. Petróleos de Venzuela, S.A.<br>S.D.N.Y. Docket No. 1:21-cv-02684-VEC |
| 9. | Name and address of the plaintiff and its representatives | Syracuse Mountains Corporation<br>Nicolas Swerdloff, Michael A. DeBernardis<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>United States |
| 10. | Name and address of the defendant and its representatives | Petróleos de Venezuela, S.A.<br>Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States |
| 11. | Nature of the proceedings and summary of complaint and defenses | Syracuse Mountains Corporation ("Syracuse") commenced a civil action against Petróleos de Venezuela, S.A. ("PDVSA") for a |

|   |   |
|---|---|
|   | money judgment for amounts allegedly owed by PDVSA pursuant to five note agreements issued by PDVSA.  Discovery in the case is ongoing. |
|   | Syracuse alleges that PDVSA made initial payments due under the notes, but failed to make payments beginning in late 2017.  Syracuse claims that it is entitled to a money judgment from PDVSA for the unpaid principal and interest on the notes. |
|   | PDVSA intends to establish that the sanctions that the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the notes because banking institutions involved in the transactions rejected or refused to transfer payments from PDVSA. |
| 12. Evidence to be obtained | Documents described in Schedule A, attached. |
| 13. Purpose of the evidence sought | PDVSA seeks this evidence to establish its impossibility or impracticability defense, which would be a defense to Syracuse's claims.  Specifically, PDVSA seeks evidence showing that PDVSA attempted to make the requisite payments under the notes by wire transfer from its account with China CITIC, but that China CITIC or intermediary or correspondent banks involved in the transactions rejected or refused to process PDVSA's payments out of concern of the OFAC sanctions and their general risk appetite. |
| 14. Documents or other property to be inspected or produced | See Schedule A, attached. |
| 15. Special methods or procedure to be followed | See Schedule A, attached. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The person from whom evidence is requested may decline to answer a question or produce a requested document under any applicable privilege, protection, or immunity under the laws of the United States of America. |

17. Fees and costs incurred which are reimbursable under the second paragraph of Article 14 or Article 26 of the Convention will be borne by:

Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
United States
dennis.tracey@hoganlovells.com
richard.lorenzo@hoganlovells.com
catherine.bratic@hoganlovells.com

DATE OF REQUEST

SO ORDERED

Hon. Valerie E. Caproni
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

## DEFINITIONS

1. "China CITIC," "you," or "your" refers to China CITIC Bank, China CITIC Bank Overseas Banking, its present or former agents, employees, representatives, or other persons acting or purporting to act for or on its behalf.

2. "Syracuse Mountains Corporation" refers to Plaintiff Syracuse Mountains Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

3. "PDVSA" refers to Defendant Petróleos de Venezuela, S.A., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

4. "Paying Agents" refers to The Bank of New York, The Bank of New York Mellon Corporation, or Citibank N.A., their present or former agents, employees, representatives, or other persons acting or purporting to act for or on their behalf.

5. The "China CITIC Account" refers to the bank account that PDVSA holds with China CITIC, described as follows:

> Name on Account:         PETROLEOS DE VENEZUELA SA
> China CITIC Address:     China CITIC Overseas Banking U
>                          No 27 Financial Street
>                          Xicheng District
>                          Beijing 100032

6. "E.O. 13808" refers to United States Executive Order 13808 signed into law on August 24, 2017 by President Donald J. Trump.

7. "E.O. 13850" refers to United States Executive Order 13850 signed into law on November 1, 2018 by President Donald J. Trump.

8. The "Protective Order" refers to the parties' Stipulated Confidentiality and Protective Order annexed hereto as Exhibit 1.

**INSTRUCTIONS**

1. This request is a continuing request, and to the extent that at any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

2. A request for any document shall be deemed to include a request for all drafts thereof and all revisions and modifications thereto in addition to the document itself.

3. A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4. If any document requested is not produced on the basis of an assertion of the attorney-client privilege, work-product doctrine, or any claim of privilege or immunity, identify each such document together with sufficient information to permit the court to make a determination as to whether there is a proper basis for withholding such a document. In so doing, the following information must be supplied in writing: (i) the type of document (e.g., letter, memorandum or report); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author or sender of the document; (v) the addressee or recipient of the document; (vi) each person who received a copy of the document; (vii) the privilege asserted; and (viii) the basis for asserting such a privilege.

5. If an objection to any particular portion of this request is asserted, documents responsive to any other portion of this request as to which there is no objection must be produced.

6. The documents requested should be produced as they were kept in the ordinary course of business, and should be produced with any file folder labels in a manner that will enable Defendants to determine the person, database, or records from whose files each document was

obtained, or, alternatively, the documents can be labeled to correspond to the categories of documents requested.

7. Electronic documents shall be produced in readily usable and searchable electronic format.

8. Unless otherwise stated, each request seeks documents and information from August 1, 2017 to present.

## DOCUMENTS REQUESTED

1. All documents and correspondence reflecting transfers or attempted transfers of funds from the China CITIC Account to any of the Paying Agents.

2. Documents and correspondence reflecting all attempted transfers of funds from the China CITIC Account to the Paying Agents that were rejected by the Paying Agents or a by correspondent or intermediary bank involved in the transfer.

3. All SWIFT (Society for Worldwide Interbank Financial Telecommunication) payment orders and messages sent or received by China CITIC, concerning an actual or attempted transfer of funds from the China CITIC Account to the Paying Agents.

4. All correspondence with PDVSA concerning any transfer or attempted transfer of funds from the China CITIC Account to the Paying Agents.

5. All documents and correspondence concerning any Paying Agent or bank's rejection of a transfer of funds from the China CITIC Account that are not already being produced in response to an earlier request.

6. Documents sufficient to show China CITIC's policies with respect to compliance with E.O. 13808 and E.O. 13850.