Exhibit 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION, | Civil Action No. 1:21-cv-02684-VEC <br> **Letter Rogatory for International Judicial** <br> **Assistance to Zuma Bank Corporation** |
| Plaintiff, | |
| v. | |
| PETRÓLEOS DE VENEZUELA S.A., <br> Defendant. | |

To the Appropriate Judicial Authority of Dominica:

The United States District Court for the Southern District of New York (the "Court") presents its compliments to the appropriate judicial authority of Dominica, and respectfully requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above captioned matter. The matter is currently pending in New York, New York, USA.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Dominica compel the appearance of the below named party to produce documents and provide testimony:

Zuma Bank Corporation ("Zuma Bank")
42-2 Kennedy Ave, Roseau, Commonwealth of Dominica

## 1. Sender and Requesting Judicial Authority

The Honorable Valerie E. Caproni
U.S. District Court for the Southern District of New York
40 Foley Square
New York, New York 10007
United States

2. **Names and Addresses of the Parties and their Representatives**

Plaintiff:               Syracuse Mountains Corporation

                                Nicolas Swerdloff, Michael A. DeBernardis
                                Hughes Hubbard & Reed LLP
                                One Battery Park Plaza
                                New York, NY 10004
                                United States

Defendants:          Petróleos de Venezuela, S.A.

                                Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic
                                Hogan Lovells US LLP
                                390 Madison Avenue
                                New York, New York 10017
                                United States

3. **Person to Whom the Executed Request is to be Returned**

Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
United States
dennis.tracey@hoganlovells.com
richard.lorenzo@hoganlovells.com
catherine.bratic@hoganlovells.com

4. **Date by Which the Requesting Authority Requires Receipt of Response to the Letter Rogatory**

A response to this Letter Rogatory is requested by January 28, 2022, or as soon as practicable.

5. **Nature and Purpose of the Proceeding**

Syracuse Mountains Corporation ("Syracuse") commenced a civil action against Petróleos de Venezuela, S.A. ("PDVSA") for a money judgment for amounts allegedly owed by PDVSA pursuant to five note agreements issued by PDVSA.  Discovery in the case is ongoing.

Syracuse alleges that PDVSA made initial payments due under the notes, but failed to

make payments beginning in late 2017.  Syracuse claims that it is entitled to a money judgment from PDVSA for the unpaid principal and interest on the notes.

PDVSA intends to establish that the sanctions that the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the notes because banking institutions involved in the transactions rejected or refused.

### 6.  Evidence to be Obtained or Other Judicial Action to be Performed

The evidence sought in Dominica through this request, as set out in Schedule A, is directly relevant discovery and testimony necessary for the trial of this case and may be so used by the parties. The following documents and testimony are not otherwise obtainable by this Court through its own compulsory process.

PDVSA seeks this evidence to establish its impossibility or impracticability defense, which would be a defense to Syracuse's claims.  Specifically, PDVSA seeks evidence showing that PDVSA attempted to make the requisite payments under the note by wire transfer from its account with Zuma Bank, but that Zuma Bank or intermediary or correspondent banks involved in the transactions rejected or refused to process PDVSA's payments out of concern of the OFAC sanctions and their general risk appetite.

### 7.  Special Rights of Recipient Pursuant to United States Law

The person from whom evidence is requested may decline to produce a requested document or decline to answer a question under any applicable privilege, protection, or immunity under the laws of the United States of America.  In particular, a document or answer may be withheld if it would disclose a privileged communication between the person and the person's attorney.

**8.  Reimbursement for Costs**

Defendants will reimburse the judicial authorities of Dominica for its costs incurred in the execution of this Court's Letter Rogatory.  The contact information for the party submitting the payment is as follows:

Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
United States
dennis.tracey@hoganlovells.com
richard.lorenzo@hoganlovells.com
catherine.bratic@hoganlovells.com

Dated:

———————————————————

Hon. Valerie E. Caproni
UNITED STATES DISTRICT JUDGE

**SCHEDULE A**

**DEFINITIONS**

1.        "Zuma Bank," "you," or "your" refers to Zuma Bank Corporation, its present or former agents, employees, representatives, or other persons acting or purporting to act for or on its behalf.

2.        "Syracuse Mountains Corporation" refers to Plaintiff Syracuse Mountains Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

3.        "PDVSA" refers to Petróleos de Venezuela, S.A., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

4.        "Paying Agents" refers to The Bank of New York, The Bank of New York Mellon Corporation, or Citibank N.A., their present or former agents, employees, representatives, or other persons acting or purporting to act for or on their behalf.

5.        "E.O. 13808" refers to United States Executive Order 13808 signed into law on August 24, 2017 by President Donald J. Trump.

6.        "E.O. 13850" refers to United States Executive Order 13850 signed into law on November 1, 2018 by President Donald J. Trump.

7.        The "Protective Order" refers to the parties' Stipulated Confidentiality and Protective Order annexed hereto as Exhibit 1.

## **INSTRUCTIONS**

1.      This request is a continuing request, and to the extent that at any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

2.      A request for any document shall be deemed to include a request for all drafts thereof and all revisions and modifications thereto in addition to the document itself.

3.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4.      If any document requested is not produced on the basis of an assertion of the attorney-client privilege, work-product doctrine, or any claim of privilege or immunity, identify each such document together with sufficient information to permit the court to make a determination as to whether there is a proper basis for withholding such a document.  In so doing, the following information must be supplied in writing: (i) the type of document (e.g., letter, memorandum or report); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author or sender of the document; (v) the addressee or recipient of the document; (vi) each person who received a copy of the document; (vii) the privilege asserted; and (viii) the basis for asserting such a privilege.

5.      If an objection to any particular portion of this request is asserted, documents responsive to any other portion of this request as to which there is no objection must be produced.

6.      The documents requested should be produced as they were kept in the ordinary course of business, and should be produced with any file folder labels in a manner that will enable Defendants to determine the person, database, or records from whose files each document was

obtained, or, alternatively, the documents can be labeled to correspond to the categories of documents requested.

7.      Electronic documents shall be produced in readily usable and searchable electronic format.

8.      Unless otherwise stated, each request seeks documents and information from August 1, 2017 to present.

## DOCUMENTS TO BE PRODUCED

1.      Documents concerning any transfer or attempted transfer of funds from Zuma Bank on behalf of PDVSA to any of the Paying Agents.

2.      Documents and correspondence reflecting all attempted transfers of funds from Zuma Bank on behalf of PDVSA to any of the Paying Agents that were rejected by the Paying Agents or a by correspondent or intermediary bank involved in the transfer.

3.      All SWIFT (Society for Worldwide Interbank Financial Telecommunication) payment orders and messages sent or received by Zuma Bank, concerning an actual or attempted transfer of funds from Zuma Bank on behalf of PDVSA to the Paying Agents.

4.      All correspondence with PDVSA concerning any transfer or attempted transfer of funds from Zuma Bank to the Paying Agents.

5.      All documents and correspondence concerning any Paying Agent or bank's rejection of a transfer of funds from Zuma Bank on behalf of PDVSA that are not already being produced in response to an earlier request.

6.      Documents sufficient to show Zuma Bank's policies with respect to compliance with E.O. 13808 and E.O. 13850.