**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> PETRÓLEOS DE VENEZUELA S.A., <br><br> Defendant. | Civil Action No. 1:21-cv-02684-VEC |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST

HOGAN LOVELLS US, L.L.P.

Dennis H. Tracey
390 Madison Avenue
New York, NY 10017
Phone:   (212) 918-3000
Fax:       (212) 918-3100
dennis.tracey@hoganlovells.com

Richard Lorenzo (admitted *pro hac vice*)
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Phone:     (305) 459-6500
Fax:         (305) 459-6550
richard.lorenzo@hoganlovells.com

Catherine Bratic (admitted *pro hac vice*)
609 Main Street, Suite 4200
Houston, TX 77002
Phone:   (713) 632-1400
Fax:       (713) 632-1401
catherine.bratic@hoganlovells.com

*Counsel for Defendant*
*Petróleos de Venezuela, S.A.*

Defendant Petróleos de Venezuela, S.A. ("PDVSA"), by and through undersigned counsel, respectfully moves this Court for issuance of letters of request for international judicial assistance from the appropriate judicial authorities of China, Dominica, Luxembourg, Portugal, and the United Kingdom, pursuant to 28 U.S.C. § 1781 and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.IA.S. No. 7444, 23 U.S.T. 2555, in the form annexed hereto as Exhibits 1–7, to obtain discovery from the non-party foreign entities Banque Internationale à Luxembourg, S.A.; The Bank of New York Depositary (Nominees) Ltd.; The Bank of New York Mellon SA/NV, Luxembourg Branch; China CITIC Bank; Dinosaur Merchant Bank Ltd.; Novo Banco, S.A.; and Zuma Bank Corporation; and (2) such other and further relief as the Court deems just and proper.

## **BACKGROUND**

Plaintiff Syracuse Mountains Corporation ("Syracuse") filed this action against PDVSA, claiming that PDVSA had failed to make payments of interest and principal due on five notes (the "PDVSA Notes") beneficially owned by Syracuse.  Syracuse claims that PDVSA made all payments due on the PDVSA Notes until "late 2017," when payments abruptly stopped. Complaint at ¶ 16.

PDVSA has raised a number of affirmative defenses to these claims in its Answer, including that Syracuse lacks standing to enforce the PDVSA Notes, that Syracuse's claims are barred by the terms of the Notes, that Syracuse's claims are barred by payment, release, waiver, and ratification, and that any alleged default on the PDVSA Notes was excused because circumstances outside of PDVSA's control made performance impossible or objectively impracticable.  Answer at ¶¶ 43–48.  The documents sought from the foreign entities through this Motion are directly relevant to these defenses.

PDVSA intends to establish that Syracuse lacks standing to enforce the PDVSA Notes because it has failed to acquire the rights of a Holder of the PDVSA Notes under the terms of the relevant notes and indentures. The depositories of the PDVSA Notes are the only entities with information regarding the official registers of owners and beneficial owners of the Notes, as well as information establishing the powers granted to third parties to act on behalf of such owners and beneficial owners.  For the PDVSA Notes issued in April 2007, the depositary was The Bank of New York Depository (Nominees) Limited, an entity based in the United Kingdom, which is accordingly the only entity that can provide information on Syracuse's standing to enforce those notes.

PDVSA also intends to establish that the sanctions that the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the note and credit agreements.  PDVSA lacks access to its own documents and files as a result of the political situation in Venezuela; however, it understands that payments were made, or attempted, under the terms of the PDVSA Notes, but that such payments may have been rejected as a result of banking policies introduced in response to OFAC sanctions.  Payment would have been attempted through PDVSA bank accounts known to be held at China CITIC Bank, Novo Banco, Dinosaur Merchant Bank Limited, and Zuma Bank, and evidence from these banks is necessary to establish this defense. As Defendant's originating banks, only these banks can determine if any attempted payments by PDVSA were ever made and rejected.  If, because of U.S. sanctions, an intermediate bank in the chain of transfer rejected a payment from PDVSA, the payment would have been returned to these banks.  And if these banks refused the transfers

themselves, they should possess documentation of that refusal.  The intended recipient bank, on the other hand, may never have received notice of any attempted or rejected payment.

