**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SYRACUSE MOUNTAINS
CORPORATION,

                    Plaintiff,                    Civil Action No.: 21-cv-2684-VEC

        v.

PETRÓLEOS DE VENEZUELA S.A.,

                    Defendant.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION**
**FOR ISSUANCE OF LETTERS OF REQUEST**

Plaintiff Syracuse Mountains Corporation ("Syracuse") submits this Response to

Defendant Petróleos de Venezuela, S.A.'s ("PDVSA") Motion for Issuance of Letters of Request

("Motion") for international assistance to obtain discovery from the following seven non-party

foreign entities:  Banque Internationale à Luxembourg, S.A.; The Bank of New York Depository

(Nominees) Ltd.; The Bank of New York Mellon SA/NV, Luxembourg Branch; China CITIC

Bank; Dinosaur Merchant Bank Ltd.; Novo Banco, S.A.; and Zuma Bank Corporation.

**RESPONSE**

PDVSA's Motion is an improper attempt to extend discovery in this matter and to delay

final judgment.  This is a straightforward breach-of-contract action.  Syracuse is the beneficial

owner of five debt securities that PDVSA issued (the "Notes") pursuant to indentures executed

between 2007 and 2013.  Since November 2017, PDVSA has failed to make the required interest

and principal payments due on the Notes.  Evidence sufficient to demonstrate these undisputed

facts has already been provided by Syracuse or is readily available to PDVSA in the United States.

In the face of these straightforward facts and evidence, PDVSA raises increasingly flimsy affirmative defenses and now asks this Court to assist in its efforts to delay judgment in order to obtain information only hypothetically related to those defenses. PDVSA should not be permitted to delay this action while it searches the corners of the world for any evidence that allows it to avoid its straightforward payment obligations.

The information PDVSA seeks in the letters of request is immaterial to this litigation; waiting for a response could well delay judgment in this action for months. PDVSA had ample opportunity to seek this information earlier, and instead waited until the close of the agreed discovery period to bring this Motion. Accordingly, the Court should deny PDVSA's application. In the event the Court grants the Motion, PDVSA requests that it expressly condition that relief on not prolonging the parties' stipulated pre-trial schedule, approved by this Court on November 12, 2021. *See* ECF No. 32.

## I.      The Letters Of Request Are Unlikely To Produce Any Material Information.

PDVSA seeks letters of request or letters of rogatory from seven non-party foreign entities: Banque Internationale à Luxembourg, S.A.; The Bank of New York Depository (Nominees) Ltd.; The Bank of New York Mellon SA/NV, Luxembourg Branch; China CITIC Bank; Dinosaur Merchant Bank Ltd.; Novo Banco, S.A.; and Zuma Bank Corporation. While PDVSA claims that the information is necessary to support its affirmative defenses, that "information" is entirely hypothetical and, even if it existed, would not support any valid affirmative defense.

First, PDVSA claims that letters of request to China CITIC Bank, Novo Banco, Dinosaur Merchant Bank Limited, and Zuma Bank are necessary to establish PDVSA's affirmative

defense that "the sanctions that the U.S. Department of Treasury Office of Foreign Assets Control ('OFAC') imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the note and credit agreements."  Motion at 2.

However, the U.S. sanctions regime did not and does not bar payments under pre-existing debt obligations.  Not surprisingly, PDVSA's impracticability argument regarding sanctions has already been rejected by this Court (Stanton, J.).  In August 2017, the Trump Administration issued Executive Order 13808 ("E.O. 13808"), which prohibits transactions of "new debt" with the government of Venezuela, including PDVSA.[1]  OFAC subsequently clarified that "new debt" did not include debt created prior to August 25, 2017.  *See* Declaration of Shayda Vance ("Vance Declaration"), Exhibit 1.  As a result, by its terms, E.O. 13808 does not prohibit PDVSA from making coupon and principal payments on the Notes.  *See* Opinion and Judgment at 12-13, *Dresser-Rand Company v. Petróleos de Venezuela, S.A.*, No. 19-cv-2689-LLS (S.D.N.Y. Dec. 9, 2021), ECF No. 150.

Nor are these banks likely to produce any information that enables PDVSA to demonstrate that it was "objectively impracticable for PDVSA to perform its payment obligations under" the Notes.  *See* Motion at 7.  Judge Stanton's decision in *Dresser-Rand* is instructive on this point.  Following a three-day bench trial, Judge Stanton rejected PDVSA's

---

[1]     Specifically, E.O. 13808, 82 Fed. Reg. 41155, states:

> Section 1. (a)  All transactions related to, provision of financing for, and other dealings in the following by a United States person or within the United States are prohibited:
> (i) new debt with a maturity of greater than 90 days of Petroleos de Venezuela, S.A. (PdVSA);
> (ii) new debt with a maturity of greater than 30 days, or new equity, of the Government of Venezuela, other than debt of PdVSA covered by subsection (a)(i) of this section[.]

argument that, even if payment of PDVSA's debt was not prohibited by E.O. 13808, payment was impossible because it "was prevented by banks' own internal, risk-adverse policies." *Id*. at 19. Judge Stanton concluded that, while some banks had risk-adverse policies that prevented payments to or from PDVSA, it was not the case that *all* banks had adopted such policies. Accordingly, payment was not (as PDVSA asserted) categorically impossible. *Id*. at 19-25. Therefore, even if the letters of request and letters of rogatory to China CITIC Bank, Novo Banco, Dinosaur Merchant Bank Limited, and Zuma Bank demonstrate that PDVSA attempted payment on the Notes—PDVSA has provided no indication that this is the case—this is insufficient to establish that payment was impossible.

