**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>PETRÓLEOS DE VENEZUELA S.A.,<br><br>    Defendant. | Civil Action No. 1:21-cv-02684-VEC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST**

            HOGAN LOVELLS US, L.L.P.

            Dennis H. Tracey
            390 Madison Avenue
            New York, NY 10017
            Phone: (212) 918-3000
            Fax:  (212) 918-3100
            dennis.tracey@hoganlovells.com

            Richard Lorenzo (admitted *pro hac vice*)
            600 Brickell Avenue, Suite 2700
            Miami, FL 33131
            Phone: (305) 459-6500
            Fax:  (305) 459-6550
            richard.lorenzo@hoganlovells.com

            Catherine Bratic (admitted *pro hac vice*)
            609 Main Street, Suite 4200
            Houston, TX 77002
            Phone: (713) 632-1400
            Fax:  (713) 632-1401
            catherine.bratic@hoganlovells.com

            *Counsel for Defendant*
            *Petróleos de Venezuela, S.A.*

Defendant Petróleos de Venezuela, S.A. ("PDVSA"), by and through undersigned counsel, respectfully moves this Court for issuance of letters of request for international judicial assistance from the appropriate judicial authorities of Belgium, Luxembourg and the Russian Federation, pursuant to 28 U.S.C. § 1781 and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.IA.S. No. 7444, 23 U.S.T. 2555, in the form annexed hereto as Exhibits 1–3, to obtain discovery from the non-party foreign entities Euroclear Bank S.A./N.V., Clearstream Banking S.A., and Gazprombank (Joint Stock Company); and (2) such other and further relief as the Court deems just and proper.

## BACKGROUND

Plaintiff Syracuse Mountains Corporation ("Syracuse") filed this action against PDVSA, claiming that PDVSA had failed to make payments of interest and principal due on five notes (the "PDVSA Notes") beneficially owned by Syracuse. Syracuse claims that PDVSA made all payments due on the PDVSA Notes until "late 2017," when payments abruptly stopped. Complaint at ¶ 16.

PDVSA has raised a number of affirmative defenses to these claims in its Answer, including that Syracuse lacks standing to enforce the PDVSA Notes, that Syracuse's claims are barred by the terms of the Notes, that Syracuse's claims are barred by payment, release, waiver, and ratification, and that any alleged default on the PDVSA Notes was excused because circumstances outside of PDVSA's control made performance impossible or objectively impracticable. Answer at ¶¶ 43–48. The documents sought from the foreign entities through this Motion are directly relevant to these defenses.

PDVSA intends to establish that Syracuse lacks standing to enforce the PDVSA Notes because it has failed to acquire the rights of a Holder of the PDVSA Notes under the terms of the

relevant notes and indentures. The depositories of the PDVSA Notes are the only entities with information regarding the official registers of owners and beneficial owners of the Notes, as well as information establishing the powers granted to third parties to act on behalf of such owners and beneficial owners. Euroclear Bank S.A./N.V and Clearstream Banking S.A., entities located in Belgium and Luxembourg respectively, acted as depositories for the PDVSA Notes, and are accordingly among the only entities that can provide information on Syracuse's standing to enforce those notes.

PDVSA also intends to establish that the sanctions that the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the note and credit agreements. PDVSA lacks access to its own documents and files as a result of the political situation in Venezuela; however, it understands that payments were made, or attempted, under the terms of the PDVSA Notes, but that such payments may have been rejected as a result of banking policies introduced in response to OFAC sanctions. Payment would have been attempted through PDVSA bank accounts known to be held at Gazprombank (Joint Stock Company), and evidence from this bank is necessary to establish this defense. As one of Defendant's originating banks, only this bank can determine if any attempted payments by PDVSA were ever made and rejected. If, because of U.S. sanctions, an intermediate bank in the chain of transfer rejected a payment from PDVSA, the payment would have been returned to this bank. And if this bank refused the transfers itself, it should possess documentation of that refusal. The intended recipient bank, on the other hand, may never have received notice of any attempted or rejected payment.

Defendant therefore moves for issuance of letters of request and a letter of rogatory to obtain discovery from the entities with information regarding these defenses.

