UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>PETRÓLEOS DE VENEZUELA S.A.,<br><br>      Defendant. | Civil Action No.: 21-cv-2684-VEC |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR ISSUANCE OF LETTERS OF REQUEST**

Plaintiff Syracuse Mountains Corporation ("Syracuse") submits this Response to Defendant Petróleos de Venezuela, S.A.'s ("PDVSA") Motion for Issuance of Letters of Request ("Motion") (ECF No. 42) for international assistance to obtain discovery from the following three non-party foreign entities: Euroclear Bank S.A./N.V. ("Euroclear"); Clearstream Banking S.A. ("Clearstream"); and Gazprombank (Joint Stock Company) ("Gazprombank").

**RESPONSE**

This is PDVSA's second Motion for Issuance of Letters of Request.  *See* ECF No. 34. Pursuant to Rule 10 of the Federal Rules of Civil Procedure, Syracuse adopts by reference its Response to PDVSA's first Motion for Issuance of Letters of Request.  *See* ECF No. 40 ("Response").  For the reasons described therein, this Court should deny the Motion.  In the event the Court grants the Motion, Syracuse requests that it expressly condition that relief on not

prolonging the parties' stipulated pre-trial schedule, approved by this Court on November 12, 2021.  *See* ECF No. 32.

As explained more fully in Syracuse's Response, the letters of request are unlikely to produce any material information.  First, PDVSA claims that the letter of request to Gazprombank is necessary to establish its affirmative defense that "the OFAC sanctions imposed on the Venezuelan oil industry . . . made it impossible or objectively impracticable for PDVSA to perform its payment obligations."  Motion at 5.  However, the U.S. sanctions regime did not and does not bar payments under pre-existing debt obligations.  *See* ECF No. 40 at 2-4.  Moreover, this Court (Stanton, J.) has already rejected PDVSA's impracticability argument regarding sanctions and Gazprombank is unlikely to produce information that enables PDVSA to demonstrate impossibility or impracticability.  *See* ECF No. 40 at 3-4.

Second, PDVSA claims that it requires information from Clearstream and Euroclear "regarding payments made by [these entities] to Syracuse or its shareholders in order to establish PDVSA's affirmative defense of payment, waiver, and release."  Motion at 4-5, 7.  But Syracuse does not seek damages for missed coupon and principal payments before November 2017; any payments made or attempted prior to that date are not relevant to this action.  Any claim that PDVSA made payment through Clearstream or Euroclear after the date of its very public default flies in the face of all available evidence.  PDVSA should not be permitted to delay this action in search of non-existent evidence.  *See* ECF No. 40 at 4.  Further, evidence that PDVSA may have attempted payment through Clearstream or Euroclear after the date of its default (even if such evidence exists) will not support PDVSA's impossibility or impracticability defense, as noted above.

Third, PDVSA claims it requires information from Clearstream and Euroclear to demonstrate that Syracuse failed to acquire the rights of a Holder of the PDVSA notes under the terms of the relevant notes and indentures. However, Syracuse already produced documents establishing its standing to sue on the notes. *See* ECF No. 40 at 4-5; ECF No. 41-3. While PDVSA is free to argue that this authorization is somehow insufficient to convey standing, it should not be permitted to delay this action in search of vague information irrelevant to that argument.

## CONCLUSION

For the foregoing reasons and those included in Syracuse's Response, Syracuse respectfully requests that the Court deny the Motion. In the event the Court grants the Motion, Syracuse requests that it expressly condition that relief on not prolonging the parties' stipulated pre-trial schedule.

New York, New York
February 3, 2022

        Hughes Hubbard & Reed LLP

          /s/ Daniel H. Weiner
        Daniel H. Weiner
        One Battery Park Plaza
        New York, NY 10004
        Tel: 212-837-6874
        Fax: 212-299-6874
        Email: daniel.weiner@hugheshubbard.com

        Michael A. DeBernardis (admitted *pro hac vice*)
        Shayda Vance
        1775 I Street, N.W.
        Washington, D.C. 2006-2401
        Tel: 202-721-4678
        Fax: 202-729-4678
        Email: michael.debernardis@hugheshubbard.com

        *Counsel for Plaintiff Syracuse Mountains Corporation*