UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SYRACUSE MOUNTAINS CORPORATION,**<br><br>    Plaintiff,<br><br>  v.<br><br>**PETRÓLEOS DE VENEZUELA S.A.,**<br><br>    Defendant. | Docket No.: 1:21-cv-02684-VEC |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT PETRÓLEOS DE VENEZUELA, S.A.'S
<u>MOTIONS FOR ISSUANCE OF LETTERS OF REQUEST</u>**

HOGAN LOVELLS US LLP
390 Madison Avenue
New York, New York 10017

*Attorneys for Defendant
Petróleos de Venezuela, S.A.*

Dated: February 4, 2022

Defendant Petróleos de Venezuela, S.A. ("PDVSA") submits this reply memorandum in further support of its two Motions for Issuance of Letters of Request (ECF 34 & 42).

In its Responses in opposition to the Motions (ECF 40 & 44), Plaintiff Syracuse Mountains Corporation ("Syracuse") does not allege any defects in the form of the proposed letters of request and letter rogatory; nor does Syracuse argue that considerations of international comity weigh against making these standard discovery requests through diplomatic channels. Instead, Syracuse's Responses seek to bar PDVSA from obtaining any foreign discovery, attempting to pre-judge this case by denying PDVSA access to material and timely requested evidence supporting PDVSA's affirmative defenses.

## I.     PDVSA'S MOTION IS TIMELY AND DOES NOT SEEK TO DELAY

Contrary to Syracuse's statement that PDVSA's Motions seek to "extend discovery," PDVSA's motions were timely made during the fact discovery period and do not seek any delay. PDVSA filed its Motion on January 18, 2022, less than two weeks after receiving Syracuse's first Response to PDVSA's First Interrogatories and PDVSA's second Motion was filed less than two weeks later. In other words, both motions were filed squarely during the period for fact discovery set out in the Court's Case Management Plan. (*See* ECF 32). In its Response, Syracuse argues PDVSA could have sought the requested foreign, third-party discovery last year, immediately upon receiving Plaintiff's Complaint and before the fact discovery period had commenced. *See* First Resp. at 5–6. This argument is disingenuous. Defendants are not required to commence extensive factual discovery immediately upon receiving a Complaint, particularly when a motion to dismiss is pending and an answer had not yet been filed, as was the case here. The appropriate time for filing discovery requests is during the factual discovery period.

Moreover, Syracuse can hardly complain about the timing of PDVSA's foreign discovery requests given that Syracuse itself has delayed in responding to reasonable discovery requests that

could have obviated the need for much of the requested foreign discovery in the first place. PDVSA notes that as of the date of this Reply, Syracuse has still not produced discoverable information in the possession of its shareholders (who are also the prior beneficial owners of the PDVSA Notes), as required by PDVSA's December 8, 2021 discovery request and the Court's January 24, 2022 Order. (ECF 39). Syracuse cannot continue to delay production of discoverable information regarding the source of its claimed rights under the PDVSA Notes, while simultaneously arguing that the fact discovery period closed to PDVSA months before the deadline set out in the Court's Case Management Plan.

## II.   THE REQUESTED INFORMATION IS MATERIAL TO PDVSA'S DEFENSES

As set out in PDVSA's Motions, the information sought in the letters of request and letters rogatory is relevant to the defenses asserted in PDVSA's Answer, including the defenses that Syracuse lacks standing to enforce the PDVSA Notes; that Syracuse's claims are barred by the terms of the PDVSA Notes; that Syracuse's claims are barred by payment, release, waiver, and ratification; and that any alleged default on the PDVSA Notes was excused because circumstances outside of PDVSA's control made performance impossible or objectively impracticable.

It is particularly imperative that PDVSA is afforded the opportunity to access information from third parties regarding these defenses given that the unprecedented humanitarian and political crisis ongoing in Venezuela has prevented PDVSA from accessing its own witnesses and documents, severely hampering PDVSA's ability to defend itself based on its own files. The Government of President Juan Guaidó and PDVSA's Ad Hoc Board, which are the representatives of PDVSA in US judicial proceedings, do not have any access to, control over, or knowledge of PDVSA's assets, books, records, or personnel in Venezuela, and the illegitimate regime of Nicolás Maduro has prevented the Ad Hoc Board from accessing information, documentation, and witnesses relevant to the issues in this lawsuit.

