

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

February 4, 2022

VIA EFILE

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY  10007
(212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

      Re:    *Syracuse Mountains Corp. v. Petróleos de Venezuela S.A.*,
             No. 21-cv-2684-VEC

Dear Judge Caproni:

      We represent plaintiff Syracuse Mountains Corporation ("Syracuse") in the above-referenced action.  We write jointly with counsel for defendant Petróleos de Venezuela S.A. ("PDVSA") in response to this Court's Order dated November 12, 2021 [Docket No. 32] in advance of the Pretrial Conference scheduled for February 11, 2022.

**Existing Deadlines**

      The current case management plan contains the following deadlines:

- By **February 9, 2022**, all fact discovery shall be completed.

- By **March 28, 2022,** all expert discovery, including reports, production of underlying documents, and depositions, shall be completed.

**Outstanding Motions**

      PDVSA has filed two motions for issuance of letters of request [Docket Nos. 34 and 42] and Syracuse has responded to those motions [Docket Nos. 40 and 44].  PDVSA filed a reply in support of both motions on February 4, 2022. [Docket No. 45]

**Status of Discovery**

      **Syracuse's position:** On December 29, 2021, Syracuse produced documents to PDVSA in response to PDVSA's request for document production and on January 7, 2022, Syracuse

responded to PDVSA's first set of interrogatories.  On January 25, 2022, Syracuse made available its representative for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  Syracuse is in the process of gathering certain additional documentation and hopes to be able to provide a final response to PDVSA's discovery requests by February 9, 2022.  There is no need for the Court to revise its existing deadlines for completion of expert discovery or filing of dispositive motions.

**PDVSA's position:** PDVSA continues to await Syracuse's full production of documents and revised response to interrogatories in response to the Court's order regarding the disclosure of information from Syracuse's ultimate beneficial owners [Docket No. 39].  PDVSA has sought discovery from banks and other financial institutions with information material to PDVSA's defenses, including in its two motions for issuance of letters of request [Docket Nos. 34 and 42], both of which remain pending. Because PDVSA has not yet received these categories of discovery sought pursuant to timely requests during the discovery period, PDVSA requests that the court delay any deadlines for expert discovery or dispositive motions until this information can be provided to PDVSA.

**Prospects of Settlement**

The parties have not had meaningful settlement discussions.  While they believe that settlement is unlikely at this stage of the litigation, they remain open to discussions at a later date.

**Trial**

**Syracuse's position:** Syracuse does not believe this case needs to be tried by a jury and anticipates that a bench trial would take approximately one day. In Syracuse's view, this matter would be most efficiently handled through summary judgment proceedings.

**PDVSA's position:** PDVSA agrees that a bench trial, rather than a jury trial, is appropriate. PDVSA reserves its right to file a dispositive motion based on Syracuse's still-outstanding responses to PDVSA's discovery requests.

**Contemplated Motions**

**Syracuse's Position**: At the appropriate time following fact discovery, Syracuse intends to file a motion for summary judgment on liability and damages.  Syracuse believes that this is a straightforward breach of contract case about PDVSA's liability on its Notes.  Syracuse does not expect that PDVSA can or will contest its obligations to pay principal and interest on the Notes or that PDVSA has failed to make such payments.  Syracuse intends to present documents showing that Syracuse beneficially holds the Notes in the amounts alleged in the complaint.  Syracuse also intends to present documents showing that Syracuse has the right to sue upon the Notes at issue in the complaint.   Although Syracuse has agreed to deadlines regarding expert discovery, Syracuse does not believe that expert discovery should be necessary.  Therefore, Syracuse believes that summary judgment will be appropriate following fact discovery.

**PDVSA's Position**: PDVSA reserves its right to file a motion for summary judgment based on Syracuse's failure to meet its burden to prove any element of its claims.

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| Daniel H. Weiner | Dennis H. Tracey |
| HUGHES HUBBARD & REED LLP | HOGAN LOVELLS US LLP |
| One Battery Park Plaza | 390 Madison Avenue |
| New York, NY 10004 | New York, NY 10017 |
| Tel: 212-837-6000 | Tel: 212-918-3524 |
| Fax: 212-422-4726 | Fax: 212-918-3100 |
| nicolas.swerdloff@hugheshubbard.com | dennis.tracey@hoganlovells.com |
| | |
| Michael A. DeBernardis (admitted *pro hac vice*) | Richard Lorenzo (admitted *pro hac vice*) |
| Shayda Vance | HOGAN LOVELLS US LLP |
| HUGHES HUBBARD & REED LLP | 600 Brickell Avenue, Suite 2700 |
| 1775 I Street, NW | Miami, FL 33131 |
| Washington, DC 20006 | Telephone: (305) 459-6500 |
| Tel: 202-721-4600 | Fax: (305) 459-6550 |
| Fax: 212-422-4726 | richard.lorenzo@hoganlovells.com |
| | |
| *Counsel for Plaintiff Syracuse Mountains Corp.* | Catherine Bratic (admitted *pro hac vice*) |
| | HOGAN LOVELLS US LLP |
| | 609 Main Street, Suite 4200 |
| | Houston, TX 77002 |
| | Telephone: (713) 632-1400 |
| | Fax: (713) 632-1401 |
| | catherine.bratic@hoganlovells.com |
| | |
| | *Counsel for Defendant Petróleos de Venezuela S.A.* |