UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/22

SYRACUSE MOUNTAINS
CORPORATION,

    Plaintiff,

v.

PETRÓLEOS DE VENEZUELA S.A.,

    Defendant.

Civil Action No. 1:21-cv-02684-VEC

**Letter of Request for International Judicial Assistance, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to Clearstream Banking S.A.**

    The United States District Court for the Southern District of New York presents its compliments to the Luxembourg Central Authority for the Hague Evidence Convention and requests international judicial assistance to obtain evidence to be used in a civil proceeding currently pending in the United States.

    The Court has reviewed the particular requests for evidence and has concluded that they are directed to issues that the Court will address in the above-captioned action. The assistance requested herein is therefore necessary and in the interests of justice.

1. Sender

   The Honorable Valerie E. Caproni
   U.S. District Court for the Southern District of New York
   40 Foley Square
   New York, New York 10007
   United States

2. Central Authority of the Requested State

   L-2080 Luxembourg,
   Cité Judiciaire,
   Plateau du St-Esprit,
   Bâtiment CR

3. Person to whom the executed request is to be returned

   Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic
   Hogan Lovells US LLP
   390 Madison Avenue
   New York, New York 10017
   United States
   dennis.tracey@hoganlovells.com
   richard.lorenzo@hoganlovells.com
   catherine.bratic@hoganlovells.com

| | | |
|---|---|---|
| 4. | Name and address of person from whom evidence is sought | Clearstream Banking S.A.<br>42 Avenue JF Kennedy<br>L-1855 Luxembourg<br>Luxembourg |
| 5. | Date by which the requesting authority requires receipt of the response to the Letter of Request | February 9, 2022, or as soon as practicable. |

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

| | | |
|---|---|---|
| 6. | Requesting judicial authority | The Honorable Valerie E. Caproni<br>U.S. District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States |
| 7. | To the competent authority of | Grand Duchy of Luxembourg |
| 8. | Name of the case and identifying number | Syracuse Mountains Corporation v. Petróleos de Venzuela, S.A.<br>S.D.N.Y. Docket No. 1:21-cv-02684-VEC |
| 9. | Name and address of the plaintiff and its representatives | Syracuse Mountains Corporation<br>Nicolas Swerdloff, Michael A. DeBernardis<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>United States |
| 10. | Name and address of the defendant and its representatives | Petróleos de Venezuela, S.A.<br>Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States |
| 11. | Nature of the proceedings and summary of complaint and defenses | Syracuse Mountains Corporation ("Syracuse") commenced a civil action against Petróleos de Venezuela, S.A. ("PDVSA") for a money judgment for amounts allegedly owed by PDVSA pursuant to five note agreements issued by PDVSA. Discovery in the case is ongoing. |

|  |  |
|---|---|
|  | Syracuse alleges that PDVSA made initial payments due under the notes, but failed to make payments beginning in late 2017. Syracuse claims that it is entitled to a money judgment from PDVSA for the unpaid principal and interest on the notes. |
|  | PDVSA intends to establish that the sanctions that the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the notes because banking institutions involved in the transactions rejected or refused to transfer payments from PDVSA. |
| 12. Evidence to be obtained | Documents described in Schedule A, attached. |
| 13. Purpose of the evidence sought | PDVSA seeks evidence relating to Clearstream Banking S.A.'s ownership records for the PDVSA notes, as well as the records it has relating to authorizations granted to Syracuse and its shareholders, in order to establish that Syracuse lacks standing to enforce these notes. Furthermore, because Clearstream Banking S.A. was responsible for receiving and distributing payments to beneficial holders of the notes, PDVSA seeks discovery regarding payments made by Clearstream Banking S.A. to Syracuse or its shareholders in order to establish PDVSA's affirmative defense of payment, waiver, and release, as well as to rebut the quantum of damages claimed by Syracuse. |
| 14. Documents or other property to be inspected or produced | See Schedule A, attached. |
| 15. Special methods or procedure to be followed | See Schedule A, attached. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The person from whom evidence is requested may decline to answer a question or produce a requested document under any applicable privilege, protection, or immunity under the laws of the United States of America. |

| | |
|---|---|
| 17. Fees and costs incurred which are reimbursable under the second paragraph of Article 14 or Article 26 of the Convention will be borne by: | Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States<br>dennis.tracey@hoganlovells.com<br>richard.lorenzo@hoganlovells.com<br>catherine.bratic@hoganlovells.com |

DATE OF REQUEST      *Feb 11 2022*

SO ORDERED      *[signature]*

Hon. Valerie E. Caproni
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

### DEFINITIONS

1. "Clearstream," "you," or "your" refers to Clearstream Banking S.A., its present or former agents, employees, representatives, or other persons acting or purporting to act for or on its behalf.

