

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Dennis H. Tracey, III
Partner
T + 1 212 918 3524
dennis.tracey@hoganlovells.com

April 1, 2022

*VIA ECF*

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007
(212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

Re:     *Syracuse Mountains Corp. v. Petróleos de Venezuela S.A.*, No. 21-cv-2684- VEC

Dear Judge Caproni:

We represent defendant Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced action. As directed by this Court in its order dated February 11, 2022 [ECF No. 49], we submit this letter to provide the Court with an update regarding the status of discovery.

**Letters of Request**

On February 14, 2022—after briefing and oral argument—this Court issued ten letters rogatory at the request of PDVSA directed at third-parties located in seven different countries.  Since that time, PDVSA has worked to retain local counsel in each respective jurisdiction, translate the letters rogatory into the appropriate native language where necessary, complete any other necessary papers in compliance with local laws, and deliver the letters rogatory to the designated central authority in each country.  As of the date of this letter, 9 of the 10 letters of request have been delivered to the appropriate central authority.  PDVSA expects to start receiving responses from the submitted letters rogatory in the coming weeks.

The only letters rogatory that have not yet been delivered to the central authority are those directed to Gazprombank, which needs to be delivered to the central authority in Russia.  Given Russia's recent invasion of Ukraine, and the international response, many mail carriers have suspended service to Russia.  Accordingly, PDVSA has experienced delays in being able to complete and deliver the letters rogatory to the central authority in Russia.  PDVSA is currently exploring alternative options for delivery and hopes to be able to complete delivery by next week.

**Party Discovery**

Since the February 11, 2022 conference, PDVSA has received two document productions from Syracuse—one on March 8 and the other on March 25. While these productions contain some documents purporting to reflect the acquisition of the Notes by Syracuse's shareholders, the documentation is far from complete, and does not account for all of the Notes at issue. PDVSA will continue to work with Syracuse regarding the completeness of its production. In the meantime, PDVSA has served third-party discovery, discussed below, seeking information regarding the transfer and ownership of the Notes.

**Third-party Discovery**

After reviewing the documents produced by Syracuse, PDVSA determined it was necessary to seek third-party discovery concerning Syracuse's ownership of the Notes, as well as information in support of PDVSA's champerty defense. On March 18, 2022, PDVSA served Safra National Bank of New York and Safra Securities LLC ("Safra Entities") with a document subpoena, and Safra employee Sigmund Peter Javier with a deposition subpoena. On March 21, PDVSA served a subpoena on Safra employee Sheldon Kirsh. On March 30, PDVSA served former Safra employee Mauricio Abadi with a document and deposition subpoena. The Safra Entities provided banking services to Syracuse and/or its shareholders, and are believed to possess documents and information concerning Syracuse's purported ownership of the Notes and transfers thereof.

PDVSA was recently contacted by counsel representing the Safra Entities and Messrs. Javier and Kirsh regarding the subpoenas. PDVSA plans to conduct a meet-and-confer with counsel next week. During the meet-and-confer, beyond discussing compliance with the subpoenas, PDVSA also intends to raise whether counsel can accept service on behalf of a third Safra entity located abroad that is believed to also possess relevant information—J. Safra Sarasin.

**Amended Answer**

As discussed during the March 7 conference, PDVSA intends to assert a champerty defense. In that connection, PDVSA is submitting a separate letter to the Court contemporaneously with this letter seeking leave to file an amended answer adding champerty as an affirmative defense. Syracuse has consented to the filing of the amended answer.

Respectfully submitted,

/s/ Dennis H. Tracey, III
Dennis H. Tracey, III
*Counsel for PDVSA*