UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SYRACUSE MOUNTAINS
CORPORATION,

        Plaintiff,

v.

PETRÓLEOS DE VENEZUELA S.A.,

        Defendant.

Docket No.: 1:21-cv-02684-VEC

---

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT PETRÓLEOS DE VENEZUELA, S.A.**

1. Defendant Petróleos de Venezuela, S.A. ("PDVSA") files this Amended Answer and Affirmative Defenses to the Complaint (Dkt. No. 1) filed by plaintiff Syracuse Mountains Corporation ("Plaintiff" or "Syracuse") (the "Complaint").

**FOR A RESPONSE TO "NATURE OF THE ACTION"**

2. Plaintiff's statement describing the nature of the action in paragraphs 1–3 does not contain any allegations against PDVSA and therefore, no response by PDVSA is required.

3. To the extent a response is required, PDVSA denies the allegations contained in paragraphs 1–3 of the Complaint.

**FOR A RESPONSE TO "THE PARTIES"**

4. PDVSA denies knowledge or information sufficient for form a belief as to the allegations contained in paragraph 4 of the Complaint.

5. PDVSA admits the allegations contained in paragraph 5 of the Complaint.

**FOR A RESPONSE TO "JURISDICTION AND VENUE"**

6. In response to the allegations contained in paragraph 6 of the Complaint, PDVSA admits that it is a "foreign capital stock corporation owned directly by the Republic, which is a foreign state"; admits that it waived the defense of sovereign immunity to jurisdiction in the Indentures; and as to the remaining allegations, which are legal conclusions, no response is required.

7. In response to the allegations contained in paragraph 7 of the Complaint, PDVSA demies that "PDVSA regularly conducts business in New York"; admits that PDVSA consented in the Indentures to submit to the jurisdiction of this court; and, as to the remaining allegations, which are legal conclusions, no response is required.

8. PDVSA admits the allegations contained in paragraph 8 of the Complaint.

9. PDVSA admits the allegations contained in paragraph 9 of the Complaint insofar as it concerns the February 17, 2011 Indenture, the November 17, 2011 Indenture, the May 17, 2021 Indenture, and the November 15, 2013 Indenture. PDVSA denies that it appointed Corporation Service Company in Section 10.10(b) of the April 12, 2007 Indenture.

**FOR A RESPONSE TO "FACTUAL ALLEGATIONS"**

10. PDVSA admits the allegations contained in paragraph 10 of the Complaint.

11. PDVSA admits the allegations contained in paragraph 11 of the Complaint.

12. PDVSA admits the allegations contained in paragraph 12 of the Complaint.

13. PDVSA admits the allegations contained in paragraph 13 of the Complaint.

14. PDVSA admits the allegations contained in paragraph 14 of the Complaint.

15. PDVSA lacks sufficient knowledge or information to form a belief about the amount of principal beneficially held by Syracuse for each of the Notes or the ISIN number for the notes issued under the 2007 Indenture. PDVSA otherwise admits the remainder of the allegations contained in paragraph 15 of the Complaint.

16. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. PDVSA denies the allegations contained in the first sentence of paragraph 18 of the Complaint. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 18 of the Complaint.

19. PDVSA denies the allegations contained in the first sentence of paragraph 19 of the Complaint. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 19 of the Complaint.

**FOR A RESPONSE TO "COUNT I"**

20. In response to the allegations contained in paragraph 20 of the Complaint, PDVSA repeats and incorporates as if fully set forth herein each and every response to the allegations contained in paragraphs 1 through 19 of the Complaint.

21. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. PDVSA denies the allegations contained in paragraph 23 of the Complaint.

**FOR A RESPONSE TO "COUNT II"**

24. In response to the allegations contained in paragraph 24 of the Complaint, PDVSA repeats and incorporates as if fully set forth herein each and every response to the allegations contained in paragraphs 1 through 19 of the Complaint.

25. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. PDVSA denies the allegations contained in paragraph 27 of the Complaint.

**FOR A RESPONSE TO "COUNT III"**

28. In response to the allegations contained in paragraph 28 of the Complaint, PDVSA repeats and incorporates as if fully set forth herein each and every response to the allegations contained in paragraphs 1 through 19 of the Complaint.

29. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. PDVSA denies the allegations contained in paragraph 31 of the Complaint.

**FOR A RESPONSE TO "COUNT IV"**

32. In response to the allegations contained in paragraph 32 of the Complaint, PDVSA repeats and incorporates as if fully set forth herein each and every response to the allegations contained in paragraphs 1 through 19 of the Complaint.

33. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. PDVSA denies the allegations contained in paragraph 35 of the Complaint.

**FOR A RESPONSE TO "COUNT V"**

36. In response to the allegations contained in paragraph 36 of the Complaint, PDVSA repeats and incorporates as if fully set forth herein each and every response to the allegations contained in paragraphs 1 through 19 of the Complaint.

37. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. PDVSA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. PDVSA denies the allegations contained in paragraph 39 of the Complaint.

**FOR A RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

40. PDVSA denies that Plaintiff is entitled to judgment in its favor, damages against PDVSA, its costs and attorneys' fees, or any other relief demanded by Plaintiff in paragraphs A through D on page 8 of the Complaint.

**GENERAL DENIAL**

41. PDVSA denies any and all allegations not specifically addressed above.

**AFFIRMATIVE DEFENSES**

**FOR A FIRST AFFIRMATIVE DEFENSE**

42. Plaintiff has not alleged any damages for which PDVSA is, or could be, legally responsible.

**FOR A SECOND AFFIRMATIVE DEFENSE**

43. PDVSA's alleged defaults are excused because circumstances outside of PDVSA's control made its performance impossible or objectively impracticable.

**FOR A THIRD AFFIRMATIVE DEFENSE**

44. Plaintiff's claims and causes of action are barred because Plaintiff has not performed all conditions precedent that it was required to perform before filing suit.

**FOR A FOURTH AFFIRMATIVE DEFENSE**

45. Plaintiff's claims and causes of action are barred, in whole or in part, by the terms and conditions of the governing Indenture and Notes.

**FOR A FIFTH AFFIRMATIVE DEFENSE**

46. Plaintiff's claims and causes of action are barred, in whole or in part, by the doctrines of payment, release, waiver, and ratification.

**FOR A SIXTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims and causes of action are barred because Plaintiff lacks standing to assert such claims and causes of action.

48. Plaintiff is barred from asserting the claims and causes of action in the Complaint because it is not a Holder of the Notes.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**

49.     Plaintiff's claims are barred in whole or in part, because any alleged assignment of the Notes violated prohibitions on champerty.

WHEREFORE, PDVSA respectfully requests that the Complaint and each and every cause of action asserted therein against PDVSA be dismissed, with prejudice, that the Court enter judgment that Plaintiff take nothing and assess costs against Plaintiff, and grant PDVSA such other and further relief as the Court deems just and proper.

Dated:  April 4, 2022                              Respectfully submitted,
        New York, New York

                                                   **HOGAN LOVELLS US LLP**

                                           By:     */s/ Dennis H. Tracey*
                                                   Dennis H. Tracey
                                                   390 Madison Avenue
                                                   New York, NY 10017
                                                   Phone: (212) 918-3000
                                                   Fax:    (212) 918-3100
                                                   dennis.tracey@hoganlovells.com

                                                   Richard Lorenzo (admitted *pro hac vice*)
                                                   600 Brickell Avenue, Suite 2700
                                                   Miami, FL 33131
                                                   Phone:  (305) 459-6500
                                                   Fax:    (305) 459-6550
                                                   richard.lorenzo@hoganlovells.com

                                                   Catherine Bratic (admitted *pro hac vice*)
                                                   609 Main Street, Suite 4200
                                                   Houston, TX 77002
                                                   Phone: (713) 632-1400
                                                   Fax:    (713) 632-1401
                                                   catherine.bratic@hoganlovells.com

                                                   *Counsel for Defendant*
                                                   *Petróleos de Venezuela, S.A.*

**TO** (via ECF):

Nicholas Swerdloff
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 831-6167
Facsimile:   (305) 351-9771
Email: nicolas.swerdloff@hugheshubbard.com

Michael A. DeBernadis
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4678
Facsimile:  (202) 729-4678
Email: michael.debernardis@hugheshubbard.com

*Counsel for Plaintiff*