# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>PETRÓLEOS DE VENEZUELA S.A.,<br><br>      Defendant. | Civil Action No. 1:21-cv-02684-VEC<br><br>**Letter of Request for International Judicial Assistance, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to Banque J. Safra Sarasin (Luxembourg) SA** |

  The United States District Court for the Southern District of New York presents its compliments to the Luxembourg Central Authority for the Hague Evidence Convention and requests international judicial assistance to obtain evidence to be used in a civil proceeding currently pending in the United States.

  The Court has reviewed the particular requests for evidence and has concluded that they are directed to issues that the Court will address in the above-captioned action. The assistance requested herein is therefore necessary and in the interests of justice.

| | | |
|---|---|---|
| 1. | Sender | The Honorable Valerie E. Caproni<br>U.S. District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States |
| 2. | Central Authority of the Requested State | Parquet général - Le Procureur général d'Etat<br>Bâtiment CR<br>Plateau du St-Esprit<br>Cité Judiciaire<br>L-2080 Luxembourg |
| 3. | Person to whom the executed request is to be returned | Dennis H. Tracey III, Richard C. Lorenzo, and Catherine E. Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States<br>dennis.tracey@hoganlovells.com<br>richard.lorenzo@hoganlovells.com |

|   |   |   |
|---|---|---|
|   |   | catherine.bratic@hoganlovells.com |
| 4. | Name and address of person from whom evidence is sought | Banque J. Safra Sarasin (Luxembourg) SA<br>17-21, Boulevard Joseph II<br>L-1840 Luxembourg |
| 5. | Date by which the requesting authority requires receipt of the response to the Letter of Request | June 29, 2022, or as soon as practicable. |

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

| | | |
|---|---|---|
| 6. | Requesting judicial authority | The Honorable Valerie E. Caproni<br>U.S. District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States |
| 7. | To the competent authority of | Luxembourg |
| 8. | Name of the case and identifying number | Syracuse Mountains Corporation v. Petróleos de Venzuela, S.A.<br>S.D.N.Y. Docket No. 1:21-cv-02684-VEC |
| 9. | Name and address of the plaintiff and its representatives | Syracuse Mountains Corporation<br>Nicolas Swerdloff, Michael A. DeBernardis<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>United States |
| 10. | Name and address of the defendant and its representatives | Petróleos de Venezuela, S.A.<br>Dennis H. Tracey III, Richard C. Lorenzo, and Catherine E. Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States |
| 11. | Nature of the proceedings and summary of complaint and defenses | Syracuse Mountains Corporation ("Syracuse") commenced a civil action against Petróleos de Venezuela, S.A. ("PDVSA") for a money judgment for amounts allegedly owed by PDVSA pursuant to five note agreements issued by |

|  |  |
|---|---|
|  | PDVSA. |
|  | Syracuse alleges that PDVSA made initial payments due under the notes, but failed to make payments beginning in late 2017. Syracuse claims that it is entitled to a money judgment from PDVSA for the unpaid principal and interest on the notes. |
|  | PDVSA has raised a number of defenses, including that Syracuse lacks standing to sue, that Syracuse's claims are barred or unripe under the terms of the notes and their corresponding indentures, that Syracuse's claims are barred by champerty, and that PDVSA's performance would be impossible or impracticable. |
| 12. Evidence to be obtained | Documents described in Schedule A, attached. |
| 13. Purpose of the evidence sought | PDVSA seeks evidence to establish that Syracuse lacks standing to enforce the PDVSA notes because it did not acquire good title to those notes from its shareholders and beneficial owners, and never obtained the requisite authorizations to sue. PDVSA further seeks evidence to establish that Syracuse and its shareholders and beneficial owners acquired the notes for the purpose of pursuing this litigation, and that there claims are therefore barred by champerty under New York law. |
| 14. Documents or other property to be inspected or produced | See Schedule A, attached. |
| 15. Special methods or procedure to be followed | See Schedule A, attached. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The person from whom evidence is requested may decline to answer a question or produce a requested document under any applicable privilege, protection, or immunity under the laws of the United States of America. |
| 17. Fees and costs incurred which are reimbursable under the second paragraph of Article 14 or Article 26 of the Convention will be borne | Dennis H. Tracey III, Richard C. Lorenzo, and Catherine E. Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017 |

by:                                          United States
                                                  dennis.tracey@hoganlovells.com
                                                  richard.lorenzo@hoganlovells.com
                                                  catherine.bratic@hoganlovells.com

