**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>               Plaintiff,<br><br>   v.<br><br>PETRÓLEOS DE VENEZUELA S.A.,<br><br>               Defendant. | Civil Action No. 1:21-cv-02684-VEC |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR ISSUANCE OF LETTER OF REQUEST

                          HOGAN LOVELLS US, L.L.P.

                          Dennis H. Tracey, III
                          390 Madison Avenue
                          New York, NY 10017
                          Phone:   (212) 918-3000
                          Fax:       (212) 918-3100
                          dennis.tracey@hoganlovells.com

                          Richard Lorenzo (admitted *pro hac vice*)
                          600 Brickell Avenue, Suite 2700
                          Miami, FL 33131
                          Phone:   (305) 459-6500
                          Fax:       (305) 459-6550
                          richard.lorenzo@hoganlovells.com

                          Catherine Bratic (admitted *pro hac vice*)
                          609 Main Street, Suite 4200
                          Houston, TX 77002
                          Phone:   (713) 632-1400
                          Fax:       (713) 632-1401
                          catherine.bratic@hoganlovells.com

                          *Counsel for Defendant*
                          *Petróleos de Venezuela, S.A.*

Defendant Petróleos de Venezuela, S.A. ("PDVSA"), by and through undersigned counsel, respectfully moves this Court for issuance of letters of request for international judicial assistance from the appropriate judicial authority of Luxembourg, pursuant to 28 U.S.C. § 1781 and Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, T.IA.S. No. 7444, 23 U.S.T. 2555, in the form annexed hereto as Exhibit 1, to obtain discovery from the non-party foreign entity Banque J. Safra Sarasin (Luxembourg) SA ("J. Safra Sarasin").

## BACKGROUND

Plaintiff Syracuse Mountains Corporation ("Syracuse") filed this action against PDVSA, seeking unpaid principal and interest on five sets of notes (the "PDVSA Notes") that Syracuse claims to beneficially own. Complaint at ¶ 3.

PDVSA has raised a number of affirmative defenses to these claims in its Amended Answer, including that Syracuse lacks standing to enforce the PDVSA Notes and that Syracuse's claims are barred by the doctrine of champerty under New York law. Amended Answer at ¶¶ 42–49. PDVSA intends to establish that Syracuse and its ultimate beneficial owners did not legitimately acquire the PDVSA Notes, that the PDVSA Notes were acquired for the purpose of litigation, and that Syracuse has not obtained the necessary authorizations to exercise the rights of a Holder for any of the PDVSA Notes.

To support these defenses, PDVSA seeks documents establishing how, when, and for what price Syracuse and its ultimate beneficial owners acquired PDVSA Notes. PDVSA first requested these documents from Syracuse in its First Requests for Production, dated December 8, 2021. Syracuse did not object to this request, and repeatedly represented that it would search for and produce documents relating to the acquisition or transfer of any interest in the PDVSA

Notes by Syracuse or its beneficial owners. However, Syracuse did not produce complete documentation related to the PDVSA Notes that form the basis of its claims in this suit, instead representing that "[Syracuse's Shareholders] are not in possession, custody, or control of records regarding the acquisition of all the [PDVSA] Notes." March 8, 2022 Letter. On March 25, 2022, Syracuse confirmed that it had no other responsive documents in its possession, custody, or control. March 25, 2022 Letter.

On March 17, 2022, PDVSA served document subpoenas on Safra Securities LLC and Safra Bank of New York (collectively "Safra"), two banking institutions used by the Plaintiff, in an attempt to obtain these critical documents. Safra's production of documents is ongoing, and has resulted in the discovery of additional evidence relevant to PDVSA defenses. Notably, the documents produced by Safra to date include documents that would have been responsive to the Requests for Production PDVSA sent to Syracuse in December 2021, but which were not produced by Syracuse to PDVSA in response to that discovery request. PDVSA also conduced depositions of two Safra executives on May 3 and 4, 2022 to obtain further information on the relevant transactions and on Safra's document retention and destruction policies.

Although Safra has not yet completed its production of documents, PDVSA now understands from the documents produced and the depositions conducted to date that four of Syracuse's shareholders and ultimate beneficial owners conducted their banking not through Safra, but through another, affiliated bank bearing the Safra name, J. Safra Sarasin, which is based in Luxembourg. Safra's lawyers have declined to accept subpoenas addressed to J. Safra Sarasin or to produce documents relating to this entity.

J. Safra Sarasin is located in Luxembourg, outside of the reach of domestic subpoenas, and PDVSA has been unable to obtain the requested documents held by this entity through other

means (including from Syracuse or from Safra). Consequently, PDVSA requests a letter of request to seek the assistance of Luxembourg authorities in order to obtain discovery from J. Safra Sarasin.

