

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

October 7, 2022

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY  10007
(212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

   Re: *Syracuse Mountains Corp. v. Petróleos de Venezuela S.A.*,
      No. 21-cv-2684-VEC

Dear Judge Caproni:

  We represent plaintiff Syracuse Mountains Corporation ("Syracuse") in the above-referenced action against Petróleos de Venezuela S.A. ("PDVSA").  We write in response to PDVSA's most recent discovery update (Dkt. 89) to request that the Court set a deadline for the close of fact discovery of no later than December 31, 2022.[1]

  More than 18 months ago, Syracuse filed its complaint in this breach of contract action arising from PDVSA's failure to make contractually mandated interest and principal payments on several notes owned by Syracuse (the "Notes").  The parties initially agreed to stay discovery pending a decision on a motion to dismiss from PDVSA, with an understanding that fact discovery would proceed expeditiously and conclude within 90 days of any order denying PDVSA's motion to dismiss.  *See* Dkt. 19-1.  After the Court denied PDVSA's motion to dismiss (Dkt. 28), on November 12, 2021, the parties filed a joint Case Management Plan with this discovery schedule in mind, setting February 9, 2022 as the close of fact discovery.  *See* Dkt. 31-1 at 2.

  On January 18, 2022 and January 31, 2022, shortly before the agreed-on close of fact discovery, PDVSA asked the Court to issue a total of ten letters of request for international

---

[1] That deadline would be consistent with the recent order in *Lovati v. Petróleos de Venezuela, S.A*, No. 19-CV-04799-ALC-JLC (S.D.N.Y. Sept. 20, 2022), ECF No. 94, in which Magistrate Judge Cott set a deadline of January 9, 2023 for the conclusion of third-party discovery, despite PDVSA's outstanding letters of request and letters rogatory seeking information from many of the same financial institutions involved in this case, including China CITIC Bank, Novo Banco, S.A., and Gazprombank (Joint Stock Company).  *See Lovati*, ECF No. 91 ("Despite best efforts, PDSVSA has not yet received responses from [CITIC, Novo Banco, and Gazprombank].").

judicial assistance to obtain records from ten different international banks and institutions (Dkts. 34, 42). The Court granted those applications (Dkt. 49) on February 11, 2022 and issued the relevant letters of request and letters rogatory to allow PDVSA to seek documents and information from: Novo Banco, S.A. ("Novo Banco") (Dkt. 50), The Bank of New York Mellon SA/NV, Luxembourg Branch ("BNY Mellon") (Dkt. 51), Banque Internationale à Luxembourg, S.A. ("BI Luxembourg") (Dkt. 52), Euroclear Bank S.A./N.V. ("Euroclear") (Dkt. 53), China CITIC Bank ("CITIC") (Dkt. 54), The Bank of New York Depository (Nominees) Ltd. ("BNY Depository") (Dkt. 55), Zuma Bank Corporation. ("Zuma") (Dkt. 56), Gazprombank (Joint Stock Company) ("Gazprombank") (Dkt. 57), Dinosaur Merchant Bank Ltd. ("Dinosaur Merchant") (Dkt. 58) and Clearstream Banking S.A. ("Clearstream") (Dkt. 59). On June 1, 2022, PDVSA asked the Court to issue a letter of request to allow PDVSA to seek documents from Banque J. Safra Sarasin (Luxembourg) S.A. ("J. Safra Sarasin") (Dkt. 80), which the Court subsequently granted.

In its latest update, nearly eight months after the initial requests were issued, PDVSA reports that international proceedings are complete with respect to just four of the eleven third-party financial institutions (BNY Depository, Dinosaur Merchant, Zuma, and BNY Mellon). *See* Dkt. 89. Just two (Dinosaur Merchant and Zuma) produced any material.[2] It is unclear from the update when—if ever—PDVSA will obtain a response from the seven other institutions. Some, including the requests to CITIC and Gazprombank, have made no apparent progress at all. Others, such as requests involving BI Luxembourg, Clearstream and J. Safra Sarasin, appear to have lengthy proceedings ahead.

In addition to potentially delaying this action indefinitely, the remaining requests will not produce any documents that either support PDVSA's affirmative defenses or are otherwise relevant to this case. First, PDVSA ostensibly seeks records from BI Luxembourg, CITIC, Novo Banco, Clearstream, Gazprombank and Euroclear to support its affirmative defense that sanctions imposed by the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") on the Venezuelan oil industry "made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the note and credit agreements." Dkt. 35 at 2, Dkt. 43 at 2. Yet PDVSA proffers no information to suggest that PDVSA *ever attempted* payment on the Notes after Syracuse claimed default, let alone evidence that U.S. sanctions made such attempts "impossible or objectively impracticable." The only banks to substantively respond to PDVSA's requests on this issue, Dinosaur Merchant and Zuma, provided no documents that would support PDVSA's assertion that it attempted payment on the Notes at the time of or following default. Moreover, PDVSA's impossibility/impracticability defense is unlikely to succeed as a matter of law. As Syracuse has previously explained, the U.S. sanctions regime did not and does not bar PDVSA's payments under pre-existing debt obligations. *See* Dkt. 41-1 at 11. Accordingly, courts in this Circuit have rejected this defense when PDVSA raised it in other proceedings. *See Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, No. 19-CV-2519 (PKC), 2021 WL 6092462 (S.D.N.Y. Dec. 22, 2021) (rejecting PDVSA's impossibility defense on summary judgment); *see also Dresser-Rand Co. v. Petroleós de Venezuela, S.A.*, 574 F. Supp. 3d 217, 223–24 (S.D.N.Y. 2021).

