

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

Dennis H. Tracey, III
Partner
T + 1 212 918 3524
dennis.tracey@hoganlovells.com

October 14, 2022

*VIA ECF*

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007
(212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

Re:   *Syracuse Mountains Corp. v. Petróleos de Venezuela S.A.*, No. 1:21-cv-02684-VEC

Dear Judge Caproni:

We represent defendant Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced action. As directed by this Court in its Memo Endorsement dated October 7, 2022 [ECF No. 91], we submit this letter in response to Plaintiff's October 7, 2022 letter seeking to close discovery on December 31, 2022 [ECF No. 90].

As set forth in more detail below, PDVSA has no objection to a discovery deadline of December 31, 2022.  However, we strongly disagree with Syracuse's mischaracterization of both the progress of this litigation and the merits of PDVSA's defenses.  In short, PDVSA has diligently pursued appropriate discovery addressed to serious defenses that it has asserted to liability in this matter, and the length of time that it has taken to obtain discovery from non-U.S. parties has been the result of factors entirely outside of PDVSA's control.

As counsel for PDVSA discussed in a February 11, 2022 conference before the Court, PDVSA is in a unique situation due to the political crisis impacting Venezuela, as it is unable to access any documents and personnel in Caracas currently under the control of the Nicolas Maduro regime that might be relevant to PDVSA's defenses in this case.  [ECF No. 65 at 8:2–22.]  PDVSA has attempted to obtain this information from other sources, including through domestic subpoenas, depositions, and other discovery tools, but in many cases this information can only be obtained from entities located abroad, through the use of letters of request and letters rogatory.

On February 11, 2022 and June 16, 2022, the Court granted PDVSA's motions to seek to obtain this foreign discovery, issuing eleven letters of request and letters rogatory. [*See* ECF Nos. 49, 85.] In doing so, the Court rejected many of the arguments Syracuse re-urges in its October 7, 2022 letter, which essentially amount to attempts to deny PDVSA discovery on its defenses.

Because the Court held that PDVSA was entitled to seek this discovery, following the February 11, 2022 hearing the Court put this case "on ice" pending the sufficient resolution of these discovery requests. [ECF No. 65 at 13:1–8.] In its order, the Court directed PDVSA to file an update every other month regarding the status of the discovery requests. PDVSA has since diligently pursued the enforcement of these discovery requests, as reflected in its bi-monthly updates to the Court. [*See* ECF Nos. 77, 82, 88, 89.] To date, four of the foreign discovery requests have been resolved, while seven remain pending. [*See* ECF No. 89.]

The remainder of Plaintiff's October 7, 2022 letter consists of inaccurate characterizations of PDVSA's defenses, which are no more than puffery and do not affect PDVSA's entitlement to continue pursuing the foreign discovery that this Court has already ordered. [*See, e.g.*, ECF Nos. 49, 85.] To the contrary, as Plaintiff's letter notes, courts have authorized PDVSA to pursue similar foreign discovery in other cases involving these same PDVSA Notes. *See Lovati v. Petróleos de Venezuela, S.A.*, No. 19-CV-04799-ALC-JLC (S.D.N.Y. May 5, 2022), ECF No. 85). And courts have also recognized that the impossibility defense for which many of these documents are sought is an "inherently fact-specific" issue which has only been resolved after full discovery in the cases Plaintiff cites. *See E & T Skyline Constr., LLC v. Talisman Cas. Ins. Co., LLC*, No. 19 CIV. 8069 (AT), 2022 WL 623858, at *11 (S.D.N.Y. Mar. 2, 2022) (quoting *Clarex Ltd. v. Natixis Secs. Am. LLC*, 988 F. Supp. 2d 381, 394 (S.D.N.Y. 2013)); *see also Red Tree Invs., LLC v. Petroleos de Venezuela, S.A.*, No. 19-CV-2519 (PKC), 2021 WL 6092462, at *2 (S.D.N.Y. Dec. 22, 2021); *Dresser-Rand Co. v. Petroleos de Venezuela, S.A.*, 439 F. Supp. 3d 270, 272–73 (S.D.N.Y. 2020), *aff'd sub nom. Dresser-Rand Co. v. Pdvsa Petroleo, S.A.*, No. 20-1990, 2021 WL 2878936 (2d Cir. July 9, 2021).

Ironically, although Plaintiff complains of the delay associated with these foreign discovery requests, many of the outstanding discovery requests to foreign banks seek information related to PDVSA's champerty defense that Plaintiff itself could provide either directly or through its ultimate beneficial owners ("UBOs") – saving significant time and expense. But Plaintiff has not provided such information and, when PDVSA attempted to depose one of its UBOs, Plaintiff claimed to not have that individual's contact information. Because Plaintiff has, to date, largely failed to produce the banking records of its UBOs, including any records reflecting their acquisition of the PDVSA Notes at issue, the documents sought from these foreign banks are highly relevant to PDVSA's champerty defense, given that Plaintiff appears to be a Panamanian shell company created solely for the purpose of litigation.

In light of the above, PDVSA respectfully requests that this court: (1) set a deadline for the close of fact discovery of December 31, 2022, as requested by Plaintiff; and (2) permit the use, by either

Party in briefing or at trial, of any documents or other materials produced in response to the currently outstanding foreign discovery requests that are received by PDVSA after the December 31, 2022 deadline to the extent their use at such time would not be prejudicial. Following the close of fact discovery, PDVSA expects to request permission to file a motion for summary judgment to dismiss Plaintiff's claims.

Respectfully submitted,

/s/ Dennis H. Tracey, III
Dennis H. Tracey III
*Counsel for Defendant Petróleos de Venezuela S.A.*