Assinado em 10-10-2022, por
Anabela Pereira, Técnico Superior

21-cv-2684





1245/20.2Y1CJI-A                    241733

The Honorable Valerie E. Caproni
US District Court for theSouthern District of New
York
40 Foley Square
New York, New York 10007
United States of America



| YOUR REFERENCE | YOUR COMUNICATION | OUR REFERENCE ENT.: PROCESSO: 1245/20.2Y1CJI-A DSJCJI/241733 | DATE 2022 | 10-10- |
|---|---|---|---|---|

Requerente: Hogan Lovells Advogados(estados Unidos)
Requerido: Novo Banco, S.A.

**Subject:   The Hague Convention on the Taking of Evidence Abroad in Civil or
Commercial Matters, of 18 March 1970**

Referring to the Taking of Evidence of "Novo Banco, S.A." (copy attached), herewith I am
sending the Portuguese Court's request.

Yours faithfully,

On behalf of the Director-General
Isabel Matos Namora

The Senior Caseworker

Anabela Pereira

**Tribunal Judicial da Comarca de Lisboa**
**Juízo Local Cível de Lisboa - Juiz 21**
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871
Mail: lisboa.localcivel@tribunais.org.pt

Certificação Citius: elaborado em 29-09-2022



92854
10  10  22
1245/20.2...  A

7519/22.0T8LSB

Exmo(a) Senhor(a)
Lisboa - DGAJ - Cooperação Judiciária Internacional
Secção Central
Avª D. João II, Nº 1.08.01 Edif H - Piso 9 Ao 14º
1990-097 Lisboa

*Referência: 419186864*                    *Carta Rogatória (Averbada) 7519/22.0T8LSB*

Requerente: Hogan Lovells Advogados(estados Unidos)
Requerido: Novo Banco, S.A.
Data29-09-2022

Em cumprimento do despacho proferido na Carta Rogatória distribuida a este Tribunal,   solicita-se  que
seja efectuado pedido à entidade rogante  a identificação do legal representante da R. em juízo.

Com os melhores cumprimentos,

A Oficial de Justiça

Helena Silva

...  ... - Expediente
Entrada/Reg. nº  10668

Processo: 7319/22.0T8LSB
Referência: 418980565

**Tribunal Judicial da Comarca de Lisboa**
**Juízo Local Cível de Lisboa - Juiz 21**
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871 Mail: lisboa.localcivel@tribunais.org.pt

**Carta Rogatória (Averbada)**

Com vista ao cabal cumprimento da carta rogatória remetida e perante a recusa do requerido em prestar a informação solicitada com fundamento em sigilo bancário e nas dúvidas quanto à legitimidade da autorização concedida para a prestação da informação, solicite à entidade rogante, através da DGAJ, a identificação do legal representante da ali R. em juízo.

Lisboa, 26/09/2022

2 de 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SYRACUSE MOUNTAINS
CORPORATION,

                     Plaintiff,

         -against-

PETRÓLEOS DE VENEZUELA S.A,

                   Defendant.

