**MEMO ENDORSED**


Assinado em 02-02-2023, por
Anabela Pereira, Técnico Superior

21-cv-2684

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/13/2023

DGAJ
Direção-Geral da
Administração da Justiça

REPÚBLICA PORTUGUESA
JUSTIÇA


RECEIVED
FEB 10 2023
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

1245/20.2Y1CJI-A                                     258326

The Honorable Valerie E. Caproni
US District Court for the Southern District of New York
40 Foley Square
New York, New York 10007
United States of America

| YOUR REFERENCE | YOUR COMUNICATION | OUR REFERENCE ENT.: PROCESSO: 1245/20.2Y1CJI-A DSJCJI/258326 | DATE 02-02-2023 |
|---|---|---|---|

Requerente: Hogan Lovells Advogados (Estados Unidos)
Requerido: Novo Banco, S.A.

Subject:   The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, of 18 March 1970

Referring to the Taking of Evidence of "Novo Banco, S.A." (copy attached), herewith I am sending the Portuguese Court's information.

Yours faithfully,

On behalf of the Director-General
Isabel Matos Namora

The Senior Caseworker

Anabela Pereira

Direção-Geral da Administração da Justiça
Av. D. João II, 1.08.01 D/E, Ed. H - Pisos 0, 9-14, 1990-097 Lisboa – Portugal · Tel.: 217 906 200/1 · Fax: 211 545 100
correio.dsjcji@dgaj.mj.pt · https://dgaj.justica.gov.pt

Solicita-se que na resposta seja indicada a referência deste documento e n.º de processo



## Tribunal Judicial da Comarca de Lisboa
### Juízo Local Cível de Lisboa - Juiz 21
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400  Fax: 213812871  Mail: lisboa.localcivel@tribunais.org.pt

**Tribunal: Lisboa - DGAJ - Cooperação Judiciária Internacional**
**Unidade Orgânica: Secção de Processos**
**Tipo Processo: (ci) Obtenção de Prova**
**Processo: 1245/20.2Y1CJI-A**

*Referência: 422790245*            *Carta Rogatória (Averbada) nº 7519/22.0T8LSB*

Requerente: Hogan Lovells Advogados(estados Unidos)
Requerido: Novo Banco, S.A.
Data: 01-02-2023

Extraída dos autos de Carta Rogatória (Averbada), nº 1245/20.2Y1CJI-A do Tribunal Judicial da Comarca de Lisboa - Lisboa - JL Cível - Juiz 12 para Conv. Haia 1970 - Obtenção prova indireta

**Assunto:** Informação do estado dos autos

V/ ofício de 02-01-2023

Em referência ao assunto em epígrafe remete-se cópia do despacho proferido em 31-01-2023, informando que os autos serão remetidos, conforme ordenado, ao Venerando Tribunal da Relação de Lisboa.

Cumprimentos,

Escrivão Auxiliar:  Sara Lopes



Processo: 7519/22.0T8LSB
Referência: 421860664

**Tribunal Judicial da Comarca de Lisboa**
Juízo Local Cível de Lisboa - Juiz 21
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871 Mail: lisboa.localcivel@tribunais.org.pt

## Carta Rogatória (Averbada)

Os presentes autos respeitam a pedido formulado pelo Tribunal Distrital dos Estados Unidos, Distrito Sul de Nova Iorque, solicitando a notificação da requerida para apresentar a seguinte documentação:

"*1. Todos os documentos e correspondência que reflitam as transferências ou tentativas de transferências de fundos da Conta no Banco Espírito Santo para quaisquer Agentes Pagadores.*

*2. Documentos e correspondência que reflitam todas as tentativas de transferências de fundos da Conta no Banco Espírito Santo para os Agentes Pagadores e que foram rejeitadas pelos Agentes Pagadores ou por um banco correspondente ou intermediário envolvido na transferência.*

*3. Todas as ordens de pagamento e mensagens SWIFT (Society for Worldwide Interbank Financial Telecommunication) enviadas ou recebidas pelo Novo Banco, anteriormente conhecido como Banco Espírito, relativas a uma transferência efetiva ou a uma tentativa de transferência de fundos da Conta no Banco Espírito Santo para os Agentes Pagadores.*

