

1(212) 318-6483
kevinbroughel@paulhastings.com

May 24, 2023

**VIA ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007
(212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

Re:   *Syracuse Mountains Corp. v. Petróleos de Venezuela S.A.*, No. 1:21-cv-02684-VEC

Dear Judge Caproni:

We represent defendant Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced action. In accordance with this Court's order dated February 11, 2022 (ECF No. 49), we submit this letter to provide the Court with an update regarding the status of discovery. PDVSA last updated this Court on these matters in its December 1, 2022 letter (ECF No. 98).

**Letters of Request**

Since its last discovery update, PDVSA has continued to work with local counsel to enforce the letters of request and letters rogatory issued by this Court.

**Dinosaur Merchant Bank Ltd.**

Completed – no further proceedings expected.

**The Bank of New York Depository (Nominees) Limited**

Completed – no further proceedings expected.

**Zuma Bank Corporation**

Completed – no further proceedings expected.

**Bank Internationale á Luxembourg; Bank of New York Mellon SA/NV, Luxembourg Branch; Clearstream Banking S.A.; and J. Safra Sarasin (Luxembourg) S.A.**

Bank of New York Mellon SA/NV, Luxembourg Branch has reported that it has no relevant documents to produce. No further proceedings are expected.

Bank Internationale á Luxembourg, Clearstream Banking S.A., and J. Safra Sarasin (Luxembourg) S.A. have each submitted objections to the enforcement of the letters of request directed to them. Local counsel

Case 1:21-cv-02684-VEC   Document 116   Filed 05/24/23   Page 2 of 3



Hon. Valerie E. Caproni
May 24, 2023
Page 2

has responded to the Luxembourg Central Authority with PDVSA's arguments in favor of enforcement. Further proceedings related to the enforcement of these requests are pending with the Luxembourg Central Authority and local court, and local counsel is unable to provide an estimated timeframe for when the proceedings will be resolved.

**Novo Banco S.A.**

As this Court is aware, Novo Banco S.A. has thus far refused to produce documents in response to this Court's February 11, 2022 letter of request to the Direção-Geral da Administração da Justiça of the Republic of Portugal, citing bank secrecy and uncertainty regarding the authorized legal representative of PDVSA, given the political crisis impacting Venezuela and the diplomatic recognition accorded to the competing Venezuelan regimes of the National Assembly and Nicolás Maduro.  On January 31, 2023, the Judicial Court of the District of Lisbon issued a decision in Novo Banco's favor, concluding it was unclear who had authorization at PDVSA to waive bank secrecy laws.  The Judicial Court, however, referred the case to the Court of Appeal of Lisbon, which has the power to waive bank secrecy laws and direct Novo Banco to produce documents, regardless of any uncertainty concerning authorization.

On April 19, 2023, the Court of Appeal issued a decision in PDVSA's favor, lifting bank secrecy and directing Novo Banco to produce all documents responsive to this Court's letter of request (with the exception of certain documents related to the policies of China CITIC Bank) within 10 days.  A copy of this decision, with a certified translation, is attached hereto as Exhibit A.

Local counsel has informed PDVSA that Novo Banco petitioned the Portuguese court for a 30-day extension to its production deadline.  Should the Portuguese court grant Novo Banco's request, the new production deadline will be 30 days from the date of the Portuguese court's decision granting the request.  Local counsel believes the court will rule on the request within the next week.

**Euroclear Bank S.A./N.V.**

As noted in PDVSA's prior update letters to the Court, PDVSA submitted its final filing in support of enforcing its discovery request on November 9, 2022.  A hearing on this matter was scheduled for December 12, 2022.  However, local counsel has advised PDVSA that the Belgian court adjourned oral argument until September 25, 2023 due to a backlog of cases.  Under Belgian law, Belgian courts are required to issue decisions within a month of oral argument.  However, local counsel has advised PDVSA that Belgian courts often do not strictly adhere to this timeframe.

**China CITIC Bank**

As noted in PDVSA's prior update letters to the Court, the Chinese Central Authority informed local counsel on November 21, 2022 that the local court had received responsive documents from China CITIC Bank. The Supreme People's Court of China is currently reviewing these documents for national security purposes.  Once this review is complete, the Supreme People's Court of China will forward the documents to the Chinese Central Authority, which will produce them to PDVSA.  The Chinese Central Authority has not advised local counsel of the expected timeline for this national security review, but local counsel remains in contact with the Chinese Central Authority and continues to monitor the status of this request.



Hon. Valerie E. Caproni
May 24, 2023
Page 3

**Gazprombank**

As noted in PDVSA's prior update letters to the Court, the Russian Ministry of Justice informed local counsel that it would not recognize the validity of or otherwise enforce the letter of request directed to Gazprombank (Joint Stock Company).  In light of this, and the current diplomatic tensions between the United States and the Russian Federation related to the war in Ukraine, PDVSA has sent the letter of request directly to Gazprombank and has requested Gazprombank's voluntary compliance with the discovery request.  The letter was delivered on October 10, 2022.  To date, PDVSA has not received a response.

Respectfully submitted,

*Kevin Broughel*

Kevin P. Broughel
of PAUL HASTINGS LLP