UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>PETRÓLEOS DE VENEZUELA S.A.,<br><br>        Defendant. | Civil Action No.: 21-cv-2684-VEC |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

HUGHES HUBBARD & REED LLP
Daniel H. Weiner
Michael A. DeBernardis
Shayda Vance
One Battery Park Plaza
New York, NY 10004
Tel: 212-837-6000
Fax: 212-422-4726

*Counsel for Plaintiff Syracuse Mountains Corporation*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
BACKGROUND .............................................................................................................................. 1
    I.     The Parties ........................................................................................................................... 1
    II.    The Notes ............................................................................................................................. 2
    III.   Authorization to Sue ........................................................................................................... 5
    IV.   This Action .......................................................................................................................... 6
ARGUMENT .................................................................................................................................... 7
    I.     Standard .............................................................................................................................. 7
    II.    PDVSA Waived Sovereign Immunity ............................................................................... 8
    III.   PDVSA is in Breach of Contract for Defaulting on its Bond Obligations ........................ 9
         1.    Syracuse and PDVSA are Parties to an Enforceable Contract ................................... 10
         2.    PDVSA Breached its Contractual Obligations ............................................................ 11
         3.    Syracuse has been damaged by PDVSA's contractual breaches ................................ 13
CONCLUSION ............................................................................................................................... 15

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242
(2d Cir. 2005) ..................................................................................................................10

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................7, 8

*Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33 (2d Cir. 2009) ..................................................9

*Casa Express Corp. as Tr. of Casa Express Tr. v. Bolivarian Republic of
Venezuela*, 492 F. Supp. 3d 222 (S.D.N.Y. 2020) ............................................................9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................................7

*Chickpen, S.A. v. Bolivarian Republic of Venezuela*, No. 21 Civ. 597 (AT), 2022
WL 1684275 (S.D.N.Y. May 26, 2022) ..........................................................................12

*Chinatrust Bank (U.S.A.) v. Pinter*, No. 04 CV 5331 (SLT)(KAM), 2007 U.S.
Dist. LEXIS 21265 (E.D.N.Y. Mar. 23, 2007) ..................................................................7

*Connolly v. Calvanese*, 515 F. App'x 62 (2d Cir. 2013) .................................................................7

*Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169 (2d Cir. 2010) .................................................11

*Contrarian Cap. Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, No. 19 CIV.
11018 (AT), 2020 WL 5849013 (S.D.N.Y. Oct. 1, 2020) ...................................10, 11, 14

*Crespo v. Republic of Argentina*, No. 07 Civ. 11457 (TPG), 2015 WL 4998552
(S.D.N.Y. Aug. 21, 2015) ................................................................................................10

*Dvoskin v. Prinz*, 205 A.D.2d 661, 613 N.Y.S.2d 654 (2d Dep't 1994) .........................................7

*EM Ltd. v. Republic of Argentina*, 382 F.3d 291 (2d Cir. 2004) ....................................................9

*Hanwha Corp. v. Cedar Petrochemicals, Inc.*, 760 F. Supp. 2d 426 (S.D.N.Y.
2011) ..................................................................................................................................8

*Humphreys v. Cablevision Sys. Corp.*, 553 F. App'x 13 (2d Cir. 2014) .........................................7

*Jeffreys v. City of N.Y.*, 426 F.3d 549 (2d Cir. 2005) .....................................................................8

*Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576 (2d Cir. 1991) ........................................................7

*Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458 (2d Cir.
2010) ................................................................................................................................11

*LG Capital Funding, LLC v. 5Barz Intl., Inc.*, 307 F. Supp. 3d 84 (E.D.N.Y. 2018) ................................................................................................................................9

*Lightwater Corp. v. Republic of Argentina*, Nos. 02 Civ. 3804 (TPG), 02 Civ. 3808 (TPG), 02 Civ. 5932 (TPG), 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) ..........................................................................................................................12, 13

