UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYRACUSE MOUNTAINS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PETRÓLEOS DE VENEZUELA, S.A.<br><br>Defendant. | Case No.: 1:21-cv-02684-VEC<br><br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LOCAL CIV. R. 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S <u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Defendant Petróleos de Venezuela S.A. submits this response to Plaintiff Syracuse Mountains Corporation's statement of material facts in support of Syracuse's motion for summary judgment. This response is solely for the purpose of Syracuse's motion for summary judgment, and nothing herein shall be deemed an admission of fact for any other purpose.[1]

**I.    The Parties**

1.    Plaintiff Syracuse Mountains Corporation ("Syracuse") is a company incorporated under the laws of Panama. Declaration of Shayda Vance in Support of Plaintiff's Motion for Summary Judgment ("Vance Decl.") ¶ 2, Ex. 1 ¶ 4; Declaration of Breno Cunha in Support of Plaintiff's Motion for Summary Judgment ("Syracuse Decl.") ¶ 4.

**PDVSA Response 1**:  Undisputed.

2.    Syracuse was formed in November 2020 by several companies that owned notes

---

[1] Without accepting Syracuse's defined terms, for the sake of clarity, PDVSA will use Syracuse's defined terms for the purposes of this response.

1

issued by Defendant Petróleos de Venezuela S.A. ("PDVSA") prior to PDVSA's default. Syracuse Decl. ¶ 4.

**PDVSA Response 2:** Disputed to the extent Syracuse claims that the companies that formed Syracuse owned all of the notes underlying this litigation prior to any alleged PDVSA default. *See* Broughel Opp. Decl. Ex. 31 at SM000696 (indicating Albany Investment Capital Ltd. *purchased* a face value of $35 million in notes on the secondary market for $1.225 million on November 16, 2020); Broughel Opp. Decl. Ex. 32 at SM000717 (indicating Albany Investment Capital Ltd. *purchased* a face value of $22.5 million in notes on the secondary market for $787,500 on November 13, 2020). Further disputed to the extent Syracuse claims that Syracuse was formed prior to PDVSA's alleged default—Syracuse was in fact formed *after* PDVSA allegedly defaulted on all of the Notes. *See* supra ¶ 1 (Syracuse formed in November 2020); *infra* ¶ 26 (first purported default on November 15, 2017). Otherwise, undisputed.

3. Those companies transferred their notes to Syracuse in exchange for a pro rata shareholding. Syracuse Decl. ¶ 4; Vance Decl. ¶ 14, Ex. 13 at 122:7-122:17.

**PDVSA Response 3:** Undisputed that the companies *attempted* to transfer their notes to Syracuse in exchange for a pro rata shareholding in Syracuse, but disputed that they did transfer the notes as the transfer is void. *See* PDVSA's Motion for Summary Judgment (ECF Nos. 128-34) ("PDVSA's Motion") (transfer of Notes violates champerty law and therefore void).

4. Defendant PDVSA is a capital stock corporation organized under the laws of the Bolivarian Republic of Venezuela (the "Republic"), majority-owned by the Republic. Vance Decl. ¶ 2, Ex. 1 ¶ 5; ¶ 8, Ex. 7 ¶ 5.

**PDVSA Response 4:** Undisputed.

5. The Republic is a Foreign State as defined in 28 U.S.C. § 1603. Vance Decl. ¶ 2,

Ex. 1 ¶ 5; ¶ 8, Ex. 7 ¶ 5.

**PDVSA Response 5:** This is a legal conclusion rather than a statement of fact. Regardless, PDVSA does not dispute this legal conclusion.

6. PDVSA is therefore an agency or instrumentality of a Foreign State, as defined in 28 U.S.C. § 1603. Vance Decl. ¶ 2, Ex. 1 ¶ 5; ¶ 8, Ex. 7 ¶ 5.

**PDVSA Response 6:** This is a legal conclusion rather than a statement of fact. Regardless, PDVSA does not dispute this legal conclusion.

## II. The Notes

7. PDVSA issued notes pursuant to a series of indentures dated April 12, 2007 (the "2007 Indenture"), February 17, 2011 (the "February 2011 Indenture"), November 17, 2011 (the "November 2011 Indenture"), May 17, 2012 (the "2012 Indenture"), and November 15, 2013 (the "2013 Indenture") (collectively the "Indentures"). Vance Decl. ¶¶ 3-7, Exs. 2-6; Syracuse Decl. ¶ 6.