Finally, PDVSA seeks evidence regarding past payments made under the Notes.  Although Syracuse seeks to recover payments due under the PDVSA Notes from 2017 to present, Syracuse has disclosed documents showing that it did not have any interest in the PDVSA Notes prior to December 2020.  PDVSA intends to show that payments were made, or attempted, to prior holders of the PDVSA Notes before these notes were acquired by Syracuse.  Evidence from the Luxembourg listing and paying agents under the Notes, Banque Internationale à Luxembourg and The Bank of New York Mellon SA/NV, Luxembourg Branch, is necessary to establish what payments were made or attempted under any notes through listings on the Luxembourg Stock Exchange.

Defendant therefore moves for issuance of letters of request and a letter of rogatory to obtain discovery from the entities with information regarding these defenses.

## ARGUMENT

### THIS COURT SHOULD ISSUE LETTERS OF REQUEST TO OBTAIN NECESSARY DOCUMENTS AND INFORMATION FROM THE NON-PARTY, FOREIGN ENTITIES

**A.    This Court Should Issue Letters of Request to Entities Located in Signatory Countries to the Hague Evidence Convention**

The purpose of the Hague Evidence Convention is to facilitate and increase the exchange of information necessary for legal proceedings between nations. *See Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 534 (1987). Under the Hague Evidence Convention, this Court — a "judicial authority of a Contracting State" — may send a letter of request to a member state seeking foreign judicial assistance in civil or commercial matters to the designated authority in the member state "to obtain evidence, or to perform some other judicial act."  Hague Evidence Convention, Ch. I, Art. 1; *see also* 28 U.S.C.

3

§ 1781.  The letter of request is sent to a "Central Authority" designated by the Contracting State to receive requests from courts of other member countries.  *See* Hague Evidence Convention, Art. 2.  The Central Authority then sends the request to the appropriate court or officer to execute the request.  *See id.*

The decision of whether to issue a letter of request is within the discretion of the court.  *See Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019).  Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence.  *See, e.g.*, *Elliot Assoc. v. Peru*, No. 96 Civ. 7917(RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting plaintiff's request for letters rogatory to take testimony in United Kingdom).

> "In deciding whether to issue an order directing production of information located abroad, and in framing such an order, a court or agency in the United States should take into account [1] the importance to the investigation or litigation of the documents or other information requested; [2] the degree of specificity of the request; [3] whether the information originated in the United States; [4] the availability of alternative means of securing the information; and [5] the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located."

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 792 (S.D.N.Y. 2012) (quoting Restatement (Third) of the Foreign Relations Law of the United States (1987) § 442(1)(c)).

Defendant seeks letters of request to obtain specific documents relevant to this litigation from the following entities.

### 1.      Banque Internationale à Luxembourg and The Bank of New York Mellon SA/NV, Luxembourg Branch

PDVSA seeks a letter of request to obtain specific documents from Banque Internationale à Luxembourg and The Bank of New York Mellon SA/NV, Luxembourg Branch relevant to

PDVSA's defense of impossibility or impracticability, its defense that Syracuse lacks standing to enforce the PDVSA Notes, as well as its defense regarding payment, ratification, and release.

Banque Internationale à Luxembourg, both individually and as successor to its predecessor company, Dexia Banque Internationale à Luxembourg, Société Anonyme, was the Luxembourg listing agent and paying agent under the PDVSA Notes issued in February 2011, November 2011, May 2012, and November 2013 (i.e. four of the five sets of notes at issue in this litigation). The Bank of New York Mellon SA/NV, Luxembourg Branch is the successor to The Bank of New York (Luxembourg) S.A., which served as Luxembourg listing agent and paying agent under the PDVSA Notes issued in April 2007.