Second, PDVSA claims that information from Banque Internationale à Luxembourg and The Bank of New York Mellon SA/NV, Luxembourg Branch, "is necessary to establish what payments were made or attempted under any notes through listings on the Luxembourg Stock Exchange." Motion at 3. But Syracuse does not seek damages for missed coupon and principal payments before November 2017; any payments made or attempted prior to that date are not relevant to this action. PDVSA provides no support to suggest that any evidence exists that it made or attempted any payments *after* November 2017. Nor could it. PDVSA's default on the Notes has been widely reported in the U.S. and international press and various Trustees under the relevant indentures of the Notes have issued formal Notices of Default. *See* Vance Decl., Exhibit 2.

Finally, PDVSA claims that Syracuse failed to acquire the rights of a Holder of the PDVSA Notes under the terms of the relevant notes and indentures. According to PDVSA, "the depositories of the PDVSA Notes are the only entities with information regarding the official registers of owners and beneficial owners of the Notes, as well as information establishing the

powers granted to third parties to act on behalf of such owners and beneficial owners." Motion at 2. For this reason, PDVSA claims it needs confirmation from the Bank of New York Depository (Nominees) Limited, the depositary for the PDVSA Notes issued in April 2007 and due in 2027 ("PDVSA 5.37% 2027 Notes"). However, Syracuse already produced documents establishing its standing to sue on the Notes, including the PDVSA 5.37% 2027 Notes. Specifically with respect to the PDVSA 5.37% 2027 Notes, Syracuse produced a letter from Safra Securities LLC, as a holder of the PDVSA 5.37% 2027 Notes before Clearstream Banking S.A. on behalf of Safra National Bank of New York, authorizing Syracuse to take "any and all actions and exercise any of all rights" that Safra Securities LLC would be entitled to take. Vance Decl., Exhibit 3. While PDVSA is free to argue that this authorization is somehow insufficient to convey standing, it should not be permitted to delay this action in search of vague information irrelevant to that argument.

## II.     PDVSA Had Ample Prior Opportunity To Seek This Information.

PDVSA has had more than enough time to investigate and seek the information it seeks through its proposed letters of request. Plaintiff initiated this action almost one year ago, on March 29, 2021. *See* ECF No. 2. In its Complaint, Plaintiff identified the Luxembourg listing agents and paying agents to the Notes at issue in this action, including Dexia Banque Internationale à Luxembourg, société anonyme (the predecessor to Banque Internationale à Luxembourg) and The Bank of New York (Luxembourg) S.A. (the predecessor of The Bank of New York Mellon SA/NV, Luxembourg Branch) (*see* ECF No. 2, ¶¶ 10-14), two of the non-party entities from which Defendant seeks discovery. The Complaint also attached, as Exhibits A through E, the indentures governing the Notes, including the April 2007 Indenture, which identifies The Bank of New York Depositary (Nominees) Limited – one of the non-party entities from which Defendant seeks discovery – as the common depositary for the 5.375% Notes due in

2027.  *See* ECF No. ECF No. 2-1 at 18.  Thus, Defendant has had *about ten months* since the filing of the Complaint to seek information from these non-party foreign entities—yet it waited until only *three weeks* before the close of fact discovery to seek letters of request.

Similarly, PDVSA seeks discovery from four foreign entities with which PDVSA itself held bank accounts:  China CITIC; Dinosaur Merchant Bank Limited; Novo Banco; and Zuma Bank.  Since the initiation of the present action, PDVSA had ample opportunity to obtain relevant documents from its own banks.  Moreover, PDVSA has been aware, since as early as August 2020, of the international service issues associated with seeking this information.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny PDVSA's application.  In the event the Court grants the Motion, PDVSA requests that it expressly condition that relief on not prolonging the parties' stipulated pre-trial schedule.

New York, New York
January 28, 2022

Hughes Hubbard & Reed LLP

  /s/ Daniel H. Weiner
Daniel H. Weiner
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6874
Fax: 212-299-6874
Email: daniel.weiner@hugheshubbard.com

Michael A. DeBernardis (admitted *pro hac vice*)
Shayda Vance

---

[2]    In *Dresser-Rand Company v. Petróleos de Venezuela, S.A.*, Case No. 19-cv-2689-LLS, PDVSA, represented by the same counsel as in this action, filed a motion on August 27, 2020 for the issuance of letters of request to obtain discovery from non-party foreign entities, including two of the entities at issue here: Dinosaur Merchant Bank Ltd. and China CITIC Bank. *See* Case No. 19-cv-2689-LLS, ECF No. 89.

1775 I Street, N.W.
Washington, D.C. 2006-2401
Tel: 202-721-4678
Fax: 202-729-4678
Email: michael.debernardis@hugheshubbard.com

*Counsel for Plaintiff Syracuse Mountains
Corporation*