## ARGUMENT

### THIS COURT SHOULD ISSUE LETTERS OF REQUEST AND ROGATORY TO OBTAIN NECESSARY DOCUMENTS AND INFORMATION FROM THE NON-PARTY, FOREIGN ENTITIES

**A.     This Court Should Issue Letters of Request to Entities Located in Signatory Countries to the Hague Evidence Convention**

The purpose of the Hague Evidence Convention is to facilitate and increase the exchange of information necessary for legal proceedings between nations. *See Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 534 (1987). Under the Hague Evidence Convention, this Court — a "judicial authority of a Contracting State" — may send a letter of request to a member state seeking foreign judicial assistance in civil or commercial matters to the designated authority in the member state "to obtain evidence, or to perform some other judicial act." Hague Evidence Convention, Ch. I, Art. 1; *see also* 28 U.S.C. § 1781. The letter of request is sent to a "Central Authority" designated by the Contracting State to receive requests from courts of other member countries. *See* Hague Evidence Convention, Art. 2. The Central Authority then sends the request to the appropriate court or officer to execute the request. *See id.*

The decision of whether to issue a letter of request is within the discretion of the court. *See Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. *See, e.g., Elliot Assoc. v. Peru*, No. 96 Civ. 7917(RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting plaintiff's request for letters rogatory to take testimony in United Kingdom).

3

> "In deciding whether to issue an order directing production of information located abroad, and in framing such an order, a court or agency in the United States should take into account [1] the importance to the investigation or litigation of the documents or other information requested; [2] the degree of specificity of the request; [3] whether the information originated in the United States; [4] the availability of alternative means of securing the information; and [5] the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located."

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 792 (S.D.N.Y. 2012) (quoting Restatement (Third) of the Foreign Relations Law of the United States (1987) § 442(1)(c)).

Defendant seeks letters of request to obtain specific documents relevant to this litigation from the following entities.

### 1. Clearstream Banking S.A.

PDVSA seeks a letter of request to obtain specific documents from Clearstream Banking S.A. These documents are essential to PDVSA's affirmative defense that Syracuse lacks standing to enforce the PDVSA Notes, and the information sought is not available by other means.

Clearstream Banking S.A. served as a depository through which PDVSA Note holders held their PDVSA Notes. Therefore, Clearstream Banking S.A. is likely to have maintained registers of all owners of the notes. The indentures governing the PDVSA Notes set out procedures for beneficial owners of those notes to request authorizations or proxies to exercise the rights of holders and enforce the notes or to transfer such notes. PDVSA seeks discovery relating to Clearstream Banking S.A.'s ownership records, as well as the records it has relating to authorizations granted to Syracuse and its shareholders, in order to establish that Syracuse lacks standing to enforce these notes. Furthermore, because Clearstream Banking S.A., as depositary was responsible for receiving and distributing payments to beneficial holders of the notes, PDVSA seeks discovery regarding payments made by Clearstream Banking S.A. to Syracuse or its

4

shareholders in order to establish PDVSA's affirmative defense of payment, waiver, and release, as well as to rebut the quantum of damages claimed by Syracuse.

  2.  **Gazprombank (Joint Stock Company)**

PDVSA seeks a letter of request to obtain specific documents from Gazprombank (Joint Stock Company). These documents are essential to PDVSA's impossibility defense and are not available through other means.

PDVSA maintained bank accounts with Gazprombank (Joint Stock Company), and used these accounts to make payments due on its note and other financing obligations. PDVSA requires evidence from these banks concerning any payments made to the paying agents under the PDVSA Notes. PDVSA intends to establish that the OFAC sanctions imposed on the Venezuelan oil industry beginning in 2017, and banking policies introduced in response to these sanctions, made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the agreements at issue. Documentation from PDVSA's banks may show that PDVSA attempted to make payments under the notes by wire transfer, but those payments were rejected by banking institutions involved in the transactions. In order to establish this impossibility defense, PDVSA — which lacks access to its own documents and records — must obtain evidence from Gazprombank (Joint Stock Company), as the originating bank for the payments, as to the reason for potential payment rejections. Only the originating bank possesses records of attempted payments rejected either by intermediary banks or by the originating bank itself. The intended recipient bank may never receive notice of a payment attempt that was rejected.