In this context, Syracuse's request that the Court bar PDVSA from seeking any foreign discovery is nothing more than an attempt to side-step Syracuse's own burden of proof and deny PDVSA's defenses as a matter of law. Although Syracuse avers in its Responses that it possesses "evidence sufficient to demonstrate … undisputed facts" establishing its entitlement to relief notwithstanding any evidence that PDVSA might obtain through the proposed letters of request and letters rogatory, Syracuse notably has not filed any motion for summary judgment and has not presented this supposedly irrefutable evidence to the Court. First Resp. at 1–2. PDVSA should not be prevented from seeking discovery of information material and critical to its affirmative defenses based on Syracuse's blind assertion that it will be able to prove its case at trial.

In contrast to Syracuse's self-confident yet unsupported pleading, the actual documents Syracuse attached to its Responses reveal the necessity of the requested discovery. For example, although Syracuse argues that discovery from The Bank of New York Depositary (Nominees) Limited would be futile because Syracuse has already established that it is entitled to enforce the April 2007 PDVSA Notes, First Resp. at 5,[1] Syracuse has failed to produce any authorization from The Bank of New York Depositary (Nominees) Limited, the only entity permitted to authorize such suits. (*See* ECF 2-1 at 18 (April 2007 Indenture) (designating The Bank of New York Depositary (Nominees) Limited as "the **only holder and owner** of the [Regulation S Global Notes] **for all purposes** under this Indenture and the Notes")); *Fontana v. Republic of Argentina*, 415 F.3d 238 (2d Cir. 2005) (finding that plaintiffs failed to establish standing to enforce bonds in which they held beneficial interests because they did not produce documents showing that the

---

[1] PDVSA notes that that the proposed letter of request to The Bank of New York Depositary (Nominees) Limited is in any case not limited to this one request, and also seeks documents regarding the bank's policies for granting such authorizations, bank records relating to Syracuse and its shareholders, and information on payments handled by the bank under the notes. Syracuse has not challenged the relevance of these remaining categories of requested documents, nor has it raised any challenge to the majority of the categories of documents sought under the other letters of request and letters rogatory.

3

depositary or its nominee authorized the lawsuit).  While Syracuse is certainly entitled to argue, as it does in its First Response, that an authorization letter issued by its own bank three days before Syracuse filed its Complaint gives Syracuse the enforcement rights of a "Holder," PDVSA is equally entitled to seek discovery of contrary evidence from the only entity empowered to authorize Syracuse's suit.

Syracuse's attempt to bar PDVSA from obtaining discovery on its impossibility defense is a similarly impermissible attempt to pre-judge this case.  Despite Syracuse's claim to the contrary, the recent decision in *Dresser-Rand Company v. Petróleos de Venezuela, S.A.*, No. 19-cv-2689-LLS, Dkt. 150 (S.D.N.Y. Dec. 9, 2021), which was decided on its own facts, in no way forecloses PDVSA's impossibility defense here.  Critically, the court in *Dresser-Rand* did not bar discovery into an impossibility defense or hold that such a defense could not succeed as a matter of law.  In fact, the court in *Dresser-Rand* previously denied plaintiff's motion for summary judgment, finding that PDVSA's impossibility defense concerned a factual dispute that required a trial in order to resolve.  *Dresser-Rand Company v. Petróleos de Venezuela, S.A.*, No. 19-cv-2689-LLS, Dkt. 59 (S.D.N.Y. Feb. 11, 2020).  That the court in *Dresser-Rand* ultimately ruled in favor of plaintiff after a bench trial (which PDVSA has appealed) only underscores that the defense of impossibility is a factual question, not a legal question.  Because the facts in this case are different — involving different financial instruments and different banks — an opposite conclusion could be reached here.

### III.   CONCLUSION

For the foregoing reasons and those stated in PDVSA's memoranda of law in support of its Motions for Issuance of Letters of Request, Defendant PDVSA respectfully requests that this Court issue the requested letters of request and letters rogatory.

Dated: February 4, 2022
       New York, New York

Respectfully submitted,

**HOGAN LOVELLS US LLP**

By:  */s/ Dennis H. Tracey*
     Dennis H. Tracey
     390 Madison Avenue
     New York, NY 10017
     Phone: (212) 918-3000
     Fax:    (212) 918-3100
     dennis.tracey@hoganlovells.com

     Richard Lorenzo (admitted *pro hac vice*)
     600 Brickell Avenue, Suite 2700
     Miami, FL 33131
     Phone: (305) 459-6500
     Fax:    (305) 459-6550
     richard.lorenzo@hoganlovells.com

     Catherine Bratic (admitted *pro hac vice*)
     609 Main Street, Suite 4200
     Houston, TX 77002
     Phone: (713) 632-1400
     Fax:    (713) 632-1401
     catherine.bratic@hoganlovells.com

     *Counsel for Defendant*
     *Petróleos de Venezuela, S.A.*

5