1. "Syracuse Mountains Corporation" refers to Plaintiff Syracuse Mountains Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

2. "Albany Investment Capital" refers to Albany Investment Capital Ltd., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

3. "Epumal" refers to Epumal SA, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

4. "Mathdav" refers to Mathdav Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

5. "Samambaia Investments" refers to Samambaia Investments Ltd., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

6. "Syoncem" refers to Syoncem Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

7. "Titan International Finance" refers to Titan International Finance Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

8. "PDVSA" refers to Defendant Petróleos de Venezuela, S.A., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

9. The "April 2007 Notes" refers to the 5.375% notes issued by PDVSA on April 12, 2007 and due on April 12, 2027, with ISIN XS0294364954, for which Clearstream served as a depository.

10. The "February 2011 Notes" refers to the 12.75% notes issued by PDVSA in February 2011, and due on February 17, 2022, with ISIN USP7807HAM71, for which Clearstream served as depositary.

11. The "November 2011 Notes" refers to the 9.00% notes issued by PDVSA in November 2011, and due on November 17, 2021, with ISIN USP7807HAP03, for which Clearstream served as depositary.

12. The "May 2012 Notes" refers to the 9.75% notes issued by PDVSA in May 2012, and due on May 17, 2035, with ISIN USP7807HAQ85, for which Clearstream served as depositary.

13. The "November 2013 Notes" refers to the 6.00% notes issued by PDVSA in November 2013, and due on November 15, 2026, with ISIN USP7807HAR68, for which Clearstream served as depositary.

14. The "PDVSA Notes" refers to any of the April 2007, the February 2011 Notes, the November 2011 Notes, the May 2012 Notes, and/or the November 2013 Notes.

## INSTRUCTIONS

1. This request is a continuing request, and to the extent that at any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

2. A request for any document shall be deemed to include a request for all drafts thereof and all revisions and modifications thereto in addition to the document itself.

3. A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4. If any document requested is not produced on the basis of an assertion of the attorney-client privilege, work-product doctrine, or any claim of privilege or immunity, identify each such document together with sufficient information to permit the court to make a determination as to whether there is a proper basis for withholding such a document. In so doing, the following information must be supplied in writing: (i) the type of document (e.g., letter, memorandum or report); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author or sender of the document; (v) the addressee or recipient of the document; (vi) each person who received a copy of the document; (vii) the privilege asserted; and (viii) the basis for asserting such a privilege.

5. If an objection to any particular portion of this request is asserted, documents responsive to any other portion of this request as to which there is no objection must be produced.

6. The documents requested should be produced as they were kept in the ordinary course of business, and should be produced with any file folder labels in a manner that will enable Defendant to determine the person, database, or records from whose files each document was

obtained, or, alternatively, the documents can be labeled to correspond to the categories of documents requested.

7. Electronic documents shall be produced in readily usable and searchable electronic format.

8. Unless otherwise stated, each request seeks documents and information from April 12, 2007 to present.

## DOCUMENTS REQUESTED

1. All documents concerning payments you received from PDVSA or paying agents in relation to the PDVSA Notes.

2. All documents concerning payments made by you to beneficial owners of the PDVSA Notes in connection with the PDVSA Notes.

3. All documents concerning any payments sent by PDVSA or the paying agents in relation to the PDVSA Notes that were rejected by you or that otherwise could not be completed.

4. Records of all PDVSA Notes deposited with you, for which any of Syracuse Mountains Corporation, Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance is indicated as the beneficial owner of said note.

5. Any proxies or other authorizations granted by you to any of Syracuse Mountains Corporation, Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance to take action as a holder of the PDVSA Notes.