DATE OF REQUEST

_____

SO ORDERED

_____
Hon. Valerie E. Caproni
UNITED STATES DISTRICT JUDGE

# SCHEDULE A

## DEFINITIONS

1. "J. Safra Sarasin," "you," or "your" refers to Banque J. Safra Sarasin (Luxembourg) SA, its subsidiaries and affiliates, its subsidiaries, present or former agents, employees, representatives, or other persons or entities acting or purporting to act for or on its behalf.

2. "Syracuse Mountains Corporation" refers to Plaintiff Syracuse Mountains Corporation, its present or former agents, employees, representatives, shareholders, owners, ultimate beneficial owners, or other persons acting for or on its behalf.

3. "Cede & Co." refers to Cede & Company, is present or former agents, employees, representatives, or other persons acting or purporting to act for or on its behalf.

4. "Albany Investment Capital" refers to Albany Investment Capital Ltd., its present or former agents, employees, representatives, shareholders, owners, ultimate beneficial owners, or other persons acting for or on its behalf.

5. "Epumal" refers to Epumal SA, its present or former agents, employees, representatives, shareholders, owners, ultimate beneficial owners, or other persons acting for or on its behalf.

6. "Mathdav" refers to Mathdav Corporation, its present or former agents, employees, representatives, shareholders, owners, ultimate beneficial owners, or other persons acting for or on its behalf.

7. "Samambaia Investments" refers to Samambaia Investments Ltd., its present or former agents, employees, representatives, shareholders, owners, ultimate beneficial owners, or other persons acting for or on its behalf.

8.    "Syoncem" refers to Syoncem Corporation, its present or former agents, employees, representatives, shareholders, owners, ultimate beneficial owners, or other persons acting for or on its behalf.

9.    "Titan International Finance" refers to Titan International Finance Corporation, its present or former agents, employees, representatives, shareholders, owners, ultimate beneficial owners, or other persons acting for or on its behalf.

10.   "PDVSA" refers to Defendant Petróleos de Venezuela, S.A., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

11.   The "April 2007 Notes" refers to the 5.375% notes issued by PDVSA on April 12, 2007 and due on April 12, 2027, with ISIN XS0294364954, for which The Bank of New York acted as Trustee, Registrar, and Principal Paying Agent.

12.   The "February 2011 Notes" refers to the 12.75% notes issued by PDVSA on February 17, 2011 and due on February 17, 2022, with ISIN USP7807HAM71, for which Citibank acted as Registrar, Transfer Agent, and Principal Paying Agent.

13.   The "November 2011 Notes" refers to the 9.00% notes issued by PDVSA on November 17, 2011 and due on November 17, 2021, with ISIN USP7807HAP03, for which Citibank acted as Registrar, Transfer Agent, and Principal Paying Agent.

14.   The "May 2012 Notes" refers to the 9.75% notes issued by PDVSA on May 17, 2012 and due on May 17, 2035, with ISIN USP7807HAQ85, for which Citibank acted as Registrar, Transfer Agent, and Principal Paying Agent.

15.   The "November 2013 Notes" refers to the 6.00% notes issued by PDVSA on November 15, 2013 and due on November 15, 2026, with ISIN USP7807HAR68, for which Citibank acted as Registrar, Transfer Agent, and Principal Paying Agent.