## ARGUMENT

### THIS COURT SHOULD ISSUE A LETTER OF REQUEST TO OBTAIN NECESSARY DOCUMENTS AND INFORMATION FROM J. SAFRA SARASIN

**A.    This Court May Issue Letters of Request to Entities Located in Signatory Countries to the Hague Evidence Convention**

The purpose of the Hague Evidence Convention is to facilitate and increase the exchange of information necessary for legal proceedings between nations. *See Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 534 (1987). Under the Hague Evidence Convention, this Court — a "judicial authority of a Contracting State" — may send a letter of request to a member state seeking foreign judicial assistance in civil or commercial matters to the designated authority in the member state "to obtain evidence, or to perform some other judicial act." Hague Evidence Convention, Ch. I, Art. 1; *see also* 28 U.S.C. § 1781. The letter of request is sent to a "Central Authority" designated by the Contracting State to receive requests from courts of other member countries. *See* Hague Evidence Convention, Art. 2. The Central Authority then sends the request to the appropriate court or officer to execute the request. *See id.*

The decision of whether to issue a letter of request is within the discretion of the court. *See Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. *See, e.g.*, *Elliot Assoc. v. Peru*, No. 96 Civ. 7917(RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting plaintiff's request for letters rogatory to take testimony in United Kingdom).

> "In deciding whether to issue an order directing production of information located abroad, and in framing such an order, a court or agency in the United States should take into account [1] the importance to the investigation or litigation of the documents or other information requested; [2] the degree of specificity of the request; [3] whether the information originated in the United States; [4] the availability of alternative means of securing the information; and [5] the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located."

*Lantheus Medical Imaging, Inc. v. Zurich American Ins. Co.*, 841 F. Supp. 2d 769, 792 (S.D.N.Y. 2012) (quoting Restatement (Third) of the Foreign Relations Law of the United States (1987) § 442(1)(c)).

## B.  Luxembourg is a signatory to the Hague Evidence Convention

J. Safra Sarasin is located in Luxembourg, which is a signatory to the Hague Evidence Convention, and has designated the following authority for requests for evidence:

> Parquet général - Le Procureur général d'Etat
> Bâtiment CR
> Plateau du St-Esprit
> Cité Judiciaire
> L-2080 Luxembourg

## C.  The Issuance of the Requested Letter of Request Is Appropriate in Light of the Relevant Discretionary Factors

The letter of request sought through the present motion is likely to lead to the discovery of evidence material to PDVSA's defenses.  PDVSA has already obtained material evidence from the U.S.-based Safra banks relating to certain of Syracuse's beneficial owners, and PDVSA understands and believes that J. Safra Sarasin is in possession of similar information relating to the remaining Syracuse beneficial owners.  This information cannot be obtained from other sources, notwithstanding PDVSA's diligent efforts to seek discovery of such information from Syracuse itself and from the domestic Safra banks, which form part of the same corporate group as J. Safra Sarasin.

4

PDVSA notes that the Court has already authorized the issuance of other letters of request in this case, which are currently in various stages of enforcement in the countries to which they have been addressed. This additional letter of request was not sought contemporaneously with those other requests because, at the time those other requests were made, PDVSA had reason to believe that Syracuse would produce the information sought directly in response to PDVSA's Request for Production, or that the information could be obtained from the domestic Safra entities. It only recently became apparent to PDVSA, following the depositions of Safra executives on May 3 and 4, 2022, that this information could only be obtained through a letter of request to Luxembourg authorities.

PDVSA does not believe that this additional letter of request will cause delay in this case, which is currently stayed while the other letters of request already issued by this Court are being executed abroad. As of the date of this motion, PDVSA has obtained documents in response to one letter of request, concerning Dinosaur Merchant Bank Limited, while the other letters of request are at various stages of enforcement. Given the different speeds of enforcement in each country, PDVSA believes that the present letter of request can be executed on approximately the same timeline as the other outstanding letters of request, without causing any undue or further delay.

PDVSA respectfully requests that this Court approve and sign the annexed form letter of request attached as Exhibit 1 as the Court is authorized to do pursuant to the Hague Evidence Convention. PDVSA further requests that after the Court has signed the letter of request, that the Clerk of the Court authenticate the Court's signature under the seal of the Court, and the letter of request be thereafter returned by the Clerk to PDVSA's undersigned counsel. PDVSA's counsel will promptly cause the letter of request to be translated into the appropriate language, as required

by Article 4 of the Hague Evidence Convention, and will transmit the letter, and its translation, to the designated Central Authority for execution in conformity with Article 2 of the Hague Evidence Convention.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Defendant's motion in its entirety, issue the letter of request in the annexed form, and grant such other and further relief to Defendant as the Court deems just and proper.

Dated: June 1, 2022

                Respectfully submitted,

                HOGAN LOVELLS US, L.L.P.

                By: */s/ Dennis H. Tracey*
                Dennis H. Tracey
                390 Madison Avenue
                New York, NY 10017
                Phone: (212) 918-3000
                Fax:   (212) 918-3100
                dennis.tracey@hoganlovells.com

                Richard Lorenzo (admitted *pro hac vice*)
                600 Brickell Avenue, Suite 2700
                Miami, FL 33131
                Phone: (305) 459-6500
                Fax:   (305) 459-6550
                richard.lorenzo@hoganlovells.com

                Catherine Bratic (admitted *pro hac vice*)
                609 Main Street, Suite 4200
                Houston, TX 77002
                Phone: (713) 632-1400
                Fax:   (713) 632-1401
                catherine.bratic@hoganlovells.com

                *Counsel for Defendant*
                *Petróleos de Venezuela, S.A.*