---

[2] We understand from PDVSA's counsel that BNY Depository, like BNY Mellon, indicated that it has no relevant information to produce.

Second, PDVSA ostensibly seeks records from BI Luxembourg, Clearstream and Euroclear to support its affirmative defense that "Syracuse lacks standing to enforce the PDVSA Notes because it has failed to acquire the rights of a Holder of the PDVSA Notes under the terms of the relevant notes and indentures." Dkt. 35 at 2; Dkt. 43 at 1–2; *see also* Dkt. 81 at 1. But Syracuse has already produced letters from the individual financial institutions who act as custodians of the Notes authorizing Syracuse to take "any and all actions and exercise any and all rights and remedies" that the Note custodians would be entitled to take under the terms of the Notes. *E.g.*, Dkt. 41-3. That evidence is sufficient as a matter of law to establish standing by individual bondholders to sue on notes held in the name of depositories. *See, e.g.*, *Chickpen, S.A. v. Bolivarian Republic of Venezuela,* No. 21 CIV. 597 (AT), 2022 WL 1684275, at *3 (S.D.N.Y. May 26, 2022) (finding contractual standing as a result of authorization letters from Cede & Co., the nominee of the Depository Trust Company, and the entity acting as the holder of record of the Bonds and the Notes) (citations omitted). PDVSA also obtained documents from The Depository Trust Company (the depository for four of the five Notes at issue in this action) that confirm the authenticity of the documents produced by Syracuse on this issue.

Third, PDVSA ostensibly seeks records from BI Luxembourg, Clearstream and Euroclear to support its defense that Syracuse's claims "are barred, in whole or in part, by the doctrines of payment, release, waiver, and ratification." *See* Dkt. 79 at ¶ 46. Once again, PDVSA has made no showing that such records exist. The premise that PDVSA actually made the payments in question in this case is baseless; PDVSA's default in 2017 was well-publicized. Moreover, PDVSA now possesses a myriad of bank records showing ownership of the Notes by Syracuse's shareholders in 2017, and PDVSA's lack of payment on the Notes thereafter.

Fourth, PDVSA ostensibly seeks records from J. Safra Sarasin to support its defense that Syracuse's acquisition of the Notes was champertous. *See* Dkt. 81. It is unclear what information J. Safra Sarasin could have that could support this dubious defense, or why this case should be furthered delayed many months or years while this issue is litigated in Luxembourg. PDVSA obtained records detailing Syracuse's acquisition of the Notes and conducted depositions of five individuals during which it took the opportunity to discuss Syracuse's acquisition of the Notes. For its part, Syracuse is ready to resolve the issue of purported champerty.

PDVSA also claims that it seeks information from J. Safra Sarasin to establish that Syracuse's ultimate beneficial owners did not legitimately acquire the Notes. But PDVSA provides no support or explanation as to why Syracuse's ultimate beneficial owners purportedly did not legitimately acquire the Notes. All information in this case, including deposition testimony, indicates that Syracuse's ultimate beneficial owners acquired the Notes from the market over a period of years and appropriately transferred them to Syracuse in 2020.

Syracuse has produced evidence that it legally and appropriately owns the Notes,[3] that PDVSA failed to make contractually mandated payment on those Notes, and that Syracuse has

---

[3] As Syracuse's counsel explained to the Court during the hearing on February 11, 2022, Syracuse produced records from its bank, Safra National Bank of New York, showing its acquisition and current ownership of the Notes. *See* Dkt. 65 at 9:19–25. PDVSA has now deposed four current and former employees and officers of Safra National Bank of New York and obtained additional information demonstrating the shareholders' ownership of the Notes

standing to bring this action.  PDVSA should not be permitted to delay this action indefinitely while it seeks information—the existence of which has not been established—from institutions all over the world in a claimed attempt to support its baseless affirmative defenses.  Syracuse reiterates its concern "that discovery in this matter will continue indefinitely" without the Court's imposition of a firm deadline for the close of discovery.  Dkt. 84 at 2.  Syracuse respectfully requests that the Court set a deadline for the close of fact discovery of December 31, 2022.  This date would allow PDVSA nearly three additional months to obtain the records it seeks, while ensuring that this litigation progresses toward conclusion.

Respectfully submitted,

 /s/ Michael A. DeBernardis
Michael A. DeBernardis (admitted *pro hac vice*)
Daniel H. Weiner
Shayda Vance
HUGHES HUBBARD & REED LLP
1775 I Street, NW
Washington, DC 20006
Tel: 202-721-4600
michael.debernardis@hugheshubbard.com

*Counsel for Plaintiff Syracuse Mountains Corporation*

---

dating back to the beginning of 2017.  For the majority of the Notes, PDVSA also received evidence demonstrating that the shareholders received payment on the Notes prior to default, something PDVSA's counsel specifically indicated would constitute evidence of ownership.  *See* Dkt. 65 at 9:12–19 ("[I]f these beneficial owners receive payments on the notes over a period of 20 years, then that's evidence that they own them…").