------------------------------------------------------------X

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____           │
│ DATE FILED:___2/11/22___          │
└──────────────────────────────────┘
```

21-CV-2684 (VEC)

<u>ORDER</u>

VALERIE CAPRONI, United States District Judge:

     WHEREAS the parties appeared for a pretrial conference on February 11, 2022;

     IT IS HEREBY ORDERED that, for the reasons stated on the record at the February 11, 2022 conference, Defendants' motions for letters of request and letters rogatory are GRANTED.

     IT IS FURTHER ORDERED that Defendant must file an update with the Court regarding the status of the discovery sought every other month beginning on April 1, 2022. Subsequent letters are due on the first of the month, or if the first of the month is a weekend or a holiday, the first business day thereafter.

     IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motions at Dockets 34 and 42.

**SO ORDERED.**

Date:  **February 11, 2022**
       **New York, New York**

                                  **VALERIE CAPRONI**
                                  **United States District Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SYRACUSE MOUNTAINS
CORPORATION,

         Plaintiff,

    v.

PETRÓLEOS DE VENEZUELA S.A.,

         Defendant.

Civil Action No. 1:21-cv-02684-VEC

**Letter of Request for International Judicial**
**Assistance, pursuant to the Hague**
**Convention of 18 March 1970 on the**
**Taking of Evidence Abroad in Civil or**
**Commercial Matters, to Novo Banco, S.A.**
**f/k/a Banco Espirito Santo, S.A.**

       The United States District Court for the Southern District of New York presents its compliments to the Portuguese Central Authority for the Hague Evidence Convention and requests international judicial assistance to obtain evidence to be used in a civil proceeding currently pending in the United States.

       The Court has reviewed the particular requests for evidence and has concluded that they are directed to issues that the Court will address in the above-captioned action. The assistance requested herein is therefore necessary and in the interests of justice.

| | | |
|---|---|---|
| 1. | Sender | The Honorable Valerie E. Caproni<br>U.S. District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States |
| 2. | Central Authority of the Requested State | Directorate-General of Justice Administration<br>Ministry of Justice<br>Av. D. João II, nº 1.08.01 - Edifício H<br>1990-097 Lisboa<br>Portugal |
| 3. | Person to whom the executed request is to be returned | Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States<br>dennis.tracey@hoganlovells.com<br>richard.lorenzo@hoganlovells.com |



catherine.bratic@hoganlovells.com

4.  Name and address of person from whom evidence is sought

Novo Banco, S.A.
Avenida da Liberdade, 195
1250-142, Lisboa
Portugal

5.  Date by which the requesting authority requires receipt of the response to the Letter of Request

January 28, 2022, or as soon as practicable.

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

6.  Requesting judicial authority

The Honorable Valerie E. Caproni
U.S. District Court for the Southern District of New York
40 Foley Square
New York, New York 10007
United States

7.  To the competent authority of

Portugal

8.  Name of the case and identifying number

Syracuse Mountains Corporation v. Petróleos de Venzuela, S.A.
S.D.N.Y. Docket No. 1:21-cv-02684-VEC

9.  Name and address of the plaintiff and its representatives

Syracuse Mountains Corporation
Nicolas Swerdloff, Michael A. DeBernardis
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
United States

10. Name and address of the defendant and its representatives

Petróleos de Venezuela, S.A.
Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
United States

11. Nature of the proceedings and summary of complaint and defenses

Syracuse Mountains Corporation ("Syracuse") commenced a civil action against Petróleos de Venezuela, S.A. ("PDVSA") for a money judgment for amounts allegedly owed by PDVSA pursuant to five note agreements issued by



PDVSA.  Discovery in the case is ongoing.

Syracuse alleges that PDVSA made initial payments due under the notes, but failed to make payments beginning in late 2017.  Syracuse claims that it is entitled to a money judgment from PDVSA for the unpaid principal and interest on the notes.

PDVSA intends to establish that the sanctions that the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the notes because banking institutions involved in the transactions rejected or refused to transfer payments from PDVSA.

| | |
|---|---|
| 12. Evidence to be obtained | Documents described in Schedule A, attached. |