*4. Toda a correspondência com a PDVSA relativa a qualquer transferência ou tentativa de transferência de fundos da Conta no Banco Espírito Santo para os Agentes Pagadores.*

*5. Todos os documentos e correspondência relativa a qualquer Agente Pagador ou relativa a qualquer rejeição por parte do banco no que diz respeito a uma transferência de fundos da Conta no Banco Espírito Santo que não tenham sido já produzidos em resposta a um pedido anterior.*

*6. Documentação suficiente para demonstrar as políticas CITIC da China relativamente ao cumprimento da E.O. 13808 e E.O. 13850.*"

O pedido destina-se à recolha de prova para instrução dos autos que correm termos junto do tribunal supra assinalado, prova essa solicitada pela ali demandada Petróleos de Venezuela, S.A.

Por requerimento sob a ref.ª 32687495 do p.e. veio a requerida escusar-se à apresentação da informação/documentação solicitadas com fundamento em sigilo bancário, sendo que não foi apresentada qualquer autorização para divulgação da informação pela titular das contas a que se reporta a questão.

No que tange ao ponto 6 do pedido, indicou não dispor daquela informação.

Por requerimento sob a ref.ª 32885786 do p.e. veio a requerente juntar autorização prestada pelo alegado legal representante da PDVSA para divulgação da informação solicitada.

A requerida veio, por requerimento sob a ref.ª 33048239 do p.e., pronunciar-se sobre aquela autorização, invocando dúvida fundada quanto à legitimidade do subscritor daquela autorização por força da situação política vigente na República da Venezuela, mormente, com a instituição de dois

Processo: 7519/22.0T8LSB
Referência: 421860664



**Tribunal Judicial da Comarca de Lisboa**
Juízo Local Cível de Lisboa - Juiz 21
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871 Mail: lisboa.localcivel@tribunais.org.pt

### Carta Rogatória (Averbada)

centros de poder, com nomeação de representantes junto de empresas estatais que se arrogam concomitantemente da legitimidade para representar aquelas.

Face ao requerimento apresentado foi solicitado ao tribunal rogante informação sobre a identificação do legal representante da R. em juízo, tendo sido prestada a informação sob a ref.ª 34158090 do p.e.

Notificada a requerida do teor da informação, manteve a recusa ao abrigo do sigilo bancário.

A requerente pronunciou-se entendendo que deveria ser julgada ilegítima a escusa com tal fundamento, determinando-se a prestação da informação, ou, caso assim não se entendesse, que se promovesse o incidente de quebra de sigilo bancário.

Desde logo, cumpre atentar no disposto no art. 11º da Convenção de Haia de 1970 sobre a obtenção de provas no estrangeiro em matéria civil ou comercial, em que se preceitua o seguinte:

*"A carta rogatória não será cumprida, na medida em que a pessoa em causa invoque uma dispensa ou uma interdição de depor, estabelecidas de harmonia com:*

*a)   A lei do Estado requerido;*

*b)   Ou a lei do Estado requerente, quando a dispensa ou a interdição tenham sido especificadas na carta rogatória ou, a pedido da autoridade requerida, tenham sido, por outro modo, confirmadas pela autoridade requerente."*

Por seu turno, o art. 417º do CPC o seguinte:

*"1 - Todas as pessoas, sejam ou não partes na causa, têm o dever de prestar a sua colaboração para a descoberta da verdade, respondendo ao que lhes for perguntado, submetendo-se às inspeções necessárias, facultando o que for requisitado e praticando os atos que forem determinados.*

*2 - Aqueles que recusem a colaboração devida são condenados em multa, sem prejuízo dos meios coercitivos que forem possíveis; se o recusante for parte, o tribunal aprecia livremente o valor da recusa para efeitos probatórios, sem prejuízo da inversão do ónus da prova decorrente do preceituado no n.º 2 do artigo 344.º do Código Civil.*

*3 - A recusa é, porém, legítima se a obediência importar:*

*a) Violação da integridade física ou moral das pessoas;*

*b) Intromissão na vida privada ou familiar, no domicílio, na correspondência ou nas telecomunicações;*