*Lovati v. Bolivarian Republic of Venezuela*, 19-CV-4793 (ALC), 2023 WL 2612456 (S.D.N.Y. Mar. 23, 2023) ...........................................................................8, 9, 14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .......................................8

*Mazzini v. Republic of Argentina*, No. 03 Civ. 8120TPG, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005), *aff'd*, 282 F. App'x 907 (2d Cir. 2008) ...........................10, 12, 13

*MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486 (S.D.N.Y.), *aff'd*, 719 F. App'x 47 (2d Cir. 2017) ...............................................................................9

*Mun. Cap. Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379 (S.D.N.Y. 2002) ................................................................................................................................9

*NML Cap., Ltd. v. Republic of Argentina*, 699 F.3d 246 (2d Cir. 2012) .................................9, 14

*NML Cap. v. Republic of Argentina*, 435 Fed. App'x 41 (2d Cir. 2011) .......................................14

*U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34 (2d Cir. 2004) ............................9

*Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448 (S.D.N.Y. 2003) .........................7

*W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 565 N.Y.S.2d 440 (1990) ........................11

*Weinstock v. Columbia Univ.*, 224 F.3d 33 (2d Cir. 2000) .............................................................8

*Wolfson v. Bruno*, 844 F. Supp. 2d 348 (S.D.N.Y. 2011) ...............................................................8

**Statutes and Rules**

28 U.S.C. § 1603 ..............................................................................................................................2

28 U.S.C. § 1605-07 ........................................................................................................................8

CPLR §§ 5001(a) and 5004 ..........................................................................................................14

Fed. R. Civ. P. 56 ...................................................................................................................1, 7, 8

Local Civ. R. 56.1 ...........................................................................................................................1

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Syracuse Mountains Corporation ("Syracuse") moves this Court for the entry of summary judgment on its breach of contract claims against Defendant Petróleos de Venezuela S.A. ("PDVSA"). As shown below, there can be no dispute that PDVSA failed to make contractually mandated principal and coupon interest payments on notes issued by PDVSA and held by Syracuse. Syracuse therefore seeks summary judgment in the amount of all due and unpaid principal payments, all accrued and unpaid interest on the notes at issue, plus pre-judgment interest on the outstanding interest payments, dating from PDVSA's persistent and uncured defaults beginning in 2017.

## PRELIMINARY STATEMENT

This is a straightforward breach of contract case. Syracuse is the beneficial owner of five notes (collectively, the "Notes") issued by PDVSA. PDVSA failed to carry out its contractual payment obligations under the Notes. The terms of the Notes, issued pursuant to a series of indentures, require PDVSA to pay interest twice a year until the principal is repaid, and repay the principal amount of the Notes on the specified maturity dates. In late 2017, PDVSA stopped making its required biannual interest payments on all five of the Notes. PDVSA also failed to make principal payments on two of the Notes that reached maturity.

The factual record in this case is undisputed. Because PDVSA breached its contractual duties, Syracuse is entitled to the entry of judgment against PDVSA for the total due and unpaid principal and interest on the five Notes.

## BACKGROUND

**I.  The Parties**

Plaintiff Syracuse is a company incorporated under the laws of Panama. *See* Local

Civ. R. 56.1 Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment, dated Sept. 1, 2023 ("SOMF") ¶ 1. Syracuse was formed in November 2020 by several companies that owned notes issued by PDVSA prior to PDVSA's default. SOMF ¶ 12.

Defendant PDVSA is a capital stock corporation organized under the laws of the Bolivarian Republic of Venezuela (the "Republic"), majority-owned by the Republic. SOMF ¶ 4. The Republic is a Foreign State as defined in 28 U.S.C. § 1603. SOMF ¶ 5. PDVSA is therefore an agency or instrumentality of a Foreign State, as defined in 28 U.S.C. § 1603. SOMF ¶ 6.