**PDVSA Response 7:** Undisputed, except to the extent Syracuse has not provided admissible evidence sufficient to support its statement regarding the 2007 Indenture, as Syracuse submits a draft unexecuted version. Vance Decl. Ex. 2 at Cover Page ("Draft April 6, 2027") & 54 (unexecuted).

8. The 2007 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, The Bank of New York, as trustee, registrar and principal paying agent, and The Bank of New York (Luxembourg) S.A., as Luxembourg listing agent and paying agent. Vance Decl. ¶ 3, Ex. 2; Syracuse Decl. ¶ 7.

**PDVSA Response 8:** Syracuse has not provided admissible evidence sufficient to support this statement regarding the 2007 Indenture, as Syracuse submits a draft unexecuted

3

version.  Vance Decl. Ex. 2 at Cover Page ("Draft April 6, 2027") & 54 (unexecuted).

9. Syracuse is the beneficial owner of Notes issued under the 2007 Indenture with the SEDOL number B1VX673, in the principal amount $28,000,000.00 bearing interest at a rate of 5.375% per year and a final maturity date of April 12, 2027 ("2027 Notes").  Vance Decl. ¶ 3, Ex. 2 p. 17; ¶ 14, Ex. 13 at 104:25-105:22, 110:18-111:10; Syracuse Decl. ¶¶12-14; ¶ 13, Ex. 1 pp. 3-4.

**PDVSA Response 9:**  Disputed that Syracuse is the beneficial owner of the Notes.  *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void).  Otherwise undisputed.

10. Interest on the 2027 Notes is payable semi-annually on April 12 and October 12 until the principal is paid.  Vance Decl. ¶ 3, Ex. 2 p. 17.

**PDVSA Response 10:**  Undisputed.

11. The February 2011 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, Wilmington Trust Company, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Dexia Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent.  Vance Decl. ¶ 4, Ex. 3; Syracuse Decl. ¶ 8.

**PDVSA Response 11:**  Undisputed.

12. Syracuse is the beneficial owner of Notes issued under the February 2011 Indenture with the CUSIP number P7807HAM7, in the principal amount $214,150,000.00 bearing interest at a rate of 12.75% per year and a final maturity date of February 17, 2022 ("2022 Notes").  Vance Decl. ¶ 4, Ex. 3 p. 18; ¶ 14, Ex. 13 at 104:25-105:22, 110:18-111:10; Syracuse Decl. ¶¶12-14; ¶ 13, Ex. 1 pp. 2-3.

**PDVSA Response 12:** Disputed that Syracuse is the beneficial owner of the Notes. *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void). Otherwise undisputed.

13. Interest on the 2022 Notes is payable semi-annually on February 17 and August 17 until the principal is paid. Vance Decl. ¶4, Ex. 3 p. 18.

**PDVSA Response 13:** Undisputed

14. The November 2011 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, Wilmington Trust Company, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Dexia Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent. Vance Decl. ¶ 5, Ex. 4; Syracuse Decl. ¶ 9.

**PDVSA Response 14:** Undisputed.

15. Syracuse is the beneficial owner of Notes issued under the November 2011 Indenture with the CUSIP number P7807HAP0, in the principal amount $2,000,000.00 bearing interest at a rate of 9.00% per year and a final maturity date of November 17, 2021 ("2021 Notes"). Vance Decl. ¶ 5, Ex. 4 p. 18; ¶ 14, Ex. 13 at 104:25-105:22, 110:18-111:10; Syracuse Decl. ¶¶ 12-14; ¶ 13, Ex. 1 p. 2.

**PDVSA Response 15:** Disputed that Syracuse is the beneficial owner of the Notes. *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void). Otherwise undisputed.

16. Interest on the 2021 Notes is payable semi-annually on May 17 and November 17 until the principal is paid. Vance Decl. ¶ 5, Ex. 4 p. 18.

**PDVSA Response 16:** Undisputed

17. The 2012 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, Wilmington Trust Company, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent.  Vance Decl. ¶ 6, Ex. 5; Syracuse Decl. ¶ 10.