These banks were responsible, under the relevant indentures, for handling payments, registrations of transfer, and surrenders of the PDVSA Notes. Although Syracuse asserts that it is entitled to enforce the PDVSA Notes, and seeks damages for missed payments on the PDVSA Notes it claims to beneficially own dating back to 2017, it has also disclosed that it did not own any interest in the PDVSA Notes prior to December 2020, and it states that it has no knowledge of how its shareholders came to own any interest in the PDVSA Notes. PDVSA seeks documents from Banque Internationale à Luxembourg and The Bank of New York Mellon SA/NV, Luxembourg Branch, showing payments that have been made or attempted under these notes, and which will demonstrate whether Syracuse, or any predecessors, took actions to seek payment, surrender, or redeem the notes from the Luxembourg paying agent. This information can only be obtained from Banque Internationale à Luxembourg and The Bank of New York Mellon SA/NV, Luxembourg Branch.

PDVSA also seeks information regarding Banque Internationale à Luxembourg and The Bank of New York Mellon SA/NV, Luxembourg Branch's receipt or rejection of funds from

PDVSA.  PDVSA intends to establish that the OFAC sanctions imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the agreements at issue.  Documentation from Banque Internationale à Luxembourg and The Bank of New York Mellon SA/NV, Luxembourg Branch will confirm whether payments were attempted but rejected due to these banks' policies regarding the receipt of funds from sanctioned entities.

### 2.    The Bank of New York Depositary (Nominees) Limited

PDVSA seeks a letter of request to obtain specific documents from The Bank of New York Depositary (Nominees) Limited.  These documents are essential to PDVSA's affirmative defense that Syracuse lacks standing to enforce the PDVSA Notes issued in April 2007, and the information sought is not available by other means.

The PDVSA Notes issued in April 2007 named The Bank of New York Depositary (Nominees) Limited as common depositary under those notes, and required The Bank of New York Depositary (Nominees) Limited to maintain registers of all owners of the notes.  The indenture governing the April 2007 PDVSA Notes, The Bank of New York Depositary (Nominees) Limited also sets out procedures for beneficial owners of those notes to request authorizations or proxies to exercise the rights of holders and enforce the notes or to transfer such notes.  PDVSA seeks discovery relating to The Bank of New York Depositary (Nominees) Limited's ownership records, as well as the records it has relating to authorizations granted to Syracuse and its shareholders, in order to establish that Syracuse lacks standing to enforce these notes.  Furthermore, because The Bank of New York Depositary (Nominees) Limited, as common depositary was responsible for receiving and distributing payments to beneficial holders of those notes, PDVSA seeks discovery regarding payments made by The Bank of New York Depositary (Nominees) Limited to Syracuse or its shareholders in order to establish PDVSA's affirmative

defense of payment, waiver, and release, as well as to rebut the quantum of damages claimed by Syracuse.

### 3.     China CITIC, Dinosaur Merchant Bank Limited, and Novo Banco

PDVSA seeks letters of request to obtain specific documents from China CITIC, Dinosaur Merchant Bank Limited, and Novo Banco.   These documents are essential to PDVSA's impossibility defense and are not available through other means.

PDVSA maintained bank accounts with each of China CITIC, Dinosaur Merchant Bank Limited, and Novo Banco, and use these accounts to make payments due on its note and other financing obligations.  PDVSA requires evidence from these banks concerning any payments made to the paying agents under the PDVSA Notes.  PDVSA intends to establish that the OFAC sanctions imposed on the Venezuelan oil industry beginning in 2017, and banking policies introduced in response to these sanctions, made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the agreements at issue.  Documentation from PDVSA's banks may show that PDVSA attempted to make payments under the notes by wire transfer, but those payments were rejected by banking institutions involved in the transactions. In order to establish this impossibility defense, PDVSA — which lacks access to its own documents and records — must obtain evidence from China CITIC, Dinosaur Merchant Bank Limited, and Novo Banco, as the originating banks for the payments, as to the reason for potential payment rejections.  Only the originating bank possesses records of attempted payments rejected either by intermediary banks or by the originating bank itself.  The intended recipient bank may never receive notice of a payment attempt that was rejected.