PDVSA respectfully requests that this Court approve and sign the annexed form letters of requests attached as Exhibits 1 and 2, as the Court is authorized to do pursuant to the Hague Evidence Convention. PDVSA further requests that after the Court has signed the letters of request, that the Clerk of the Court authenticate the Court's signatures under the seal of the Court,

and the letters of request be thereafter returned by the Clerk to PDVSA's undersigned counsel. PDVSA's counsel will promptly cause the letter of request to be translated into the appropriate language, as required by Article 4 of the Hague Evidence Convention, and will transmit the letter, and its translation, to the designated Central Authority for execution in conformity with Article 2 of the Hague Evidence Convention.

**B.      The Court Should Issue a Letter Rogatory to Euroclear Bank S.A./N.V.**

The Court may also authorize discovery from entities in countries that are not signatories to the Hague Convention by issuing letters rogatory. A letter rogatory is "a formal request from a court in which an action is pending, to a foreign court" to, among other things, secure "the taking of evidence." 22 C.F.R. § 92.54 (2021). Requests for judicial assistance via letters rogatory are based on principles of reciprocity and international comity. *In re Application for an Order Permitting Metallgesellschaft AG to Take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997) (citing the "twin aims" of letters rogatory). Congress granted courts "inherent authority" to issue and enforce letters rogatory. *Zantheus Medical Imaging*, 841 F. Supp. 2d at 776 (citing 28 U.S.C. § 1781(b)(2) and Fed. R. Civ. P. 28(b)). When considering issuing a letter rogatory, U.S. courts apply the discovery principles contained in Rule 26 of the Federal Rules of Civil Procedure, including whether "the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence…" *Id*. (citations omitted).

PDVSA seeks a letter rogatory to obtain specific documents from Euroclear Bank S.A./N.V. that are vital to its impossibility defense and are not available through other means. Like Clearstream Banking S.A., Euroclear Bank S.A./N.V. served as a depository through which PDVSA Note holders held their PDVSA Notes. Therefore, Euroclear Bank S.A./N.V. is also likely to have maintained registers of all owners of the notes. PDVSA seeks discovery relating to Euroclear Bank S.A./N.V.'s ownership records, as well as the records it has relating to

authorizations granted to Syracuse and its shareholders, in order to establish that Syracuse lacks standing to enforce these notes. Furthermore, because Euroclear Bank S.A./N.V., as depositary was responsible for receiving and distributing payments to beneficial holders of the notes, PDVSA seeks discovery regarding payments made by Euroclear Bank S.A./N.V. to Syracuse or its shareholders in order to establish PDVSA's affirmative defense of payment, waiver, and release, as well as to rebut the quantum of damages claimed by Syracuse.

PDVSA respectfully requests that this Court approve and sign the annexed proposed letter rogatory attached as Exhibit 3. PDVSA further requests that after the Court has signed the letter rogatory, that the Clerk of the Court authenticate the Court's signature under the seal of the Court and the letter rogatory be thereafter returned by the Clerk to PDVSA's undersigned counsel. PDVSA's counsel will promptly cause the letter of request to be translated into the appropriate language, and will transmit the letter, and its translation, to the U.S. Department of State for transmittal to the appropriate foreign authorities.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Defendant's motion in its entirety, issue the letter of requests in the annexed form, and grant such other and further relief to Defendant as the Court deems just and proper.

Dated: January 31, 2022

                                              Respectfully submitted,

                                              HOGAN LOVELLS US, L.L.P.

                                              By: */s/ Dennis H. Tracey*
                                              Dennis H. Tracey
                                              390 Madison Avenue
                                              New York, NY 10017
                                              Phone: (212) 918-3000
                                              Fax:    (212) 918-3100
                                              dennis.tracey@hoganlovells.com

                                              Richard Lorenzo (admitted *pro hac vice*)
                                              600 Brickell Avenue, Suite 2700
                                              Miami, FL 33131
                                              Phone:  (305) 459-6500
                                              Fax:     (305) 459-6550
                                              richard.lorenzo@hoganlovells.com

                                              Catherine Bratic (admitted *pro hac vice*)
                                              609 Main Street, Suite 4200
                                              Houston, TX 77002
                                              Phone: (713) 632-1400
                                              Fax:    (713) 632-1401
                                              catherine.bratic@hoganlovells.com

                                              *Counsel for Defendant*
                                              *Petróleos de Venezuela, S.A.*