6. Copies of any rules or procedures applied by you in determining whether to allow beneficial owners of the PDVSA Notes to exercise the rights of holders under said notes.

7. Records of any payments received by you in connection with the PDVSA Notes, whether from PDVSA, The Bank of New York, or any other entity.

8. Records of any payment made under the PDVSA Notes to the accounts of Syracuse Mountains Corporation, Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance.

9. All correspondence relating to, or in response to, the letter from Safra Securities to the Depository Trust & Clearing Corporation, attached as **Exhibit 1**.

10. All correspondence with Safra Securities LLC, Safra National Bank of New York, Syracuse Mountains Corporation, Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance relating to the PDVSA Notes.

# EXHIBIT 1



# Safra Securities

To
Patrick Collins
The Depository Trust & Clearing Corporation
CEDE&CO.
570 Washington Blvd
Jersey City, N.J. 07310

Ref: Request to confirm positions held on our account on behalf of our client(s)

Dear Sirs,

By this letter, we, Safra Securities LLC DTCC Participant # 8457 (i) inform you that the holdings listed below (the "Notes"), currently held in our account with yourselves for the benefit of our client Safra National Bank of New York ("SNBNY"), are held by SNBNY, as custodian, for the benefit of its client Syracuse Mountains Corporation (the "Beneficial Owner"); and (ii) request you to:

    (a) provide written confirmation to Hughes Hubbard & Reed LLP, C/O Michael DeBernardis, with Address at 1775 I St NW, Washington, DC 20006, that such Notes are ultimately held in benefit of the Beneficial Owner; and

    (b) authorize the Beneficial Owner to take any and all actions and exercise any and all rights and remedies that Cede & Co., as the holder of record of such Notes, is entitled to take with respect to the Notes, the relevant indentures, any collateral, security and /or guarantees and any other applicable document(s).

| Issuer | Notes | CUSIP | Face Value Held |
|---|---|---|---|
| Petróleos de Venezuela, S.A. | 8.5% Notes due 2020 | P7807HAV7 | 42,738,000 (*) |
| Petróleos de Venezuela, S.A | 9% Notes due 2021 | P7807HAP0 | 2,000,000 |
| Petróleos de Venezuela, S.A | 12.75% Notes due 2022 | P7807HAM7 | 214,150,000 |
| Petróleos de Venezuela, S.A | 6% Notes due 2026 | P7807HAR6 | 20,000,000 |
| Petróleos de Venezuela, S.A | 9.75% Notes due 2035 | P7807HAQ8 | 69,150,000 |
| Bolivarian Republic of Venezuela | 13.625% notes due 2018 | 922646AT1 | 123,027,000 |
| Bolivarian Republic of Venezuela | 7% notes due 2018 | P97475AD2 | 2,500,000 |
| Bolivarian Republic of Venezuela | 12.75% notes due 2022 | P17625AC1 | 55,530,000 |
| Bolivarian Republic of Venezuela | 9% notes due 2023 | P17625AA5 | 1,500,000 |
| Bolivarian Republic of Venezuela | 8.25% notes due 2024 | P97475AP5 | 6,000,000 |
| Bolivarian Republic of Venezuela | 11.75% notes due 2026 | P17625AE7 | 39,250,000 |
| Bolivarian Republic of Venezuela | 9.25% notes due 2027 | 922646AS37 | 37,500,000 |
| Bolivarian Republic of Venezuela | 9.25% notes due 2028 | P17625AB3 | 17,790,000 |
| Bolivarian Republic of Venezuela | 11.95% notes due 2031 | P17625AD9 | 26,250,000 |
| Bolivarian Republic of Venezuela | 9.375% notes due 2034 | 922646BL74 | 16,500,000 |

(*) the original issued principal face amount of 42,738,000 has subsequently been subject of two partial amortization, resulting on an outstanding principal face value of 21,369,000.

546 Fifth Avenue
New York, NY 10036

SM000091



# Safra Securities

Please contact us if any additional information is needed to allow you to fulfill this request. Looking forward to hear back from you. We appreciate your cooperation and prompt assistance on this matter.

Regards,

    SAFRA SECURITIES LLC

By: _____   By: _____
Thomas Oswald                         Rafaelo Colombo
COO                                       EVP Operations