16. The term "PDVSA Notes" collectively refers to the April 2007 Notes, February 2011 Notes, November 2011 Notes, May 2012 Notes, and November 2013 Notes.

## INSTRUCTIONS

1. This request is a continuing request, and to the extent that at any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

2. A request for any document shall be deemed to include a request for all drafts thereof and all revisions and modifications thereto in addition to the document itself.

3. A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4. If any document requested is not produced on the basis of an assertion of the attorney-client privilege, work-product doctrine, or any claim of privilege or immunity, identify each such document together with sufficient information to permit the court to make a determination as to whether there is a proper basis for withholding such a document. In so doing, the following information must be supplied in writing: (i) the type of document (e.g., letter, memorandum or report); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author or sender of the document; (v) the addressee or recipient of the document; (vi) each person who received a copy of the document; (vii) the privilege asserted; and (viii) the basis for asserting such a privilege.

5. If an objection to any particular portion of this request is asserted, documents responsive to any other portion of this request as to which there is no objection must be produced.

6.      The documents requested should be produced as they were kept in the ordinary course of business, and should be produced with any file folder labels in a manner that will enable Defendant to determine the person, database, or records from whose files each document was obtained, or, alternatively, the documents can be labeled to correspond to the categories of documents requested.

7.      Electronic documents shall be produced in readily usable and searchable electronic format.

8.      Unless otherwise stated, each request seeks documents and information from April 12, 2007 to present.

## DOCUMENTS REQUESTED

1.      All documents concerning or evidencing ownership or beneficial ownership of the PDVSA Notes by Albany Investment Capital, Epumal, Syoncem, or Titan International Finance.

2.      Records of any payment made under the PDVSA Notes and credited to the accounts of Albany Investment Capital, Epumal, Syoncem, or Titan International Finance.

3.      All documents concerning the acquisition or purchase of any interest in the PDVSA Notes by Albany Investment Capital, Epumal, Syoncem, or Titan International Finance.

4.      All documents concerning any transfers and exchanges of the PDVSA Notes, or beneficial ownership thereof, to or from the accounts of Albany Investment Capital, Epumal, Syoncem, or Titan International Finance.

5.      All account statements for any account of Albany Investment Capital, Epumal, Syoncem, or Titan International Finance that currently reflects any ownership, acquisition, transfer, or sale of any interest in the PDVSA Notes.

6. All correspondence with PDVSA, Cede & Co., Citibank, Bank of New York Mellon, Depository Trust Company, Depository Trust & Clearing Corporation, or Clearstream Banking S.A. concerning the administration of the PDVSA Notes.

7. All correspondence with Syracuse Mountains Corporation, including with its shareholders Albany Investment Capital, Epumal, Mathdav, Samambaia Investments, Syoncem, or Titan International Finance and their ultimate beneficial owners, or with Safra National Bank of New York or Safra Securities LLC concerning the PDVSA Notes or this litigation brought by Syracuse Mountains Corporation in the United State District Court for the Southern District of New York, which has been captioned: *Syracuse Mountains Corporation v. Petróleos de Venzuela, S.A.*, S.D.N.Y. Docket No. 1:21-cv-02684-VEC.

8. Documents reflecting J. Safra Sarasin's policies on record retention and destruction.

9. All documents concerning the destruction or deletion of any document that would have been responsive to this Letter of Request.

10. All account opening and registration documents relating to Albany Investment Capital, Epumal, Syoncem, or Titan International Finance, including documents showing the registration, structure, and ownership of those entities.

11. Any documents concerning J. Safra Sarasin's analysis or risk assessment of the PDVSA Notes as an investment between January 1, 2015 and November 15, 2017, including, but not limited to, any documentation reflecting the loan-to-value ratio J. Safra Sarasin assigned to the PDVSA Notes, whether J. Safra Sarasin would advise clients to invest in the PDVSA Notes, or whether J. Safra Sarasin would accept PDVSA Notes as loan collateral.