| 13. Purpose of the evidence sought | PDVSA seeks this evidence to establish its impossibility or impracticability defense, which would be a defense to Syracuse's claims. Specifically, PDVSA seeks evidence showing that PDVSA attempted to make the requisite payments under the notes by wire transfer from its account with Novo Banco, S.A., formerly known as Banco Espirito Santo, S.A., but that Novo Banco S.A. or intermediary or correspondent banks involved in the transactions rejected or refused to process PDVSA's payments out of concern of the OFAC sanctions and their general risk appetite. |
| 14. Documents or other property to be inspected or produced | See Schedule A, attached. |
| 15. Special methods or procedure to be followed | See Schedule A, attached. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The person from whom evidence is requested may decline to answer a question or produce a requested document under any applicable privilege, protection, or immunity under the laws of the United States of America. |
| 17. Fees and costs incurred which are | Dennis H. Tracey, Richard Lorenzo, and Catherine |



| | |
|---|---|
| reimbursable under the second paragraph of Article 14 or Article 26 of the Convention will be borne by: | Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States<br>dennis.tracey@hoganlovells.com<br>richard.lorenzo@hoganlovells.com<br>catherine.bratic@hoganlovells.com |

DATE OF REQUEST

Feb. 11, 2022

SO ORDERED

Hon. Valerie E. Caproni
UNITED STATES DISTRICT JUDGE





## SCHEDULE A

### DEFINITIONS

1.      "Banco Espirito," "you," or "your" refers to Novo Banco, S.A., formerly known as Banco Espirito Santo, S.A., its present or former agents, employees, representatives, or other persons acting or purporting to act for or on its behalf.

2.      "Syracuse Mountains Corporation" refers to Plaintiff Syracuse Mountains Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

3.      "PDVSA" refers to  Defendant Petróleos de Venezuela, S.A., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

4.      "Paying Agents" refers to The Bank of New York, The Bank of New York Mellon Corporation, or Citibank N.A., their present or former agents, employees, representatives, or other persons acting or purporting to act for or on their behalf.

5.      The "Banco Espirito Account" refers to the bank account that PDVSA holds with Novo Banco, formerly known as Banco Espirito, described as follows:

| | |
|---|---|
| Name on Account: | Petróleos de Venezuela, S.A. <br> or 1/PETROLEOS DE VENEZUELA SA |
| Bank Name: | Banco Espirito Santo, SA |
| Account Number: | PT50000709030009508170630 |

6.      "E.O. 13808" refers to United States Executive Order 13808 signed into law on August 24, 2017 by President Donald J. Trump.

7.      "E.O. 13850" refers to United States Executive Order 13850 signed into law on November 1, 2018 by President Donald J. Trump.

8.      The "Protective Order" refers to the parties' Stipulated Confidentiality and Protective Order annexed hereto as Exhibit 1.

## INSTRUCTIONS

1.     This request is a continuing request, and to the extent that at any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

2.     A request for any document shall be deemed to include a request for all drafts thereof and all revisions and modifications thereto in addition to the document itself.

3.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4.     If any document requested is not produced on the basis of an assertion of the attorney-client privilege, work-product doctrine, or any claim of privilege or immunity, identify each such document together with sufficient information to permit the court to make a determination as to whether there is a proper basis for withholding such a document. In so doing, the following information must be supplied in writing: (i) the type of document (e.g., letter, memorandum or report); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author or sender of the document; (v) the addressee or recipient of the document; (vi) each person who received a copy of the document; (vii) the privilege asserted; and (viii) the basis for asserting such a privilege.

5.     If an objection to any particular portion of this request is asserted, documents responsive to any other portion of this request as to which there is no objection must be produced.

6.     The documents requested should be produced as they were kept in the ordinary course of business, and should be produced with any file folder labels in a manner that will enable Defendants to determine the person, database, or records from whose files each document was

obtained, or, alternatively, the documents can be labeled to correspond to the categories of documents requested.

7. Electronic documents shall be produced in readily usable and searchable electronic format.