*c) Violação do sigilo profissional ou de funcionários públicos, ou do segredo de Estado, sem prejuízo do disposto no n.º 4.*



Processo: 7519/22.0T8LSB
Referência: 421860664

**Tribunal Judicial da Comarca de Lisboa**
Juízo Local Cível de Lisboa - Juiz 21
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871 Mail: lisboa.localcivel@tribunais.org.pt

### Carta Rogatória (Averbada)

*4 - Deduzida escusa com fundamento na alínea c) do número anterior, é aplicável, com as adaptações impostas pela natureza dos interesses em causa, o disposto no processo penal acerca da verificação da legitimidade da escusa e da dispensa do dever de sigilo invocado."*

Relevantes, também, para a questão emergem os arts. 78º e 79º do Regime Geral das Instituições de Crédito e Sociedades Financeiras (RGICSF, aprovado pelo DL 298/92, de 31 de Dezembro), que preceituam o que segue:

Art. 78º

*"1 - Os membros dos órgãos de administração ou fiscalização das instituições de crédito, os seus colaboradores, mandatários, comissários e outras pessoas que lhes prestem serviços a título permanente ou ocasional não podem revelar ou utilizar informações sobre factos ou elementos respeitantes à vida da instituição ou às relações desta com os seus clientes cujo conhecimento lhes advenha exclusivamente do exercício das suas funções ou da prestação dos seus serviços.*

*2 - Estão, designadamente, sujeitos a segredo os nomes dos clientes, as contas de depósito e seus movimentos e outras operações bancárias.*

*3 - O dever de segredo não cessa com o termo das funções ou serviços."*

Art. 79º

*"1 - Os factos ou elementos das relações do cliente com a instituição podem ser revelados mediante autorização do cliente, transmitida à instituição.*

*2 - Fora do caso previsto no número anterior, os factos e elementos cobertos pelo dever de segredo só podem ser revelados:*

*a) Ao Banco de Portugal, no âmbito das suas atribuições;*

*b) À Comissão do Mercado de Valores Mobiliários, no âmbito das suas atribuições;*

*c) À Autoridade de Supervisão de Seguros e Fundos de Pensões, no âmbito das suas atribuições;*

*d) Ao Fundo de Garantia de Depósitos, ao Sistema de Indemnização aos Investidores e ao Fundo de Resolução, no âmbito das respetivas atribuições;*

*e) Às autoridades judiciárias, no âmbito de um processo penal;*

*f) Às comissões parlamentares de inquérito da Assembleia da República, no estritamente necessário ao cumprimento do respetivo objeto, o qual inclua especificamente a investigação ou exame das ações das autoridades responsáveis pela supervisão das instituições de crédito ou pela legislação relativa a essa supervisão;*

*g) À administração tributária, no âmbito das suas atribuições;*



Processo: 7519/22.0T8LSB
Referência: 421860664

**Tribunal Judicial da Comarca de Lisboa**
Juízo Local Cível de Lisboa - Juiz 21
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871 Mail: lisboa.localcivel@tribunais.org.pt

### Carta Rogatória (Averbada)

*h) Quando exista outra disposição legal que expressamente limite o dever de segredo."*

Finalmente, e ainda, com relevo para a questão, cumpre ter em consideração o disposto no art. 135º do CPP, enquanto mecanismo tendente a remover o sigilo:

*"1 - Os ministros de religião ou confissão religiosa e os advogados, médicos, jornalistas, membros de instituições de crédito e as demais pessoas a quem a lei permitir ou impuser que guardem segredo podem escusar-se a depor sobre os factos por ele abrangidos.*

*2 - Havendo dúvidas fundadas sobre a legitimidade da escusa, a autoridade judiciária perante a qual o incidente se tiver suscitado procede às averiguações necessárias. Se, após estas, concluir pela ilegitimidade da escusa, ordena, ou requer ao tribunal que ordene, a prestação do depoimento.*