## II. The Notes

PDVSA issued notes pursuant to a series of indentures dated April 12, 2007 (the "2007 Indenture"), February 17, 2011 (the "February 2011 Indenture"), November 17, 2011 (the "November 2011 Indenture"), May 17, 2012 (the "2012 Indenture"), and November 15, 2013 (the "2013 Indenture") (collectively, the "Indentures"). SOMF ¶ 7. Under section 10.03 of each of the Indentures, New York law governs PDVSA's payment obligations concerning each of the Notes. SOMF ¶ 25.

The 2007 Indenture was entered into by and among PDVSA, PDVSA Petróleo, S.A., as guarantor, The Bank of New York, as trustee, registrar and principal paying agent, and The Bank of New York (Luxembourg) S.A., as Luxembourg listing agent and paying agent. SOMF ¶ 8.

The February 2011 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, Wilmington Trust Company, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Dexia Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent. SOMF ¶ 11.

The November 2011 Indenture was entered into by and among PDVSA, PDVSA Petróleo, S.A., as guarantor, Wilmington Trust Company, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Dexia Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent. SOMF ¶ 14.

The 2012 Indenture was entered into by and among PDVSA, PDVSA Petróleo, S.A., as guarantor, Wilmington Trust Company, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent. SOMF ¶ 17.

The 2013 Indenture was entered into by and among PDVSA, PDVSA Petróleo, S.A., as guarantor, Law Debenture Trust Company of New York, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent. SOMF ¶ 20.

Syracuse is a beneficial owner of the Notes issued under the Indentures with the following terms:

| Issue | Identifier | Final Maturity | Indenture | Principal Beneficially Held | Interest Payment Dates |
|---|---|---|---|---|---|
| 9.00% 2021 Notes | CUSIP number P7807HAP0 | 11/17/2021 | November 2011 | $2,000,000.00 | May 17; Nov. 17 |
| 12.75% 2022 Notes | CUSIP number P7807HAM7 | 2/17/2022 | February 2011 | $214,150,000.00 | Feb. 17; Aug. 17 |
| 6.00% 2026 Notes | CUSIP number P7807HAR6 | 11/15/2026 | 2013 | $20,000,000.00 | May 15; Nov. 15 |
| 5.375% 2027 Notes | SEDOL number B1VX673 | 4/12/2027 | 2007 | $28,000,000.00 | Apr. 12; Oct. 12 |
| 9.75% 2035 Notes | CUSIP number P7807HAQ8 | 5/17/2035 | 2012 | $69,150,000.00 | May 17; Nov. 17 |

SOMF ¶¶9-10, 12-13, 15-16, 18-19, 21-22.

Ownership of each of the Notes is reflected in the Consolidated Statement of Accounts of Syracuse's holdings at Safra National Bank of New York, dated March 31, 2021.

3

SOMF ¶¶ 9, 12, 15, 18, 21.

Beginning in late 2017, PDVSA stopped making interest payments on the Notes when due. Specifically, PDVSA failed to make the following interest payments required by the Note terms:

| | | |
|---|---|---|
| i. | 9.00% 2021 Notes: | Nov. 17, 2017, May 17, 2018, Nov. 17, 2018, May 17, 2019, Nov. 17, 2019, May 17, 2020, Nov. 17, 2020, May 17, 2021, Nov. 17, 2021, May 17, 2022, Nov. 17, 2022 and May 17, 2023. |
| ii. | 12.75% 2022 Notes: | Feb. 17, 2018, Aug. 17, 2018, Feb. 17, 2019, Aug. 17, 2019, Feb. 17, 2020, Aug. 17, 2020, Feb. 17, 2021, Aug. 17, 2021, Feb. 17, 2022, Aug. 17, 2022 and Feb. 17, 2023. |
| iii. | 6.00% 2026 Notes: | Nov. 15, 2017, May 15, 2018, Nov. 15, 2018, May 15, 2019, Nov. 15, 2019, May 15, 2020, Nov. 15, 2020, May 15, 2021, Nov. 15, 2021, May 15, 2022, Nov. 15, 2022 and May 15, 2023. |
| iv. | 5.375% 2027 Notes: | Apr. 12, 2018, Oct. 12, 2018, Apr. 12, 2019, Oct. 12, 2019, Apr. 12, 2020, and Oct. 12, 2020, Apr. 12, 2021, and Oct. 12, 2021, Apr. 12, 2022, and Oct. 12, 2022 and Apr. 12, 2023. |