**PDVSA Response 17:**  Undisputed.

18. Syracuse is the beneficial owner of Notes issued under the 2012 Indenture with the CUSIP number P7807HAQ8, in the principal amount $69,150,000.00 bearing interest at a rate of 9.75% per year and a final maturity date of May 17, 2035 ("2035 Notes").  Vance Decl. ¶ 6, Ex. 5 p. 18; ¶ 14, Ex. 13 at 104:25-105:22, 110:18-111:10; Syracuse Decl. ¶¶ 12-14; ¶ 13, Ex. 1 p. 4.

**PDVSA Response 18:**  Disputed that Syracuse is the beneficial owner of the Notes.  *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void).  Otherwise undisputed.

19. Interest on the 2035 Notes is payable semi-annually on May 17 and November 17 until the principal is paid.  Vance Decl. ¶ 6, Ex. 5 p. 18.

**PDVSA Response 19:**  Undisputed.

20. The 2013 Indenture was entered into by and among PDVSA, PDVSA Petróleo S.A., as guarantor, Law Debenture Trust Company of New York, as trustee, Citibank, N.A., as registrar, transfer agent and principal paying agent, and Banque Internationale à Luxembourg, Société Anonyme, as Luxembourg listing agent and paying agent.  Vance Decl. ¶ 7, Ex. 6; Syracuse Decl. ¶ 11.

**PDVSA Response 20:**  Undisputed.

21. Syracuse is the beneficial owner of Notes issued under the 2013 Indenture with

6

the CUSIP number P7807HAR6, in the principal amount $20,000,000.00 bearing interest at a rate of 6.00% per year and a final maturity date of November 15, 2026 ("2026 Notes").  Vance Decl. ¶ 7, Ex. 6 pp. 18-19; ¶ 14, Ex. 13 at 104:25-105:22, 110:18-111:10; Syracuse Decl. ¶¶ 12-14; ¶ 13, Ex. 1.

**PDVSA Response 21:**  Disputed that Syracuse is the beneficial owner of the Notes.  *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void).  Otherwise undisputed.

22.   Interest on the 2026 Notes is payable semi-annually on May 15 and November 15 until the principal is paid.  Vance Decl. ¶7, Ex. 6 pp. 18-19.

**PDVSA Response 22:**  Undisputed.

23.   Syracuse has not sold any of the five Notes since the filing of this lawsuit.  Vance Decl. ¶ 14, Ex. 13 at 31:3-5; Vance Decl. ¶ 15, Ex. 14 at 46:24-47:2.

**PDVSA Response 23:**  Undisputed.

24.   Syracuse is not aware of any claims that the five Notes are unenforceable or invalid, that Syracuse's acquisition of the Notes was not valid, nor is there any dispute over ownership between Syracuse and another entity.  Vance Decl. ¶ 14, Ex. 13 at 144:3-145:17.

**PDVSA Response 24:**  Disputed.  Syracuse has been aware since at least April 1, 2022 that PDVSA asserts Syracuse's acquisition of the Notes was invalid and void.  *See* PDVSA's Letter to Court (ECF No. 76) (seeking leave to amend answer to include affirmative defense of champerty); *see also* PDVSA's Motion (transfer of Notes violates champerty law and therefore void).

25.   Under section 10.03 of each of the Indentures, New York law governs PDVSA's payment obligations concerning each of the five Notes.  Vance Decl. ¶¶ 3-7, Exs. 2-6.

**PDVSA Response 25:**  Disputed to the extent Syracuse has not provided admissible evidence sufficient to support this statement regarding the 2007 Indenture, as Syracuse submits a draft unexecuted version.  Vance Decl. Ex. 2 at Cover Page ("Draft April 6, 2027") & 54 (unexecuted).  Otherwise, undisputed.