PDVSA respectfully request that this Court approve and sign the annexed form letter of requests attached as Exhibits 1–6, as the Court is authorized to do pursuant to the Hague Evidence Convention . PDVSA further requests that after the Court has signed the letters of request, that the

Clerk of the Court authenticate the Court's signatures under the seal of the Court, and the letters of request be thereafter returned by the Clerk to PDVSA's undersigned counsel.  PDVSA's counsel will promptly cause the letter of request to be translated into the appropriate language, as required by Article 4 of the Hague Evidence Convention, and will transmit the letter, and its translation, to the designated Central Authority for execution in conformity with Article 2 of the Hague Evidence Convention.

**B.      The Court Should Issue a Letter Rogatory to Zuma Bank**

The Court may also authorize discovery from entities in countries that are not signatories to the Hague Convention by issuing letters rogatory.  A letter rogatory is "a formal request from a court in which an action is pending, to a foreign court" to, among other things, secure "the taking of evidence."  22 C.F.R. § 92.54 (2021).  Requests for judicial assistance via letters rogatory are based on principles of reciprocity and international comity.  *In re Application for an Order Permitting Metallgesellschaft AG to Take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997) (citing the "twin aims" of letters rogatory).  Congress granted courts "inherent authority" to issue and enforce letters rogatory.  *Zantheus Medical Imaging*, 841 F. Supp. 2d at 776 (citing 28 U.S.C. § 1781(b)(2) and Fed. R. Civ. P. 28(b)).  When considering issuing a letter rogatory, U.S. courts apply the discovery principles contained in Rule 26 of the Federal Rules of Civil Procedure, including whether "the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence…" *Id.* (citations omitted).

PDVSA seeks a letter rogatory to obtain specific documents from Zuma Bank that are vital to its impossibility defense and are not available through other means.  PDVSA requires evidence from Zuma Bank concerning any payments made to the paying agents under the PDVSA Notes.  Defendant intends to establish that the OFAC sanctions imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its

payment obligations under the agreements at issue.  Documentation from PDVSA's bank, Zuma Bank, will show that PDVSA attempted to make payments under the notes by wire transfer, but those payments were rejected by banking institutions involved in the transactions.  In order to establish this impossibility defense, PDVSA — which lacks access to its own documents and records — must obtain evidence from Zuma Bank, the originating bank for the payments, as to the reason for potential payment rejections.

PDVSA respectfully requests that this Court approve and sign the annexed proposed letter rogatory attached as Exhibit 7.  PDVSA further requests that after the Court has signed the letter rogatory, that the Clerk of the Court authenticate the Court's signature under the seal of the Court and the letter rogatory be thereafter returned by the Clerk to PDVSA's undersigned counsel. PDVSA counsel will promptly cause the letter of request to be translated into the appropriate language, and will transmit the letter, and its translation, to the U.S. Department of State for transmittal to the appropriate foreign authorities.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Defendant's motion in its entirety, issue the letter of requests in the annexed form, and grant such other and further relief to Defendant as the Court deems just and proper.

Dated: January 18, 2022

Respectfully submitted,

HOGAN LOVELLS US, L.L.P.

By: */s/ Dennis H. Tracey*
Dennis H. Tracey
390 Madison Avenue
New York, NY 10017
Phone: (212) 918-3000
Fax:     (212) 918-3100
dennis.tracey@hoganlovells.com

Richard Lorenzo (admitted *pro hac vice*)
600 Brickell Avenue, Suite 2700
Miami, FL 33131
Phone:  (305) 459-6500
Fax:      (305) 459-6550
richard.lorenzo@hoganlovells.com

Catherine Bratic (admitted *pro hac vice*)
609 Main Street, Suite 4200
Houston, TX 77002
Phone: (713) 632-1400
Fax:      (713) 632-1401
catherine.bratic@hoganlovells.com

*Counsel for Defendant*
*Petróleos de Venezuela, S.A.*