8. Unless otherwise stated, each request seeks documents and information from August 1, 2017 to present.

## DOCUMENTS REQUESTED

1. All documents and correspondence reflecting transfers or attempted transfers of funds from the Banco Espirito Account to any of the Paying Agents.

2. Documents and correspondence reflecting all attempted transfers of funds from the Banco Espirito Account to the Paying Agents that were rejected by the Paying Agents or a by correspondent or intermediary bank involved in the transfer.

3. All SWIFT (Society for Worldwide Interbank Financial Telecommunication) payment orders and messages sent or received by Novo Banco, formerly known as Banco Espirito, concerning an actual or attempted transfer of funds from the Banco Espirito Account to the Paying Agents.

4. All correspondence with PDVSA concerning any transfer or attempted transfer of funds from the Banco Espirito Account to the Paying Agents.

5. All documents and correspondence concerning any Paying Agent or bank's rejection of a transfer of funds from the Banco Espirito Account that are not already being produced in response to an earlier request.

6. Documents sufficient to show China CITIC's policies with respect to compliance with E.O. 13808 and E.O. 13850.

TRIBUNAL DISTRITAL DOS ESTADOS UNIDOS
DISTRITO SUL DE NOVA IORQUE

SYRACUSE MOUNTAINS
CORPORATION,

Autora,

-contra-

PETRÓLEOS DE VENEZUELA, S.A.,

Ré.

USDC SDNY
DOCUMENTO
SUBMETIDO ELETRONICAMENTE
DOC #:_____
DATA DE SUBMISSÃO: 2/11/22

21-CV-2684 (VEC)

ORDEM

VALERIE CAPRONI, Juiz Distrital Estado-Unidense:

CONSIDERANDO que as partes compareceram no âmbito de uma conferência pré-julgamento no dia 11 de fevereiro de 2022;

ATRAVÉS DA PRESENTE SE ORDENA, com base nas razões exaradas nos autos aquando da conferência realizada em 11 de fevereiro de 2022, o DEFERIMENTO dos requerimentos apresentados pelas Rés no que diz respeito às cartas de pedido e às cartas rogatórias.

ACRESCE QUE É AINDA ORDENADO que a Ré submeta – todos os meses com início em 1 de abril de 2022 – ao Tribunal uma atualização mensal relativamente ao estado das diligências probatórias requeridas. As cartas subsequentes devem ser enviadas no primeiro dia de cada mês, ou se o primeiro dia do mês for um fim de semana ou um feriado, no primeiro dia útil seguinte.

ACRESCE QUE É AINDA ORDENADO que o Funcionário Judicial seja respeitosamente instruído no sentido de encerrar os pedidos em aberto a Folhas 34 e 42.

**ASSIM VAI DECIDIDO.**

**Data:  11 de fevereiro de 2022.**

**Nova Iorque, Nova Iorque.**

(Assinatura)

**VALERIE CAPRONI**

**Juiz Distrital dos Estados Unidos**

**TRIBUNAL DISTRITAL DOS ESTADOS UNIDOS DISTRITO SUL DE NOVA IORQUE**

SYRACUSE MOUNTAINS CORPORATION,

Autora,

-contra-

PETRÓLEOS DE VENEZUELA, S.A.

Ré.

Ação Cível n.º 1:21-cv-02684-VEC

**Carta Rogatória de Assistência Judiciária Internacional, nos termos da Convenção de Haia de 18 de março de 1970 sobre a Obtenção de Provas no Estrangeiro em Matéria Civil ou Comercial, ao Novo Banco, S.A., anteriormente conhecido por Banco Espírito Santo, S.A.**

O Tribunal Distrital dos Estados Unidos para o Distrito Sul de Nova Iorque apresenta os seus cumprimentos à Autoridade Central Portuguesa designada para efeitos da Convenção de Provas de Haia e solicita assistência judiciária internacional para a obtenção de provas para serem utilizadas num processo cível atualmente em curso nos Estados Unidos.

O Tribunal analisou os pedidos específicos de provas e concluiu que se dirigem a questões que o Tribunal tratará na ação supramencionada. A assistência ora solicitada é, portanto, necessária e no interesse da realização da justiça.

1. Remetente

Honorável Valerie E. Caproni
Tribunal Distrital dos Estados
Unidos para o Distrito Sul de
Nova Iorque
40 Foley Square
New York, New York 10007
Estados Unidos

2. Autoridade Central do Estado Requerido

Direção-Geral da Administração da Justiça
Ministério da Justiça
Av. D. João II, n.º 1.08.01 – Edifício H
1990-097 Lisboa
Portugal

3. Pessoa a quem o pedido executado deve ser devolvido

Dennis H. Tracey, Richard Lorenzo e Catherine Bratic
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017
Estados Unidos

dennis.tracey@hoganlovells.com

richard.lorenzo@hoganlovells.com

catherine.bratic@hoganlovells.com

4. Nome e endereço da pessoa a quem é requerida a produção de prova

Novo Banco, S.A.
Avenida da Liberdade, 195
1250-142, Lisboa
Portugal

5. Data até à qual a autoridade requerente solicita o recebimento de resposta à Carta Rogatória

28 de janeiro de 2022, ou o mais rapidamente possível

Em conformidade com o Artigo 3.º da Convenção, o solicitante abaixo-assinado tem a honra de apresentar o seguinte pedido:

6. Autoridade Judiciária Requerente

Honorável Valerie E. Caproni