*3 - O tribunal superior àquele onde o incidente tiver sido suscitado, ou, no caso de o incidente ter sido suscitado perante o Supremo Tribunal de Justiça, o pleno das secções criminais, pode decidir da prestação de testemunho com quebra do segredo profissional sempre que esta se mostre justificada, segundo o princípio da prevalência do interesse preponderante, nomeadamente tendo em conta a imprescindibilidade do depoimento para a descoberta da verdade, a gravidade do crime e a necessidade de protecção de bens jurídicos. A intervenção é suscitada pelo juiz, oficiosamente ou a requerimento.*

*4 - Nos casos previstos nos n.ºs 2 e 3, a decisão da autoridade judiciária ou do tribunal é tomada ouvido o organismo representativo da profissão relacionada com o segredo profissional em causa, nos termos e com os efeitos previstos na legislação que a esse organismo seja aplicável."*

Da conjugação das normas ora citadas parece emergir que:

- é lícita a recusa de cumprimento de carta rogatória com base em dispensa fundada na lei do Estado requerido, entendendo-se aqui que terá de ser dispensa não removível;

- o sigilo bancário encontra-se consagrado como uma das excepções ao dever de colaboração previsto no art. 417º do CPC;

- o sigilo bancário constitui dever dos membros dos órgãos de administração ou fiscalização das instituições de crédito, os seus colaboradores, mandatários, comissários e outras pessoas que lhes prestem serviços a título permanente ou ocasional;

- tal dever cede perante autorização do cliente para prestação da informação ou nos demais casos excepcionais previstos na lei;

- invocado o sigilo bancário:



Processo: 7519/22.0T8LSB
Referência: 421860664

**Tribunal Judicial da Comarca de Lisboa**
Juízo Local Cível de Lisboa - Juiz 21
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871 Mail: lisboa.localcivel@tribunais.org.pt

### Carta Rogatória (Averbada)

- a autoridade judiciária perante o qual é invocado entende ilegítima a escusa e determina a prestação da informação – neste caso não há quebra de sigilo, porquanto não estão verificados os fundamentos para tanto; ou

- a autoridade judiciária perante o qual é invocado entende legítima a escusa e suscita junto do tribunal imediatamente superior incidente de quebra de sigilo.

Considerando que é ultrapassável a invocação do sigilo bancário – por via da decisão sobre a sua ilegitimidade ou por via do competente incidente para quebra de sigilo, caso seja legítima a sua invocação – afigura-se-nos que, no cumprimento da carta rogatória, deve o tribunal providenciar pela remoção dos obstáculos ao seu cumprimento.

Nesta medida, invocado o sigilo bancário pela requerida, cumpre ao tribunal:

- em primeira linha aferir da legitimidade da recusa;

- entendendo ser a mesma legítima, providenciar pela quebra de sigilo bancário mediante o procedimento adequado.

Ora, a invocação do sigilo profissional, afigura-se-nos ter sido, num primeiro momento, legitimamente exercida, ao abrigo do disposto no art. 78º, n.º 1, do RGICSF.

A questão, coloca-se-nos, porém, de outra forma perante a apresentação de autorização para divulgação da informação solicitada, alegadamente emitida pelo legal representante da PDVSA.

Perante a manutenção da recusa em prestar informação com fundamento nas dúvidas sobre a legitimidade do representante da cliente face à situação política da República da Venezuela, cabe a este tribunal aferir da (i)legitimidade daquela recusa, determinando a prestação da informação ou suscitando o incidente de quebra de sigilo bancário.

Dos autos emerge que:

- em 9 de Junho de 2022, Horácio Medina, na qualidade de Presidente do Conselho *ad hoc* da Petróleos de Venezuela SA, emitiu a seguinte declaração *"A PDVSA autoriza expressamente o Novo Banco a divulgar toda a informação/documentação relativa à Conta que seja necessária para responder minuciosamente à Carta de Solicitação e, para este fim limitado, renuncia a quaisquer objeções ao abrigo da Lei do Sigilo Bancário em relação a esta divulgação."*, por referência à conta PT50000709030009508170630 e à presente carta rogatória (ref.ª 32885786 do p.e.);

- por decreto n. 34, de 23/05/2021, (decreto de alteração parcial do decreto n.º 3 sobre as regras especiais do Conselho de Administração ad-hoc da Petróleos da Venezuela, S.A. (PDVSA) e suas subsidiárias), emitido por Juan Gerardo Güaidó Marquez, na qualidade de Presidente da