|   |   |   |
|---|---|---|
| v. | 9.75% 2035 Notes: | Nov. 17, 2017, May 17, 2018, Nov. 17, 2018, May 17, 2019, Nov. 17, 2019, May 17, 2020, and Nov. 17, 2020, May 17, 2021, Nov. 17, 2021, May 17, 2022, Nov. 17, 2022 and May 17, 2023. |

SOMF ¶ 26.

The 2021 Notes mature in equal installments on November 17, 2019, November 17, 2020 and November 17, 2021.  SOMF ¶ 27.  PDVSA failed to make the required principal payments on the 2021 Notes to Syracuse on November 17, 2019, November 17, 2020, and November 17, 2021.  SOMF ¶ 28.

Likewise, the 2022 Notes mature in equal installments on February 17, 2020, February 17, 2021 and February 17, 2022.  SOMF ¶ 29.  PDVSA failed to make the required principal payments to Syracuse on February 17, 2020, February 17, 2021 and February 17, 2022.  SOMF ¶ 30.

### III. Authorization to Sue

On March 18, 2021, Cede & Co., as nominee of The Depository Trust Company and holder of record of the 2021 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of the USD 2,000,000 principal amount of the Notes is entitled to take[.]"  SOMF ¶ 33.

On March 18, 2021, Cede & Co., as nominee of The Depository Trust Company and holder of record of the 2022 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of the USD 214,150,000 principal amount of the Notes is entitled to take[.]"  SOMF ¶ 34.

On March 18, 2021, Cede & Co., as nominee of The Depository Trust Company and holder of record of the 2026 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of the USD 20,000,000 principal amount of the Notes is entitled to take[.]"  SOMF ¶ 35.

On March 26, 2021, Safra Securities LLC ("SSL"), the custodian for Safra National Bank of New York and holder of record of the 2027 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that SSL, as the holder of the Notes before Clearstream Banking S.A. would be entitled to take[.]"  SOMF ¶ 36.

On March 18, 2021, Cede & Co., as nominee of The Depository Trust Company and holder of record of the 2035 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of the USD 69,150,000 principal amount of the Notes is entitled to take[.]"  SOMF ¶ 37.

## IV. This Action

Based on PDVSA's failures to perform and with authorization to exercise its rights, Syracuse filed this action for breach of contract against PDVSA on March 29, 2021.  SOMF ¶ 38.

Discovery in this matter lasted eighteen months and included two sets of document requests from PDVSA to Syracuse—pursuant to which Syracuse produced 219 responsive documents across seven productions—requests from PDVSA for third-party discovery from eleven international banks and institutions and four individuals, and depositions of six witnesses.  SOMF ¶¶ 39-42.

**ARGUMENT**

I. **Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Humphreys v. Cablevision Sys. Corp.*, 553 F. App'x 13, 14 (2d Cir. 2014); *Connolly v. Calvanese*, 515 F. App'x 62, 62 (2d Cir. 2013); *Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576, 580 (2d Cir. 1991).

Summary judgment is particularly appropriate for the resolution of debt claims like those here. *See, e.g.*, *Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guaranties . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.") (internal quotation marks and citation omitted); *Dvoskin v. Prinz*, 205 A.D.2d 661, 661, 613 N.Y.S.2d 654, 655 (2d Dep't 1994) ("A party establishes her prima facie entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon[.]") (citation omitted); *Chinatrust Bank (U.S.A.) v. Pinter*, No. 04 CV 5331 (SLT)(KAM), 2007 U.S. Dist. LEXIS 21265, at *11 (E.D.N.Y. Mar. 23, 2007) ("Under New York law, a plaintiff seeking to enforce an individual guaranty establishes its prima facie entitlement to summary judgment by demonstrating: (1) the execution of the agreements at issue and; (2) nonpayment thereunder.").