26. Beginning in late 2017, PDVSA stopped making interest payments on the Notes when due.  Specifically, PDVSA has failed to make the following interest payments required by the Note terms:

| | | |
|---|---|---|
| i. | 9.00% 2021 Notes: | Nov. 17, 2017, May 17, 2018, Nov. 17, 2018, May 17, 2019, Nov. 17, 2019, May 17, 2020, Nov. 17, 2020, May 17, 2021, Nov. 17, 2021, May 17, 2022, Nov. 17, 2022, and May 17, 2023 |
| ii. | 12.75% 2022 Notes: | Feb. 17, 2018, Aug. 17, 2018, Feb. 17, 2019, Aug. 17, 2019, Feb. 17, 2020, Aug. 17, 2020, Feb. 17, 2021, Aug. 17, 2021, Feb. 17, 2022, Aug. 17, 2022, and Feb. 17, 2023 |
| iii. | 6.00% 2026 Notes: | Nov. 15, 2017, May 15, 2018, Nov. 15, 2018, May 15, 2019, Nov. 15, 2019, May 15, 2020, Nov. 15, 2020, May 15, 2021, Nov. 15, 2021, May 15, 2022, Nov. 15, 2022, and May 15, 2023 |
| iv. | 5.375% 2027 Notes: | Apr. 12, 2018, Oct. 12, 2018, Apr. 12, 2019, Oct. 12, 2019, Apr. 12, 2020, and Oct. 12, |

|   |   |   |
|---|---|---|
|   |   | 2020, Apr. 12, 2021, and Oct. 12, 2021, Apr. 12, 2022, and Oct. 12, 2022, and Apr. 12, 2023 |
| v. | 9.75% 2035 Notes: | Nov. 17, 2017, May 17, 2018, Nov. 17, 2018, May 17, 2019, Nov. 17, 2019, May 17, 2020, and Nov. 17, 2020, May 17, 2021, Nov. 17, 2021, May 17, 2022, Nov. 17, 2022, and May 17, 2023 |

Syracuse Decl. ¶ 15; Vance Decl. ¶ 14, Ex. 13 at 143:19-144:2, 145:18-146:5.

**PDVSA Response 26:** Disputed as to the characterization that "PDVSA stopped making interest payments" but undisputed that PDVSA did not make the payments listed.

27. The 9.00% 2021 Notes mature in equal installments on November 17, 2019, November 17, 2020, and November 17, 2021. Syracuse Decl. ¶ 16; Vance Decl. ¶ 5, Ex. 4 pp. 18-19.

**PDVSA Response 27:** Undisputed.

28. PDVSA has failed to make the required principal payments on the 9.00% 2021 Notes to Syracuse on November 17, 2019, November 17, 2020, and November 17, 2021. Syracuse Decl. ¶16.

**PDVSA Response 28:** Undisputed.

29. The 12.75% 2022 Notes mature in equal installments on February 17, 2020, February 17, 2021, and February 17, 2022. Syracuse Decl. ¶ 17; Vance Decl. ¶ 4, Ex. 3 p. 18.

**PDVSA Response 29:** Undisputed.

30. PDVSA failed to make the required principal payments on the 12.75% 2022

9

Notes to Syracuse on February 17, 2020, February 17, 2021, and February 17, 2022.  Syracuse Decl. ¶ 17.

**PDVSA Response 30:**  Undisputed.

### III.   Waiver of Sovereign Immunity

31. PDVSA has explicitly and unconditionally waived sovereign immunity under Section 10.10(a) and (c) of each of the Indentures with respect to actions arising out of or based on the Indentures themselves, by holders of the Notes issued thereunder.  Vance Decl. ¶¶ 3-7, Exs. 2-6.

**PDVSA Response 31:**  Disputed to the extent Syracuse has not provided admissible evidence sufficient to support this statement regarding the 2007 Indenture, as Syracuse submits a draft unexecuted version.  Vance Decl. Ex. 2 at Cover Page ("Draft April 6, 2027") & 54 (unexecuted).  Otherwise, undisputed.

32. PDVSA also admitted in its Answer to the Complaint "that it waived the defense of sovereign immunity to jurisdiction in the Indentures[.]"  Vance Decl. ¶ 8, Ex. 7 at ¶ 6.

**PDVSA Response 32:**  Disputed.  PDVSA objects to Syracuse's reliance on PDVSA's original answer, rather than PDVSA's operative amended answer, dated April 4, 2022 (ECF No. 79).

### IV.   Authorization to Sue

33. On March 18, 2021, Cede & Co., as nominee of The Depository Trust Company and holder of record of the 2021 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of the USD 2,000,000 principal amount of the Notes is entitled to take[.]"  Vance Decl. ¶9, Ex. 8.