U.S. District Court for the Southern District of New York

40 Foley Square

New York, New York 10007

Estados Unidos

7. À autoridade competente de

Portugal

8. Nome do caso e número de identificação

Syracuse Mountains Corporation v. Petróleos de Venezuela, S.A.
S.D.N.Y. Arquivo N.º 1:21-cv-02684-VEC

9. Nome e morada da Autora e seus representantes

Syracuse Mountains Corporation
Nicolas Swerdloff, Michael A. DeBernardis
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Estados Unidos

10. Nome e endereço da ré e seus representantes

Petróleos de Venezuela, S.A.
Dennis H. Tracey, Richard Lorenzo, e Catherine Bratic
Hogan Lovells US LLP
390 Madison Avenue
New York, New York 10017

Estados Unidos

11. Natureza do processo e resumo da reclamação e defesas

A Syracuse Mountains Corporation ("Syracuse") intentou uma ação cível contra a Petróleos de Venezuela, S.A. ("PDVSA") peticionando a condenação desta última no pagamento de montantes supostamente devidos pela PDVSA e titulados por cinco acordos de dívida emitidos pela PVDSA. A fase de produção de prova está em curso.

A Syracuse alega que a PVDSA realizou pagamentos iniciais previstos nos acordos de dívida, mas começou a falhar pagamentos no final de 2017. A Syracuse alega que se encontra no direito de obter uma sentença a condenar a PVDSA a pagar-lhe o montante de capital em dívida, acrescido dos juros previstos nos acordos de dívida.

A PVDSA pretende demonstrar que as sanções aplicadas pelo Departamento Estado Unidense de Finanças e Controlo de Ativos Estrangeiros ("OFAC") à indústria de petróleo venezuelana tornou impossível ou objetivamente impraticável que a PVDSA cumprisse as suas obrigações de pagamento previstas nos acordos de dívida uma vez que as instituições bancárias envolvidas nas transações rejeitaram ou recusaram transferir os pagamentos da PVDSA.

12. Provas a serem obtidas          Documentos descritos no Anexo A, em anexo.

13. Objetivo da prova procurada          A PDVSA procura obter esta prova para demonstrar a sua defesa de impossibilidade ou impraticabilidade, o que constituiria uma defesa perante as alegações da Syracuse. Especificamente, a PDVSA procura obter provas que demonstrem que a PDVSA tentou efetuar os pagamentos requeridos no âmbito dos acordos através de transferência bancária da sua conta bancária aberta junto do Novo Banco, S.A., anteriormente conhecido como Banco Espírito Santo, S.A., mas que o Novo Banco ou os bancos intermediários ou correspondentes envolvidos nas transações rejeitaram ou recusaram processar os pagamentos da PDVSA devido a preocupações com as sanções aplicadas pela OFAC e à sua

apetência geral pelo risco.

14. Documentos ou outras propriedades a ser inspecionadas ou entregues

Ver Anexo A, anexo.

15. Métodos Especiais ou procedimentais a ser seguidos     Ver Anexo A, anexo.

16.  Especificação de privilégio ou dever de recusa de prestar depoimento nos termos da lei do Estado de origem

A entidade a quem seja requerida a produção de prova pode recusar-se a responder a uma pergunta ou a apresentar um documento solicitado nos termos de qualquer privilégio, proteção ou imunidade aplicável de acordo com as leis dos Estados Unidos da América.

17.  As taxas e custos incorridos que sejam reembolsáveis nos termos do segundo parágrafo do Artigo 14.º ou do Artigo 26.º da Convenção serão suportados por:

Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic

Hogan Lovells US LLP

390 Madison Avenue

New York, New York 10017

Estados Unidos

dennis.tracey@hoganlovells.com

richard.lorenzo@hoganlovells.com

catherine.bratic@hoganlovells.com

DATA DO PEDIDO  [22 DE FEVEREIRO DE 2022]


ASSIM DECIDIDO  [ASSINATURA]

M.I. Valerie E. Caproni

JUIZ DISTRITAL DOS ESTADOS UNIDOS

## ANEXO A

### DEFINIÇÕES

1.      "Banco Espírito Santo", "você" ou "seu" refere-se ao Novo Banco, S.A., anteriormente conhecido como Banco Espírito Santo, S.A., aos seus atuais ou anteriores agentes, colaboradores, representantes ou a outras pessoas agindo ou pretendendo agir por conta do mesmo ou em seu nome.

2.      "Syracuse Mountains Corporation" refere-se à Autora Syracuse Mountains Corporation, aos seus atuais ou anteriores agentes, colaboradores, representantes ou a outras pessoas agindo por conta da mesma ou em seu nome.

3.      "PDVSA" refere-se à Ré Petróleos de Venezuela, S.A., aos seus atuais ou anteriores agentes, colaboradores, representantes ou a outras pessoas agindo por conta da mesma ou em seu nome.

4.      "Agentes Pagadores" refere-se às instituições The Bank of New York, The Bank of New York Mellon Corporation, ou Citibank N.A., aos seus atuais ou anteriores agentes, colaboradores, representantes ou a outras pessoas agindo ou pretendendo agir por conta ou em seu nome.