Processo: 7519/22.0T8LSB
Referência: 421860664

**Tribunal Judicial da Comarca de Lisboa**
Juízo Local Cível de Lisboa - Juiz 21
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871 Mail: lisboa.localcivel@tribunais.org.pt

## Carta Rogatória (Averbada)

Assembleia Nacional e Presidente Interino da Republica Bolivariana da Venezuela, Horácio Medina foi designado Presidente do Conselho de Administração ad-hoc da PVDSA (ref.ª 32885786 do p.e.);

- o decreto n.º 3, sobre as regras especiais do Conselho de Administração ad-hoc da Petróleos da Venezuela, S.A. (PDVSA) e suas subsidiárias, prescreve o seguinte:

*"Artigo 2º*

*(...)*

*O Conselho de Administração ad hoc exercerá todas as competências que, nos termos da lei. Os estatutos e demais regulamentos correspondem à assembleia geral, conselho de administração e presidente da Petróleos da Venezuela, S.A. (PDVSA) e suas subsidiárias constituídas na Venezuela, para o exercício dos seguintes direitos:*

*(...)*

*3. Exercer a representação legal da PDVSA e suas sociedades finais para os fins indicados no artigo 5º."*

*(...)*

*Artigo 4º*

*O Conselho de administração ad hoc terá todas as funções que correspondem à assembleia geral, ao conselho de administração e à presidência da PDVSA, e em especial da PDVSA Petróleo, S.A., para efeitos de ordenar transferências bancárias em contas em nome de essas sociedades mercantis e/ou solicitar a terceiros que efectuem pagamentos em seu nome, exclusivamente para pagamento de juros ou capital de títulos emitidos pela PDVSA. O presidente do conselho de administração assinará todos os documentos necessários ao exercício deste poder.*

*(...)*

*Artigo 5º*

*O conselho de administração ad hoc, em coordenação com o procurador especial, designado pelo Presidente da República, exercerá a representação legal da PDVSA e suas subsidiárias no exterior, nos seguintes termos:*

*1.   A representação legal somente poderá ser exercida para a melhor defesa dos direitos e interesses dessas sociedades comerciais, sem que tal poder lhes permita celebrar atos e contratos de alienação de ativos das subsidiárias da PDVSA constituídas no exterior. Tal atribuição não pode ser exercida para representação em ações ou disputas judiciais ou extrajudiciais. (...)*



Processo: 7519/22.0T8LSB
Referência: 421860664

**Tribunal Judicial da Comarca de Lisboa**
Juízo Local Cível de Lisboa - Juiz 21
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871 Mail: lisboa.localcivel@tribunais.org.pt

### Carta Rogatória (Averbada)

3.  *Esta representação legal será exercida pelo Presidente do Conselho de administração ad hoc de acordo com este decreto.*

*(...)*

*Artigo 9º*

*A diretoria terá um Presidente designado entre os seus membros, para fins de representação da diretoria perante terceiros, inclusive, para a subscrição dos atos e documentos necessários ao exercício dos direitos que correspondem à PDVSA e suas coligadas, e, em particular, para a assinatura de contas bancárias e outros documentos para os fins previstos no artigo 4º.*

*(...)*

*Artigo 11º*

*A representação judicial e extrajudicial da PVDSA e de suas subsidiarias diretas e indiretas, inclusive as constituídas no exterior, corresponderá exclusivamente ao Promotor Especial designado nos termos do art. 20º do Estatuto que rege a transição para a democracia para restabelecer a vigência da Constituição da Republica Bolivariana da Venezuela e a Lei Orgânica da Procuradoria Geral da República."* (ref.ª 32885786 do p.e.).

Ora, sem embargo da questão suscitada pela requerida, referente à legitimidade política do Presidente do Conselho para conceder a autorização presentada, afigura-se-nos que se mostra duvidosa a legitimidade deste para, sozinho, conceder aquela autorização.

De facto, de acordo com os preceitos citados, a representação da PDVSA incumbe a um Conselho de Administração, mostrando-se delimitados na lei os poderes que o seu presidente detém para, sozinho, representar aquela PDVSA.