In order to defeat a motion for summary judgment, PDVSA "must do more than simply show that there is some metaphysical doubt as to the material facts . . . and they may not rely on

7

conclusory allegations or unsubstantiated speculation." *Hanwha Corp. v. Cedar Petrochemicals, Inc.*, 760 F. Supp. 2d 426, 430 (S.D.N.Y. 2011) (ellipses in original) (quoting *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005)). "Instead, the non-moving party must 'cit[e] to particular parts of materials in the record' to show that 'a fact . . . is generally disputed.'" *Wolfson v. Bruno*, 844 F. Supp. 2d 348, 353 (S.D.N.Y. 2011) (ellipses in original) (quoting Fed. R. Civ. P. 56(c)); *see, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (at summary judgment, "[t]he time has come . . . 'to put up or shut up'") (citation omitted). "While 'disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be counted.'" *Wolfson*, 844 F. Supp. 2d at 354 (alterations in original) (quoting *Anderson*, 477 U.S. at 248).

## II. PDVSA Waived Sovereign Immunity

PDVSA has explicitly and unconditionally waived sovereign immunity under Section 10.10(a) and (c) of each of the Indentures with respect to actions arising out of or based on the Indentures themselves, by holders of the Notes issued thereunder. SOMF ¶ 31. Therefore, PDVSA is not entitled to immunity under 28 U.S.C. § 1605-07 or under any otherwise applicable international agreement. *See Lovati v. Bolivarian Republic of Venezuela*, 19-CV-4793 (ALC), 2023 WL 2612456, at *3 n.4 (S.D.N.Y. Mar. 23, 2023) (finding similar language in bond issued by the Republic constituted an express waiver of sovereign immunity). In addition, PDVSA admitted in its Answer to the Complaint in this action "that it waived the defense of sovereign immunity to jurisdiction in the Indentures." SOMF ¶ 32.

### III.   PDVSA is in Breach of Contract for Defaulting on its Bond Obligations

New York law governs PDVSA's payment obligations concerning each of the Notes. SOMF ¶ 25. "'In New York, a bond is a contract . . . .'" *NML Cap., Ltd. v. Republic of Argentina*, 699 F.3d 246, 257-58 (2d Cir. 2012) (quoting *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 n.4 (2d Cir. 2009)); *see also MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 517 (S.D.N.Y.) ("A bond is, of course, a contract, and the obligations and rights of the parties are thus defined by the terms of the bond."), *aff'd*, 719 F. App'x 47 (2d Cir. 2017); *LG Capital Funding, LLC v. 5Barz Intl., Inc.*, 307 F. Supp. 3d 84, 94 (E.D.N.Y. 2018) ("The Note is a contract, and plaintiff's claim for failure to perform under it is a breach of contract claim."). As such, a claim for a breach of note obligations turns on a "simple question of contract interpretation." *NML Cap., Ltd.*, 699 F.3d at 258 (quoting *EM Ltd. v. Republic of Argentina*, 382 F.3d 291, 292 (2d Cir. 2004)); *see also Arch Ins. Co.*, 584 F.3d at 39 n.4 ("In New York, a bond is a contract and we therefore 'look to standard principles of contract interpretation to determine the rights and obligations of a surety under a bond.'") (quoting *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 51 (2d Cir. 2004)); *LG Capital Funding*, 307 F. Supp. 3d at 94 ("The Note is a contract, and plaintiff's claim for failure to perform under it is a breach of contract claim.").