**PDVSA Response 33:** Undisputed that Cede & Co. issued this authorization. Disputed that Syracuse has standing to exercise any right or remedies. *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void).

34. On March 18, 2021, Cede & Co., as nominee of The Depository Trust Company and holder of record of the 2022 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of the USD 214,150,000 principal amount of the Notes is entitled to take[.]" Vance Decl. ¶ 10, Ex. 9.

**PDVSA Response 34:** Undisputed that Cede & Co. issued this authorization. Disputed that Syracuse has standing to exercise any right or remedies. *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void).

35. On March 18, 2021, Cede & Co., as nominee of The Depository Trust Company and holder of record of the 2026 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of the USD 20,000,000 principal amount of the Notes is entitled to take[.]" Vance Decl. ¶ 11, Ex. 10.

**PDVSA Response 35:** Undisputed that Cede & Co. issued this authorization. Disputed that Syracuse has standing to exercise any right or remedies. *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void).

36. On March 26, 2021, Safra Securities LLC ("SSL"), the custodian for Safra National Bank of New York and holder of record of the 2027 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that SSL, as the holder of the Notes before Clearstream Banking S.A. would be entitled

to take[.]" Vance Decl. ¶ 12, Ex. 11.

**PDVSA Response 36:**  Undisputed that SSL issued this authorization.  Disputed that Syracuse has standing to exercise any right or remedies.  *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void).

37. On March 18, 2021, Cede & Co., as nominee of The Depository Trust Company and holder of record of the 2035 Notes, provided written authorization permitting Syracuse "to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of the USD 69,150,000 principal amount of the Notes is entitled to take[.]" Vance Decl. ¶ 13, Ex. 12.

**PDVSA Response 37:**  Undisputed that Cede & Co. issued this authorization.  Disputed that Syracuse has standing to exercise any right or remedies.  *See* PDVSA's Motion (transfer of Notes violates champerty law and therefore void).

**V.     This Action**

38. Syracuse filed this action to enforce its contractual rights on March 29, 2021. Vance Decl. ¶ 2, Ex. 1.

**PDVSA Response 38:**  Undisputed that the complaint was filed on March 29, 2021.  Disputed that Syracuse has any contractual rights to enforce.  *See* PDVSA's Motion (transfer of Notes violates chaperty law and therefore void).

39. Discovery in this matter lasted eighteen months. Vance Decl. ¶ 16.

**PDVSA Response 39:**  PDVSA objects that this fact is not "material" to Syracuse's motion.  Otherwise, PDVSA does not dispute this statement, but directs the Court to the docket for the extensive history of discovery concerning international letters of request and the champertous transfers of notes to Syracuse, along with Syracuse's dilatory productions of

responsive documents. *See* Joint Letter Regarding Discovery Deadline (ECF No. 100) (detailing discovery history of case and explaining need to extend December 31, 2022 discovery deadline given Syracuse's untimely production of documents responsive to requests made back in December 2021).

40. Discovery in this matter included two sets of document requests from PDVSA to Syracuse—pursuant to which Syracuse produced 219 responsive documents across seven productions. Vance Decl. ¶ 16.

**PDVSA Response 40:** PDVSA objects that this fact is not "material" to Syracuse's motion. Otherwise, undisputed.

41. Discovery in this matter also included requests from PDVSA for third-party discovery from eleven international banks and institutions and four individuals. Vance Decl. ¶ 16.

**PDVSA Response 41:** PDVSA objects that this fact is not "material" to Syracuse's motion. Otherwise, undisputed.

42. Discovery in this matter also included the taking of six depositions by PDVSA. Vance Decl. ¶16.

**PDVSA Response 42:** PDVSA objects that this fact is not "material" to Syracuse's motion. Otherwise, undisputed.

Dated: September 29, 2023  
New York, New York

**PAUL HASTINGS LLP**

*s/ Kurt W. Hansson*
Kurt W. Hansson
Kevin P. Broughel
James L. Ferguson
Zachary D. Melvin
200 Park Avenue
New York, New York 10166
Telephone: 212-318-6000
Facsimile: 212-319-4090
kurthansson@paulhastings.com
kevinbroughel@paulhastings.com
jamesferguson@paulhastings.com
zacharymelvin@paulhastings.com

*Counsel for Defendant Petróleos de Venezuela, S.A.*