5.      "Conta no Banco Espírito Santo" refere-se à conta bancária de que a PDVSA é titular no Novo Banco, anteriormente conhecido como Banco Espírito, descrita a seguir:

| | |
|---|---|
| Nome da conta: | Petróleos de Venezuela, S.A. |
| | ou 1/PETRÓLEOS DE VENEZUELA S.A. |
| Nome do Banco: | Banco Espírito Santo, SA |
| Número da conta: | PT50000709030009508170630 |

6.      "E.O. 13808" refere-se à Ordem Executiva estado-unidense n.º 13808 que foi convertida em lei em 24 de agosto de 2017 pelo Presidente Donald J. Trump.

7.      "E.O. 13850" refere-se à Ordem Executiva estado-unidense n.º 13850 que foi convertida em lei em 1 de novembro de 2018 pelo Presidente Donald J. Trump.

8.      A "Medida Protetora" refere-se à estipulação das partes relativa à Confidencialidade e à Medida Protetora anexa à presente como Documento n.º 1.

## INSTRUÇÕES

1.      Este pedido é um pedido contínuo e na medida em que em qualquer momento após a produção da prova documental requerida através do presente pedido, V.ᵃˢ Ex.ᵃˢ tomem conhecimento ou fiquem na posse de documentação adicional que responda ao propósito deste pedido de prova, tais documentos deverão ser disponibilizados de imediato.

2.      Um pedido relativo a um documento abrange igualmente todas as minutas relativas a esse documento, assim como todas as revisões e modificações que tenham sido introduzidas, além do documento requerido em si mesmo.

3.      Um pedido relativo a um documento abrange igualmente, além do documento em si mesmo, quaisquer comprovativos de transmissão e cartas cobertura a acompanhar o documento requerido, provas ou anexos a esse mesmo documento, e quaisquer apensos enviados com o documento.

4.      Se um qualquer documento requerido não for exibido com base na invocação de segredo profissional (advogado-cliente), doutrina do produto de trabalho, ou qualquer alegação de privilégio ou imunidade, deve esse documento ser especificamente identificado e acompanhado de informação suficiente para que o tribunal possa determinar se existe ou não um fundamento válido para reter esse mesmo documento. Ao fazê-lo, a seguinte informação deve ser fornecida por escrito: (i) o tipo de documento (e.g. carta, memorando ou relatório); (ii) a matéria geral abordada no documento; (iii) a data do documento; (iv) o autor ou o remetente desse documento; (v) o destinatário ou recetor desse documento; (vi) cada pessoa que recebeu uma cópia do documento; (vii) o privilégio invocado; e (viii) a base para a invocação desse privilégio.

5.      Se for efetuada uma objeção a uma determinada parte do presente pedido de prova, a documentação que responda a qualquer ponto deste pedido de prova e em relação à qual não exista objeção deve ser produzida.

6.     Os documentos solicitados devem ser apresentados na forma em que foram conservados no decurso normal das atividades e com quaisquer etiquetas de pasta de arquivo de forma que permita às Rés determinar a pessoa, base de dados ou registos através de cujos ficheiros cada documento foi obtido, ou, em alternativa, os documentos podem ser etiquetados para corresponder às categorias de documentos solicitados.

7.     Os documentos eletrónicos devem ser apresentados em formato eletrónico facilmente utilizável e pesquisável.

8.     Salvo indicação em contrário, cada pedido visa a obtenção de documentos e informações desde 1 de agosto de 2017 até ao presente.

### DOCUMENTOS SOLICITADOS

1.     Todos os documentos e correspondência que reflitam as transferências ou tentativas de transferências de fundos da Conta no Banco Espírito Santo para quaisquer Agentes Pagadores.

2.     Documentos e correspondência que reflitam todas as tentativas de transferências de fundos da Conta no Banco Espírito Santo para os Agentes Pagadores e que foram rejeitadas pelos Agentes Pagadores ou por um banco correspondente ou intermediário envolvido na transferência.

3.     Todas as ordens de pagamento e mensagens SWIFT (Society for Worldwide Interbank Financial Telecommunication) enviadas ou recebidas pelo Novo Banco, anteriormente conhecido como Banco Espírito, relativas a uma transferência efetiva ou a uma tentativa de transferência de fundos da Conta no Banco Espírito Santo para os Agentes Pagadores.

4.     Toda a correspondência com a PDVSA relativa a qualquer transferência ou tentativa de transferência de fundos da Conta no Banco Espírito Santo para os Agentes Pagadores.

5.     Todos os documentos e correspondência relativa a qualquer Agente Pagador ou relativa a qualquer rejeição por parte do banco no que diz respeito a uma transferência de fundos da Conta no Banco

Espírito Santo que não tenham sido já produzidos em resposta a um pedido anterior.

6.      Documentação suficiente para demonstrar as políticas CITIC da China relativamente ao cumprimento da E.O. 13808 e E.O. 13850.