Assim, de acordo com o art. 4º supra transcrito, aquele Presidente do Conselho tem poderes para assinar os documentos necessários a *"ordenar transferências bancárias em contas em nome de essas sociedades mercantis e/ou solicitar a terceiros que efectuem pagamentos em seu nome, exclusivamente para pagamento de juros ou capital de títulos emitidos pela PDVSA"*.

O art. 5º refere-se à representação da PDVSA no estrangeiro, excluindo a representação em disputas judiciais ou extrajudiciais. As atribuições do presidente do conselho nesse domínio serão decalcadas daqueloutros poderes de representação.

Processo: 7519/22.0T8LSB
Referência: 421860664



**Tribunal Judicial da Comarca de Lisboa**
Juízo Local Cível de Lisboa - Juiz 21
Palácio da Justiça, Rua Marquês de Fronteira
1098-001 Lisboa
Telef: 213846400 Fax: 213812871 Mail: lisboa.localcivel@tribunais.org.pt

### Carta Rogatória (Averbada)

O art. 9º parece referir-se às funções do presidente, dentro do quadro anteriormente delineado quanto às funções do conselho.

Ora, destes preceitos afigura-se-nos não ser clara a suficiência do Presidente do Conselho para, por si só, conceder a apontada autorização para a divulgação dos elementos supra referidos e sujeitos a sigilo bancário.

Face ao exposto, afigura-se-nos ser de concluir pela legitimidade da escusa oposta pela requerida, pelo que cumpre suscitar incidente de quebra de sigilo profissional, nos termos do disposto no art.º 135.º, n.º 3.º do C.P.P., por força do disposto no art.º 417.º, n.º 4 do C.P.C.

Em face do exposto, remeta os autos ao Tribunal da Relação de Lisboa com vista a ordenar a prestação das informações descritas nos pontos 1 a 5 da presente carta rogatória com quebra de sigilo bancário.

Notifique.

Lisboa, 31/01/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SYRACUSE MOUNTAINS
CORPORATION,

                                  Plaintiff,

            -against-

PETRÓLEOS DE VENEZUELA S.A,

                                Defendant.
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/22

21-CV-2684 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS the parties appeared for a pretrial conference on February 11, 2022;

       IT IS HEREBY ORDERED that, for the reasons stated on the record at the February 11, 2022 conference, Defendants' motions for letters of request and letters rogatory are GRANTED.

       IT IS FURTHER ORDERED that Defendant must file an update with the Court regarding the status of the discovery sought every other month beginning on April 1, 2022. Subsequent letters are due on the first of the month, or if the first of the month is a weekend or a holiday, the first business day thereafter.

       IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motions at Dockets 34 and 42.

SO ORDERED.

Date: February 11, 2022
       New York, New York

                                              VALERIE CAPRONI
                                            United States District Judge

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA S.A.,<br><br>Defendant. | Civil Action No. 1:21-cv-02684-VEC<br><br>**Letter of Request for International Judicial Assistance, pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to Novo Banco, S.A. f/k/a Banco Espirito Santo, S.A.** |

The United States District Court for the Southern District of New York presents its compliments to the Portuguese Central Authority for the Hague Evidence Convention and requests international judicial assistance to obtain evidence to be used in a civil proceeding currently pending in the United States.

The Court has reviewed the particular requests for evidence and has concluded that they are directed to issues that the Court will address in the above-captioned action. The assistance requested herein is therefore necessary and in the interests of justice.

| | |
|---|---|
| 1. Sender | The Honorable Valerie E. Caproni<br>U.S. District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States |
| 2. Central Authority of the Requested State | Directorate-General of Justice Administration<br>Ministry of Justice<br>Av. D. João II, n° 1.08.01 - Edifício H<br>1990-097 Lisboa<br>Portugal |
| 3. Person to whom the executed request is to be returned | Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States<br>dennis.tracey@hoganlovells.com<br>richard.lorenzo@hoganlovells.com |



|   |   |   |
|---|---|---|
|   |   | catherine.bratic@hoganlovells.com |
| 4. | Name and address of person from whom evidence is sought | Novo Banco, S.A.<br>Avenida da Liberdade, 195<br>1250-142, Lisboa<br>Portugal |
| 5. | Date by which the requesting authority requires receipt of the response to the Letter of Request | January 28, 2022, or as soon as practicable. |