To prevail on a motion for summary judgment based on PDVSA's non-payment of its notes obligations, Syracuse must therefore "prove the following elements: (i) the existence of a contract; (ii) breach by the other party; and (iii) damages suffered as a result of the breach." *Lovati v. Bolivarian Republic of Venezuela*, No. 19-CV-4793 (ALC), 2023 WL 2612456, at *3 (S.D.N.Y. Mar. 23, 2023) (citing *Mun. Cap. Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 390 (S.D.N.Y. 2002)); *see also Casa Express Corp. as Tr. of Casa Express Tr. v.*

9

*Bolivarian Republic of Venezuela*, 492 F. Supp. 3d 222, 230 (S.D.N.Y. 2020) (expressing same standard); *Contrarian Cap. Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, No. 19 CIV. 11018 (AT), 2020 WL 5849013, at *5 (S.D.N.Y. Oct. 1, 2020) (same). As set forth below, Syracuse has satisfied each of these three elements. Syracuse is therefore entitled to a finding on summary judgment that PDVSA is in breach of contract and should pay Syracuse for the outstanding interest on the 2021 Notes, 2022 Notes, 2026 Notes, 2027 Notes and 2035 Notes, interest on such interest running from the dates of the breached semi-annual payment obligations for those five Notes, and outstanding principal on the 2021 Notes and 2022 Notes.

### 1. *Syracuse and PDVSA are Parties to an Enforceable Contract*

Syracuse presented evidence establishing the existence of its contract with PDVSA through sworn testimony and account statements establishing that it owns the Notes. SOMF ¶¶ 9, 12, 15, 18, 21, 44; *see also Crespo v. Republic of Argentina*, No. 07 Civ. 11457 (TPG), 2015 WL 4998552, at *2 (S.D.N.Y. Aug. 21, 2015) (finding account statements to be sufficient proof of ownership for purposes of obtaining a judgment on bonds); *Mazzini v. Republic of Argentina*, No. 03 Civ. 8120TPG, 2005 WL 743090, at *4 (S.D.N.Y. Mar. 31, 2005) ("In most cases, a properly executed declaration and an account statement will be sufficient to prove that the bonds plaintiffs claim to own are in fact the bonds held in their accounts."), *aff'd*, 282 F. App'x 907 (2d Cir. 2008).

While Syracuse is not the registered holder of the Notes, it is authorized to bring suit pursuant to authorization letters from Cede & Co., the registered holder of the Notes and nominee of The Depository Trust Company under the Indentures, and from SSL, custodian of the 2027 Notes. SOMF ¶¶ 33-37. Syracuse therefore has standing to bring this suit. *See Allan*

*Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005); *Contrarian Cap. Mgmt.*, 2020 WL 5849013 at *4.

### 2. PDVSA Breached its Contractual Obligations

After the existence of the contract is established, the "initial question for the court on a motion for summary judgment with respect to a contract claim is whether the contract is unambiguous with respect to the question disputed by the parties." *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.*, 603 F.3d 169, 180 (2d Cir. 2010) (quoting *Law Debenture Tr. Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 465 (2d Cir. 2010)); *see also W.W.W. Assocs., Inc. v. Giancontieri*, 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443 (1990) ("A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms.").

PDVSA was required to make semi-annual interest payments on each of the five Notes. Under the terms of the Indenture governing the 2021 Notes, interest payments are to be made on a bi-annual basis at a rate of 9% on May 17 and November 17 of every year until the principal of the 2021 Notes is paid. SOMF ¶ 15-16. Under the terms of the Indenture governing the 2022 Notes, interest payments are to be made on a bi-annual basis at a rate of 12.75% on February 17 and August 17 of every year until the principal of the 2022 Notes is paid. SOMF ¶ 12-13. Under the terms of the Indenture governing the 2026 Notes, interest payments are to be made on a bi-annual basis at a rate of 6% on May 15 and November 15 of every year until the principal of the 2026 Notes is paid. SOMF ¶ 21-22. Under the terms of the Indenture governing the 2027 Notes, interest payments are to be made on a bi-annual basis at a rate of 5.375% on April 12 and October 12 of every year until the principal of the 2027 Notes is paid. SOMF ¶ 9-10. Under the terms of the Indenture governing the 2035 Notes, interest payments are to be made on a bi-

annual basis at a rate of 9.75% on May 17 and November 17 of every year until the principal of the 2035 Notes is paid.  SOMF ¶ 18-19.