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

|   |   |   |
|---|---|---|
| 6. | Requesting judicial authority | The Honorable Valerie E. Caproni<br>U.S. District Court for the Southern District of New York<br>40 Foley Square<br>New York, New York 10007<br>United States |
| 7. | To the competent authority of | Portugal |
| 8. | Name of the case and identifying number | Syracuse Mountains Corporation v. Petróleos de Venzuela, S.A.<br>S.D.N.Y. Docket No. 1:21-cv-02684-VEC |
| 9. | Name and address of the plaintiff and its representatives | Syracuse Mountains Corporation<br>Nicolas Swerdloff, Michael A. DeBernardis<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>United States |
| 10. | Name and address of the defendant and its representatives | Petróleos de Venezuela, S.A.<br>Dennis H. Tracey, Richard Lorenzo, and Catherine Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States |
| 11. | Nature of the proceedings and summary of complaint and defenses | Syracuse Mountains Corporation ("Syracuse") commenced a civil action against Petróleos de Venezuela, S.A. ("PDVSA") for a money judgment for amounts allegedly owed by PDVSA pursuant to five note agreements issued by |



|   |   |
|---|---|
|   | PDVSA. Discovery in the case is ongoing. |
|   | Syracuse alleges that PDVSA made initial payments due under the notes, but failed to make payments beginning in late 2017. Syracuse claims that it is entitled to a money judgment from PDVSA for the unpaid principal and interest on the notes. |
|   | PDVSA intends to establish that the sanctions that the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") imposed on the Venezuelan oil industry beginning in 2017 made it impossible or objectively impracticable for PDVSA to perform its payment obligations under the notes because banking institutions involved in the transactions rejected or refused to transfer payments from PDVSA. |
| 12. Evidence to be obtained | Documents described in Schedule A, attached. |
| 13. Purpose of the evidence sought | PDVSA seeks this evidence to establish its impossibility or impracticability defense, which would be a defense to Syracuse's claims. Specifically, PDVSA seeks evidence showing that PDVSA attempted to make the requisite payments under the notes by wire transfer from its account with Novo Banco, S.A., formerly known as Banco Espirito Santo, S.A., but that Novo Banco S.A. or intermediary or correspondent banks involved in the transactions rejected or refused to process PDVSA's payments out of concern of the OFAC sanctions and their general risk appetite. |
| 14. Documents or other property to be inspected or produced | See Schedule A, attached. |
| 15. Special methods or procedure to be followed | See Schedule A, attached. |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The person from whom evidence is requested may decline to answer a question or produce a requested document under any applicable privilege, protection, or immunity under the laws of the United States of America. |
| 17. Fees and costs incurred which are | Dennis H. Tracey, Richard Lorenzo, and Catherine |



| | |
|---|---|
| reimbursable under the second paragraph of Article 14 or Article 26 of the Convention will be borne by: | Bratic<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>United States<br>dennis.tracey@hoganlovells.com<br>richard.lorenzo@hoganlovells.com<br>catherine.bratic@hoganlovells.com |
| DATE OF REQUEST | Feb. 11, 2022 |
| SO ORDERED | /s/ Valerie Caproni<br>Hon. Valerie E. Caproni<br>UNITED STATES DISTRICT JUDGE |





## SCHEDULE A

## DEFINITIONS

1. "Banco Espirito," "you," or "your" refers to Novo Banco, S.A., formerly known as Banco Espirito Santo, S.A., its present or former agents, employees, representatives, or other persons acting or purporting to act for or on its behalf.

2. "Syracuse Mountains Corporation" refers to Plaintiff Syracuse Mountains Corporation, its present or former agents, employees, representatives, or other persons acting for or on its behalf.

3. "PDVSA" refers to Defendant Petróleos de Venezuela, S.A., its present or former agents, employees, representatives, or other persons acting for or on its behalf.