PDVSA failed to make interest payments starting in late 2017 on each of the five Notes and has therefore breached its contractual obligations.  *See, e.g.*, *Mazzini*, 2005 WL 743090, at *4; *Lightwater Corp. v. Republic of Argentina*, Nos. 02 Civ. 3804 (TPG), 02 Civ. 3808 (TPG), 02 Civ. 5932 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003); *see also Chickpen, S.A. v. Bolivarian Republic of Venezuela*, No. 21 Civ. 597 (AT), 2022 WL 1684275, at *3 (S.D.N.Y. May 26, 2022) (entering default judgment against the Republic based on failure to make contractually-required bond payments).  Specifically:

- PDVSA failed to make interest payments on the 2021 Notes held by Syracuse owed on Nov. 17, 2017, May 17, 2018, Nov. 17, 2018, May 17, 2019, Nov. 17, 2019, May 17, 2020, Nov. 17, 2020, May 17, 2021, Nov. 17, 2021, May 17, 2022, Nov. 17, 2022 and May 17, 2023.  SOMF ¶ 26.

- PDVSA failed to make interest payments on the 2022 Notes held by Syracuse owed on Feb. 17, 2018, Aug. 17, 2018, Feb. 17, 2019, Aug. 17, 2019, Feb. 17, 2020, Aug. 17, 2020, Feb. 17, 2021, Aug. 17, 2021, Feb. 17, 2022, Aug. 17, 2022 and Feb. 17, 2023.  SOMF ¶ 26.

- PDVSA failed to make interest payments on the 2026 Notes held by Syracuse owed on Nov. 15, 2017, May 15, 2018, Nov. 15, 2018, May 15, 2019, Nov. 15, 2019, May 15, 2020, Nov. 15, 2020, May 15, 2021, Nov. 15, 2021, May 15, 2022, Nov. 15, 2022 and May 15, 2023.  SOMF ¶ 26.

- PDVSA failed to make interest payments on the 2027 Notes held by Syracuse owed on Apr. 12, 2018, Oct. 12, 2018, Apr. 12, 2019, Oct. 12, 2019, Apr. 12, 2020, and Oct. 12,

2020, Apr. 12, 2021, and Oct. 12, 2021, Apr. 12, 2022, Oct. 12, 2022 and Apr. 12, 2023. SOMF ¶ 26.

- PDVSA failed to make interest payments on the 2035 Notes held by Syracuse owed on Nov. 17, 2017, May 17, 2018, Nov. 17, 2018, May 17, 2019, Nov. 17, 2019, May 17, 2020, and Nov. 17, 2020, May 17, 2021, Nov. 17, 2021, May 17, 2022, Nov. 17, 2022 and May 17, 2023.  SOMF ¶ 26.

In addition, PDVSA failed to make principal payments on the 2021 Notes and 2022 Notes as follows:

- The 2021 Notes matured in equal installments on November 17, 2019, November 17, 2020 and November 17, 2021.  SOMF ¶ 24.  PDVSA failed to make the required principal payments to Syracuse on November 17, 2019, November 17, 2020 and November 17, 2021.  SOMF ¶ 28.

- The 2022 Notes matured in equal installments on February 17, 2020, February 17, 2021, and February 17, 2022, the final maturity.  SOMF ¶ 26.  PDVSA failed to make the required principal payments to Syracuse on February 17, 2020, February 17, 2021 and February 17, 2022.  SOMF ¶ 30.

Based on the above, PDVSA is in breach of the express terms governing each of the Notes.  *See Mazzini*, 2005 WL 743090, at *4; *Lightwater Corp.*, 2003 WL 1878420, at *2.