4. "Paying Agents" refers to The Bank of New York, The Bank of New York Mellon Corporation, or Citibank N.A., their present or former agents, employees, representatives, or other persons acting or purporting to act for or on their behalf.

5. The "Banco Espirito Account" refers to the bank account that PDVSA holds with Novo Banco, formerly known as Banco Espirito, described as follows:

| | |
|---|---|
| Name on Account: | Petróleos de Venezuela, S.A. or 1/PETROLEOS DE VENEZUELA SA |
| Bank Name: | Banco Espirito Santo, SA |
| Account Number: | PT50000709030009508170630 |

6. "E.O. 13808" refers to United States Executive Order 13808 signed into law on August 24, 2017 by President Donald J. Trump.

7. "E.O. 13850" refers to United States Executive Order 13850 signed into law on November 1, 2018 by President Donald J. Trump.

8. The "Protective Order" refers to the parties' Stipulated Confidentiality and Protective Order annexed hereto as Exhibit 1.

## INSTRUCTIONS

1. This request is a continuing request, and to the extent that at any time after the production of documents called for by this request, you become aware of or acquire additional documents responsive to this request, such documents shall be produced promptly.

2. A request for any document shall be deemed to include a request for all drafts thereof and all revisions and modifications thereto in addition to the document itself.

3. A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4. If any document requested is not produced on the basis of an assertion of the attorney-client privilege, work-product doctrine, or any claim of privilege or immunity, identify each such document together with sufficient information to permit the court to make a determination as to whether there is a proper basis for withholding such a document. In so doing, the following information must be supplied in writing: (i) the type of document (e.g., letter, memorandum or report); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author or sender of the document; (v) the addressee or recipient of the document; (vi) each person who received a copy of the document; (vii) the privilege asserted; and (viii) the basis for asserting such a privilege.

5. If an objection to any particular portion of this request is asserted, documents responsive to any other portion of this request as to which there is no objection must be produced.

6. The documents requested should be produced as they were kept in the ordinary course of business, and should be produced with any file folder labels in a manner that will enable Defendants to determine the person, database, or records from whose files each document was

obtained, or, alternatively, the documents can be labeled to correspond to the categories of documents requested.

7. Electronic documents shall be produced in readily usable and searchable electronic format.

8. Unless otherwise stated, each request seeks documents and information from August 1, 2017 to present.

## DOCUMENTS REQUESTED

1. All documents and correspondence reflecting transfers or attempted transfers of funds from the Banco Espirito Account to any of the Paying Agents.

2. Documents and correspondence reflecting all attempted transfers of funds from the Banco Espirito Account to the Paying Agents that were rejected by the Paying Agents or a by correspondent or intermediary bank involved in the transfer.

3. All SWIFT (Society for Worldwide Interbank Financial Telecommunication) payment orders and messages sent or received by Novo Banco, formerly known as Banco Espirito, concerning an actual or attempted transfer of funds from the Banco Espirito Account to the Paying Agents.

4. All correspondence with PDVSA concerning any transfer or attempted transfer of funds from the Banco Espirito Account to the Paying Agents.

5. All documents and correspondence concerning any Paying Agent or bank's rejection of a transfer of funds from the Banco Espirito Account that are not already being produced in response to an earlier request.

6. Documents sufficient to show China CITIC's policies with respect to compliance with E.O. 13808 and E.O. 13850.

Not later than **Tuesday, February 21, 2023**, Defendant must either (1) file a certified translation of the Tribunal's communication and a short letter responding to the communication, or (2) in light of the stayed nature of the case, set forth an alternative timeline to address this communication.

SO ORDERED.

*[Signature]*  02/13/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE



**Taxa Paga**
Portugal
Contrato 560201

REP
PORTUGUESA
JUSTIÇA

Direção-Geral da Administração da Justiça
Av. D. João II, 1.08.01 D/E, Ed. H - pisos 0, 9-11, 13 e 14
1900-097 Lisboa
Portugal

THE HONORABLE VALERIE E. CAPRONI
US DISTRICT COURT FOR SOUTHERN DISTRICT
40 FOLEY SQUARE, NEW YORK 10007
UNITED STATES OF AMERICA



USMAILD SDNY