### 3. *Syracuse has been damaged by PDVSA's contractual breaches*

Based on PDVSA's breaches, Syracuse is entitled to a judgment in the amount of all accrued and unpaid interest, all statutory pre-judgment interest that has accrued on the missed interest payments running from the date of the breaches, and all due and unpaid principal payments.  More specifically, statutory interest at the rate of 9% under N.Y. CPLR §§ 5001(a)

13

and 5004 is recoverable on unpaid interest that came before and after the Notes' maturity dates. *See NML Cap.*, 17 N.Y.3d at 258, 928 N.Y.S.2d at 672-73; *NML Cap. v. Republic of Argentina*, 435 Fed. App'x 41, 42 (2d Cir. 2011); *Contrarian Cap. Mgmt.*, 2020 WL 5849013 *5. Numerous courts have found that similar showings of monetary damages resulting from a bond issuer's failure to pay satisfies a plaintiff's burden. *See e.g.*, *Contrarian Cap. Mgmt.*, 2020 WL 5849013, at *5; *Lovati*, 2023 WL 2612456, at *3. Syracuse's request for summary judgment and the calculations supporting that request are consistent with the foregoing authorities, by setting forth the amount owed as of September 1, 2023, together with a *per diem* interest amount that will run on the September 1, 2023 calculation in the event judgment issues at a later date. Those figures, as of September 1, 2023, which are based on the detailed calculations set forth in Exhibit 2 to the accompanying Declaration of Breno Cunha, are as follows:

| **SUMMARY OF DAMAGES** | | |
|---|---|---|
| A. 9.00% 2021 Notes, CUSIP no. P7807HAP0 | | $ 3,418,901.96 |
| Missed Coupon Payments | $ 1,080,000.00 | |
| Interest on Coupon Payments | $ 338,901.96 | |
| Missed Principal Payments | $ 2,000,000.00 | |
| B. 12.75% 2022 Notes, CUSIP no. P7807HAM7 | | $ 411,097,285.95 |
| Missed Coupon Payments | $ 150,172,687.50 | |
| Interest on Coupon Payments | $ 46,774,598.45 | |
| Missed Principal Payments | $ 214,150,000.00 | |
| C. 6.00% 2026 Notes, CUSIP no. P7807HAR6 | | $ 9,463,876.28 |
| Missed Coupon Payments | $ 7,200,000.00 | |
| Interest on Coupon Payments | $ 2,263,876.28 | |
| D. 5.375% 2027 Notes, SEDOL no. B1VX673 | | $ 10,713,720.19 |
| Missed Coupon Payments | $ 8,277,500.00 | |
| Interest on Coupon Payments | $ 2,436,220.19 | |
| E. 9.75% 2035 Notes, CUSIP no. P7807HAQ8 | | $ 53,146,746.49 |
| Missed Coupon Payments | $ 40,452,750.00 | |
| Interest on Coupon Payments | $ 12,693,996.49 | |
| **TOTAL** | | $ 487,840,530.87 |
| ***Per diem* interest** | | $ 51,086.20 |

**CONCLUSION**

For the foregoing reasons, the Court should grant Syracuse's motion for summary judgment and enter a judgment in its favor in the amount of all accrued and unpaid interest on the 2021 Notes, 2022 Notes, 2026 Notes, 2027 Notes and 2035 Notes, pre-judgment interest on the outstanding interest payments dating from PDVSA's persistent and uncured defaults beginning in 2017 for all five Notes, and due and unpaid principal on the 2021 Notes and 2022 Notes.

Dated: September 1, 2023

                                      Respectfully submitted,

                                      HUGHES HUBBARD & REED LLP

                                      /s/
                                    Daniel H. Weiner
                                    One Battery Park Plaza
                                    New York, NY 10004
                                    Tel: 212-837-6000
                                    Fax: 212-422-4726
                                    Email: daniel.weiner@hugheshubbard.com

                                    Michael A. DeBernardis (admitted *pro hac vice*)
                                    Shayda Vance
                                    1775 I Street, N.W.
                                    Washington, D.C. 2006-2401
                                    Tel: 202-721-4678
                                    Fax: 202-729-4678
                                    Email: michael.debernardis@hugheshubbard.com
                                    Email: shayda.vance@hugheshubbard.com

                                    *Counsel for Plaintiff Syracuse Mountains Corporation*